1  IVAN RENE MOORE
   1236  Redondo Boulevard
2  Los Angeles, CA 90019
   (323) 932-9439
3

4  Ivan Rene Moore
   Appellant In Pro Se

FILED
CLERK, U.S. DISTRICT COURT

JAN 17, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY:____JG____DEPUTY

6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10  IN RE
    DEBTOR KIMBERLEY MARTIN
11  BRAGG

12  Adversary Complainant

13  IVAN RENE MOORE., an individual
14                    Plaintiff,

15
    v.
16

17  Adversary Defendants
    KIMBERLEY MARTIN BRAGG an
18  individual
    GEORGE BARBOUR an individual
19  THE LAW OFFICES OF THOMASINA
    REED THOMASINA REED an individual
20

21  et al; and DOES 1 through 10, inclusive

22                    Defendants.

23

24

)  Case No.: 2:22-CV- 03758 GW
)  Bankruptcy Case Number
)  2:16-bk-22878 BR
)  Adversary Case Number
)  2:22-ap-01058
)
)  PLAINTIFF APPELLANT MOORE'S
)  OPPOSITION/ OBJECTIONS TO
)  VEXATIOUS NOTICE FILED BY
)  DEFENDANTS; MEMORANDUM OF
)  POINTS AND AUTHORITIES;
)  DECLARATION OF IVAN RENE
)  MOORE; PROOF OF SERVICE
)
)  Hearing Date: N/A
)  Court room: 9D
)  350 West 1st Street Los Angeles, Ca 90012
)  Judge:  Hon.  George H. Wu

COPY

25

26  **TO THE HONORABLE COURT AND TO ALL PARTIES:**

27       NOTICE is hereby given that Plaintiff/ Appellant Ivan Rene Moore files his oppositions

28  and objections to the vexatious notice filed by the defendants/Appellees in this matter.

1   The notice filed by the Defendant on 1/10/2023 Dkt 15, is unconvincing and based upon

2   total Bad Faith and fraud by the Defendants in an efforted to mislead this Honorable Court to gain

3   an unfair advantage by deception, falsities, and misstatements of the facts regarding previous court

4   ruling that are now moot with no force or effect.

5       Additionally this Plaintiff/ Appellant Mr. Moore's Notice, objections and oppositions  will

6   include Memorandum of Points and Authorities and supporting and relevant Case law; the

7   Declaration of Ivan Rene Moore, and the Exhibit(s) attached herein; the files in this matter and in

8
9   Cases, **2:17-cv-04828-ODW, 2:16-bk-22878-BR and 2:14-bk-15698-ER** also any oral argument

10  made at a hearing, if any regarding and related to in this matter.

11

12  Respectfully Submitted

13  Dated: January 17th, 2023

14
15  _____
    Ivan Rene Moore
16  In Pro Se

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

**INTRODUCTION**

This Vexatious Notice that was filed by the Defendant is nothing more than a smoke screen and an effort to delay, thwart and or deprive this Plaintiff/Appellant of due-process and justice under the law. Judge Otis Wrights order has nothing to do with the Defendant Kimberly Martin Bragg (hereinafter) Martin-Bragg. Judge Otis Wrights order clearly states that it concerns the purported rights of Wells Fargo Bank not the Defendants in this action Martin-Bragg. Judge Wright order further allowed a State Court action against this Defendant regarding personal property rights to be decided in the State Court.

**JUDGE WRIGHTS COURT ORDER ENTERS THE FOLLOWING PRE-FILING ORDER AGAINST PLAINTIFF STATES**

Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Resident…….(See Exhibit A)

The present pending action before this Honorable Court is regarding the defendant's wilful Bankruptcy Fraud, filing false Bankruptcy Petition and filing false bankruptcy schedules, false declarations, and concealment of millions of dollars of assets. Including but not limited to wilful violation of a valid State Court orders and many other nefarious unlawful acts committed by these Defendants including the debtor Martin-Bragg.

3

1   These unlawful schemes were concocted, arranged, and implemented by these defendants

2   and others to obtain a discharge by fraud in Bankruptcy Court and the cover-up of the unlawful

3   taking of millions of dollars in asset including personal property, Bearer Bonds, Gold Bars and

4   coins, Oil Right agreements, real property agreements family heirlooms, over 400 copyright

5
    certificate, master recordings of Michael Jackson, Prince, the Notorious Big and many well-
6
    known recording artists, family Trust agreements, etc. All the aforementioned fraud that is
7
8   clearly in violation of the rules and guidelines set forth by the United States Congress and the

9   Bankruptcy rules and the Federal Rules of Court.

10                      **MEMORANDUM OF POINTS AND AUTHORITIES**

11      The Ninth Circuit has outlined four requirements before a District Court may enter a

12  prefiling order. The fourth requirement states: The Vexatious litigant order must be narrowly
13
    tailored to closely fit the specific vice encountered. (**Please See De Long v. Hennessey, 912 F.2d**
14
15  **1144, 1146 (9th Cir.1990)**

16      This Defendant Martin-Bragg also attempted many times have argued in the bankruptcy

17  court that Judge Wrights ruling was controlling in the Bankruptcy Court, and Judge Wrights Order

18  had control and effect on the Bankruptcy actions.

19      On May 10th, 2022, for the third or fourth time a hearing was held on the vexatious issue

20  and other issues in the Bankruptcy Court in case In Re Kimberly Martin Bragg **2:16-bk-22878-**
21
22  **BR., Judge Russell presiding.**

23      Judge Russell overruled the Defendant's Martin-Braggs outlandish and baseless

24  arguments regarding Judge Wrights May 17th, 2018, Order.

25      //

26      //

27      //

28

                                            4

**BANKRUPTCY HEARING TRANSCRIPT MAY 10TH 2022 JUDGE BARRY**

**RUSSELL PRESIDING:**

**THE COURT: Well, that's what Judge Wright said.**

**MR. SCHUMAN**: That's right. Stop suing about the same personal property. It's not just a vexatious litigant suing a lot, it's a vexatious litigant suing over and over again about the same property.

**THE COURT**: I understand that. We had a conversation last time. I was quite surprised by your response. **You argue in your papers, which I disagree with, that the district court's vexatious litigant applies here. IT JUST DOES NOT. (See Exhibit B)** (*Bankruptcy Hearing Transcripts hearing May 10th 2022)*

Again, it was perfectly clear to Judge Russell that Judge Wrights order issued on May 17th, 2018, the Prefiling order had nothing to do with the Bankruptcy issues. Judge Otis Wright's order had nothing to do with Martin Bragg and only the Wells Fargo Bank issues. These Defendant's including Martin-Bragg are desperate people doing desperate things to maintain their attempted coverup of their fraud and ongoing fraud.

These Defendants have consistently without lawful reasoning in violation of the federal rules of court have attempted to hinder, obstruct and delay this lawful process. These defendants are using the various Courts to hinder delay the process while this Defendants fences, hypothecate stolen property valued in the millions of dollars. This is being done to maintain their lavish lifestyle at the cost of others. Defendant Martin-Bragg and her agents and representatives are in total violation of a Los Angeles Superior Court Judges Order.

5

1    This Court should also be aware that the Wells Fargo Judgement and liens against Moore

2    and the Moore corporations have been discharged years ago by Judge Martin Barash on June 5th

3    2020 in case 1:17-bk-12071-MB. Therefore, this issue is moot with no controversy.

4    Additionally, there is clear fraud by these defendants including Martin-Bragg and clear

5    wilful misrepresentation under the penalty of perjury to the various Courts regarding assets that

6    were knowingly in the defendant's Martin Bragg possession and control.

7

8        1.  Bragg stated under oath and under the penalty of perjury to the Los Angeles Superior

9            Court Judge that she had no knowledge of the property in question and all the personal

10           property was in the possession and control of Wells Fargo Bank. This was clearly a

11           wilful false statement under penalty of perjury to a Judicial officer of the court in

12           violation of the law and in violation of a valid Court order **(See Exhibit C)**

13       2.  The Los Angeles Superior Court issued a Writ of Possession based on the information

14           that Defendant/ Debtor Martin-Bragg was selling assets she was ordered to return.

15           **(See Exhibit D)**

16

17       3.  On July 7th, 2021, the Los Angeles Sherriff's Department raided the resident of this

18           defendant Martin-Bragg and found assets related to Judge Rosenblatt's order that

19           included Automobiles, personal property and legal documents and many very

20           valuable one of a kind items. **(See Exhibit E/F)**

21

22                                    **ARGUMENT**

23       There isn't any possible way that Judge Otis Wright's Order was ever meant to **Aid and**

24   **Abet** criminal behavior and Fraud and or **Aid and Abet** nefarious unlawful behavior and conduct

25   in the theft of Millions of Dollars of others personal property. Again, this property was ordered to

26   be returned by a Los Angeles Superior Court Judge.

27

28

                                           6

1    Also, after an extremely lengthy Appellant process and review of the prior Los Angeles

2    Superior Court's ruling on September 8th, 2017, was unanimously affirmed by the California Court

3    of Appeal for the Second District Case No. B276366. **(See Exhibit G)**

4        This Court should be aware that Defendant Martin-Bragg argued in her at trial and in her

5    appeal to the California Court of Appeal that all the personal property in question belongs to her

6    Martin-Bragg only.

7

8

9                                    **CONCLUSION**

10       For the reasons stated herein, this Plaintiff/Appellant in this action respectfully request that

11   this Honorable Court disregard, ignored the Notice of Vexatious filed by the defendants in this

12   action which is nothing more than a smoke screen to thwart hinder and further delay this lawful

13   process. This is a case that cries out for District Court judicial review that will move this action to

14   a lawful and final conclusion as a matter of fairness and equal justice under the law.

15

16

17       Dated: January 17th, 2023


                                    IVAN RENE MOORE
18                                  Appellant in Pro Se

19

20

21

22

23

24

25

26

27

28

                                        7

## DECLARATION OF IVAN RENE MOORE

I, IVAN RENE MOORE, declare:

    1. I am the Appellant in this action and have personal knowledge of the following.

    2. I have been personally present at various hearings where the Defendants have argued that Judge Otis Wrights May 17th, 2018, was controlling over bankruptcy court and action.

    3. The Bankruptcy Court Judge Russell consistently overruled the Defendants baseless arguments regarding Judge Otis Wright's May 17th, 2018, Pre filing Order.

    4. At the various bankruptcy hearings Judge Russell often called the defendants analysis of Judge Wrights prefiling order was **completely incorrect**.

    5. Judge Russell stated that the federal vexatious ruling must be very narrowly defined to the incident in question.

    6. This filing by the defendants in this action is nothing more than an attempt to hinder and delay this lawful process.

    7. All of the exhibits are true and correct copies of the original documents.

    8. This Plaintiff/Appellant respectfully requests this Honorable Courts disregard and or ignore the notice filed by the Defendant in this action docket no.15 filed on 1/10/2023.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    DATED:  January 17th, 2023

                          IVAN RENE MOORE
                          Appellant in Pro Se

8

1

## PROOF OF SERCVICE

2          I, the undersigned, declare that I am employed in the city of Los Angeles, California.

3      I am over the age of eighteen (18) years and I am not a party to the within action.

4          **On January 17th 2023, I served the following document:**

5      **PLAINTIFF APPELLANT MOORE'S OPPOSITION/ OBJECTIONS TO VEXATIOUS NOTICE FILED BY DEFENDANTS; MEMORANDUM OF POINTS AND**

6      **AUTHORITIES; DECLARATION OF IVAN RENE MOORE; PROOF OF SERVICE**

7

8      On the party listed below:

9                            **SEE ATTACHED SERVICE LIST**

10     [X]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business

11     practices.

12     [ ]   BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to

13     the address(es) noted above.

14     [X]   STATE- I declare under the penalty of perjury under the laws of the State of California that

15     the foregoing is true and correct.

16     [ ]   FEDERAL- I declare that I am employed in the office of a member of the bar of this court

17     at whose direction the service was made.

18

19     **DATED: January 17th 2023**

20                                        Respectfully submitted,

21

22

23                                        Devra Allen

24

25

26

27

28

9

1

**CERTIFICATE OF MAILING**

2

3    I hereby certified that on this 17th day of January   2023, I placed a true and correct copy of

4    the foregoing:

5    **PLAINTIFF APPELLANT MOORE'S OPPOSITION/ OBJECTIONS TO VEXATIOUS**
     **NOTICE FILED BY DEFENDANTS; MEMORANDUM OF POINTS AND**

6    **AUTHORITIES; DECLARATION OF IVAN RENE MOORE; PROOF OF SERVICE**

7    in the United States mail, postage prepaid, addressed to parties on the attached list:

8                          **SEE ATTACHED SERVICE LIST**

9

10   Respectfully Submitted

11

12   _____
     Ivan Rene Moore

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

**Steven A. Schuman**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024-3936**
**Attorney for**
**Kimberley Martin Bragg and all other defendants**


**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

# EXHIBIT

# A

1      (7) A pre filing Order shall be issued as set forth below; and

2      (8) Judgment shall be entered dismissing this action consistent with the

3          foregoing.

4  **PRE-FILING ORDER**

5      The Court enters the following Pre-Filing Order against Plaintiff:

6      (1) Any case-initiating pleading submitted by Plaintiff must be screened to

7      determine if does any of the following: seeks to raise any of the claims

8      alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise

9      seeks to challenge in any way – whether directly or indirectly – Wells Fargo's

10     $7.1 million judgment lien or Wells Fargo's right to levy and sell personal

11     property of Moore and the other Judgment Debtors; or seeks to litigate

12     ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065

13     ("Shenandoah Residence") or the personal property at the Shenandoah

14     Residence.

15     (2) Any case-initiating pleading submitted by Plaintiff raising any such

16     matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant

17     status and therefore will not be filed unless:  Plaintiff concurrently submits a

18     motion seeking leave to file the pleading that sets forth adequate justification

19     for its filing and the initiation of the new case; and a District Judge or

20     Magistrate Judge of this Court grants such leave and directs that the pleading

21     be filed and the new case be initiated.

22     (3) To effectuate this Pre-Filing Order, the Clerk of the Court:  shall no

23     longer file any case-initiating pleading of any type submitted by Plaintiff

24     without first obtaining written authorization of a District Judge or Magistrate

25     Judge of this Court; and shall present any case-initiating pleading of any type

26     proffered by Plaintiff first to a District Judge or Magistrate Judge for

27     screening review prior to filing and a determination of whether such pleading

28     falls within, or outside of, the scope of the Pre-Filing Order.

1    (4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any

2    case-initiating pleading he proffers to this Court.

3

4    **IT IS SO ORDERED.**

5

6    DATE: <u>May 17, 2018</u>

7                                              OTIS D. WRIGHT II
                                               UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, et al.,<br><br>Defendants. | Case No. 2:17-cv-04828-ODW (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action; the Report and Recommendation of United States Magistrate Judge [Dkt. 27 ("Report")]; Plaintiff's Objections to the Report [Dkt. 28]; Plaintiff's two Requests for Judicial Notice [Dkts. 29, 30]; the Reply of Defendants Wells Fargo Bank, N.A., Asset Reliance, Craig Hansen, Edward D. Testo (collectively "Bank Defendants") [Dkt. 31]; Bank Defendants' Supplemental Request for Judicial Notice [Dkt. 32]; and Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt. 33]. Defendant Gregory Barbour did not file objections or a reply. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

1    Plaintiff's Objections appear to be an attempt to obfuscate the issues relevant
2    to the only matters before the Court, namely, the two Dismissal Motions brought by
3    the Bank Defendants and Defendant Barbour and the Vexatious Litigant Motion
4    brought by the Bank Defendants.  Plaintiff first reiterates his bailment theory,
5    proffered in response to the Dismissal Motions, which constitutes a belated attempt
6    to try out a completely new and inconsistent position with respect to Plaintiff's
7    ownership (or lack thereof) of the personal property at issue in this action.  As the
8    Report correctly concludes, the issue of Plaintiff's ownership of the personal
9    property at issue here already had been resolved against him repeatedly in several
10   prior actions and, thus, is barred from re-litigation in this case by the doctrine of res
11   judicata.  Plaintiff's attempt to avoid the res judicata effect of these prior lawsuits by
12   proffering here factual assertions that directly contradict those he made in the prior
13   lawsuits, not only is ineffective to avoid the res judicata doctrine but raises
14   substantial concerns under Rule 11 of the Federal Rules of Civil Procedure.

15   Plaintiff next objects to the Magistrate Judge's finding that a hearing on the
16   Dismissal Motions and Vexatious Litigant Motion was not necessary [Dkts. 12, 16].
17   The Court finds that the procedure followed was appropriate and consistent with
18   Local Rule 7-15.  If Plaintiff believed a hearing was needed, he could have sought
19   reconsideration from the Magistrate Judge or District Judge, but failed to do so.  His
20   belated complaint is not persuasive.

21   Plaintiff's position that he was "reluctant" or "hesitant" to inform the Court
22   that he had allegedly encountered difficulty serving the U.S. Marshals Service is
23   equally unconvincing.  According to the declaration from the process server,
24   Plaintiff attempted to serve the U.S. Marshals Service on July 12, 2017; just twelve
25   days after the ninety-day deadline began to run under Rule 4(m).  Plaintiff,
26   therefore, had seventy-eight days after the alleged refusal of service by the U.S.
27   Marshals Service to request assistance from the Court or to seek an extension of the
28   Rule 4(m) deadline.  Instead, Plaintiff did nothing, allowed the Rule 4(m) deadline

2

1    to expire, and then over six months later, when these Objections were filed, finally

2    noted the issue.  Given Plaintiff's active litigation in various state, federal, and

3    bankruptcy courts—a litigation history so active that it has prompted the instant

4    Vexatious Litigant Motion—the Court finds Plaintiff's allegation that he was

5    hesitant to contact the Court to be wholly unpersuasive.  Moreover, and as noted in

6    the Report, given that Plaintiff's two claims against the U.S. Marshals Service are

7    premised on a violations of 42 U.S.C. § 1983, and thus are not cognizable against

8    this federal agency, good cause for an extension of time to serve a Defendant whose

9    dismissal would be required simply does not exist.  Accordingly, Plaintiff has failed

10   to meet his burden of showing good cause for his failure to effect service of process

11   on the U.S. Marshals Service and the Report did not err in concluding that this

12   Defendant should be dismissed.

13           Aside from the above matters, nothing else set forth in the Objections

14   warrants discussion, as the remainder of the Objections do not affect, alter, or call

15   into question anything in the Report.

16           The Court now turns to the three Requests for Judicial Notice [Dkts 29, 30,

17   32].  Plaintiff's two Judicial Notice Requests [Dkts. 29, 30] are DENIED, because,

18   while the Court may take judicial notice of court filings and other pleadings under

19   Federal Rule of Evidence 201, the documents submitted by Plaintiff are not relevant

20   to the two Dismissal Motions or Vexatious Litigant Motion currently pending before

21   this Court.  Rather, the court filings and pleadings proffered by Plaintiff concern a

22   separate, closed case that is currently on appeal to the Ninth Circuit.  [*See Moore v.*

23   *Bragg*, C.D. Cal. Case No. 2:15-cv-8021-ODW (GJS).]  The Court is not going to

24   consider whether rulings made in a prior case were proper or not, because, at this

25   juncture, the Ninth Circuit is the proper forum to consider issues relating to this

26

27

28

closed matter.[1] The Bank Defendants request that the Court judicially notice three recent bankruptcy court filings and pleadings in support of their Vexatious Litigant Motion [Dkt. 32]. This request is GRANTED, as the documents are the type of which judicial notice may be taken and are relevant to, and underscore, the reasons why the Magistrate Judge concluded that designating Plaintiff as a vexatious litigant, and issuing a pre-filing order, is appropriate.

Lastly, the Court has considered Defendants' request that the Court require Plaintiff to post a security as part of any pre-filing order to be issued. The Court declines to impose a security at this time, but notes that this issue may be revisited if circumstances change.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

(1) the Report is accepted;

(2) Defendants Wells Fargo Bank, Craig Hansen, Edward Testo, and Asset Reliance, Inc.'s Motion to Dismiss is GRANTED as follows [Dkt. 13]:

    a. the federal claim against Wells Fargo is dismissed with prejudice; and

    b. all state law claims are dismissed without prejudice.

(3) all claims against the United Marshals Service are dismissed without prejudice;

(4) George Barbour's Motion to Dismiss without prejudice is DENIED AS MOOT [Dkt. 10];

(5) Defendants' Vexatious Litigant Motion [Dkt. 14] is GRANTED as set forth in the Report;

(6) Plaintiff is hereby declared to be a vexatious litigant;

---

[1] Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt 33] is DENIED AS MOOT in light of the Court's ruling above.

4

# EXHIBIT

# B

11

1  Fargo about.  It's the same property that the Federal

2  District Court, Central District, said, stop suing about

3  this personal property.

4            THE COURT:  Well, that's what Judge Wright said.

5            MR. SCHUMAN:  That's right.  Stop suing about the

6  same personal property.  It's not just a vexatious litigant

7  suing a lot, it's a vexatious litigant suing over and over

8  again about the same property.

9            THE COURT:  I understand that.  We had a

10  conversation last time.  I was quite surprised by your

11  response.  You argue in your papers, which I disagree with,

12  that the district court's vexatious litigant applies here.

13  It just does not.

14            And then I asked you, and I was surprised, because

15  you could of course file, if you wish to, the same motion,

16  which would have -- and depending on the result, would

17  result in here.  And I was started, quite frankly, since you

18  cite Judge Wright's opinion that it applies here, it

19  doesn't, but you could do the same here.  And you -- did you

20  talk about that with your client?

21            MR. SCHUMAN:  Your Honor, we --

22            THE COURT:  Because you had --

23            MR. SCHUMAN:  -- we're -- at this point, you know,

24  everything that we do costs money, even if we don't bill all

25  of it.

# EXHIBIT

# C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

BC480013                                                      August 26, 2020
IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG                      8:30 AM

Judge: Honorable Holly J. Fujie          CSR: None
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B.Chavez            Deputy Sheriff: None

did not set forth a deadline for Defendant to comply with such judgment. Thus, due to the lack of a clear and definite deadline therein, Plaintiff is not in violation of the Court's November 8, 2013 interlocutory judgment by a purported failure to return the property as of this date.

Therefore, Plaintiff's request for contempt to obtain the subject property is not the appropriate procedural mechanism.

Issue No.2: Impossibility

"The facts essential to jurisdiction for a contempt proceeding are (1) the making of the order; (2) knowledge of the order; (3) ability of the respondent to render compliance, [and] (4) willful disobedience of the order." (Application of Liu (1969) 273 Cal.App.2d 135, 140.)

The Court finds that based on Defendant's declaration, there is no possibility that Defendant can comply with the Court's November 8, 2013 judgment. Defendant has clearly declared, under the penalty of perjury, that she no longer possesses any of the property at issue in the November 8, 2013 judgment due to the writ executed by Wells Fargo. Thus, under Liu, there is no basis for this Court to hold Defendant in contempt or order an OSC re: contempt. Plaintiff provides no legal authority to support an argument that inconsistent or contradictory statements in pleadings or affidavits rise to the level of contemptable behavior, or that inconsistent and contradictory statements are per se false and warrant a finding of contempt.

Plaintiff only presents speculative facts in his declaration to support contempt against Defendant. A court, however, is to accept a self-serving declaration filed by a party. (Scalf v. D.B. Log Homes, Inc. (2005) 128 Cal.App.4th 1510, 1521-1522.) Plaintiff has presented no evidence that Defendant is in fact aware that the property at issue is in her garage.

Therefore, the Court DENIES WITH PREJUDICE Plaintiff's renewed motion in its entirety.

Moving party is ordered to give notice of this ruling.

Dated this 26th day of August 2020

HOLLY J. FUJIE

_____
Hon. Holly J. Fujie
Judge of the Superior Court

# EXHIBIT

# D

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles Calfiornia 90019

TELEPHONE NO.: 323 932 9439          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| | | | | | CASE NUMBER: |
|---|---|---|---|---|---|
| WRIT OF POSSESSION | ☑ | AFTER HEARING | ☐ | EX PARTE | BC 480 013 |

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles

YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it
   *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it
   *(specify exact locations):*
   6150 Shenandoah Ave, Los Angeles Calif  90056
   6160 Shenandoah Ave, Los Angeles Calif  90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021          SHERRI R. CARTER Clerk, by  T. HEATH , Deputy

| (SEAL) | NOTICE TO DEFENDANT: The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120. |
|---|---|
| | If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy. |

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California CD-130 [Rev. January 1, 2006] | WRIT OF POSSESSION (Claim and Delivery) | Code Civ. Proc., §§ 512.020–512.120 www.courtinfo.ca.gov |
|---|---|---|

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attachment 25 E**
Judgement Order

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return to IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, 71 Camaro, and personal legal documents consistent with the evidence presented at trial.

This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage.   KIMBERLY MARTIN-BRAGG, her agents, and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned.   Kimber Martin-Bragg is ordered to have the property returned to IVAN RENE MOORE

# EXHIBIT

# E



July 7th 2021
L.A Sheriff's Raid on the 6150 Shenandoah Ave
Defendant Martin-Bragg

# EXHIBIT

# F



July 7th 2021
L.A Sheriff's Raid on the 6150 Shenandoah Ave
Defendant Martin-Bragg

# EXHIBIT

# G

Filed 9/8/17 Moore v. Martin-Bragg CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| IVAN RENE MOORE, | B276366 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC480013) |
| v. | |
| KIMBERLY MARTIN-BRAGG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges. Affirmed.

Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.