FILED

Case No.: 22:-CV-03758-GW

2023 JAN 31  AM 10: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

**In re**: Kimberly Martin-Bragg aka Kimberly Barbour,
Debtor,

## IVAN RENE MOORE,

### Plaintiff/Creditor-Appellant,

### v.

## KIMBERLY MARTIN-BRAGG aka KIMBERLY BARBOUR,

### Defendant/Debtor-Appellee

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### Hon., Judge Barry Russell
### Presiding
### Bnkr.  Case No.:2:16-bk-22878-BR

### Adversary Procedure Case Number: 2:22-ap-01058-BR

## APPELLANT'S TABLE OF APPENDIX A-Q

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, California 90019

**ORIGINAL**

## TABLE OF APPENDIX

Appeal Case No.:22:-CV-03758-GW

| APPENDIX | | DESCRIPTION |
|---|---|---|
| AA-A | RJN-1 | On May 20, 2021, Civil Writ of Possession commanding the Sherriff or any Marshall of the County of Los Angeles to levy upon and retain in their custody until released or sold, certain personal properties found at the Debtor's Residence. |
| AA-B | RJN-1 | The Writ also provides that the Sheriff or Marshall of the County of Los Angeles shall use reasonable forcible entry to enter into the private place listed as : 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 for the purpose of levying on the personal property subject to the writ of Possession. |
| AA-C | | True and correct copy of the July 7th, 2021, Los Angeles Sheriff's Department raid on the debtor's Martin-Braggs and the other defendants resident located at 6150 Shenandoah Ave Los Angeles, California 90056 |
| AA-D | | True and correct copy of the July 7th, 2021, Los Angeles Sheriff's Department raid on the debtor's Martin-Braggs and the other defendants resident located at 6150 Shenandoah Ave Los Angeles, California 90056 |
| AA-E | | True and correct copy of the July 7th 2021 Los Angeles Sheriff's Department raid on the debtor's Martin-Braggs and the other defendants resident located at 6150 Shenandoah Ave Los Angeles, California 90056 |
| AA-F | | True and correct copy of the July 7th, 2021, Los Angeles Sheriff's Department raid on the debtor's Martin-Braggs and the other defendants resident located at 6150 Shenandoah Ave Los Angeles, California 90056 |
| AA-G | | Finding of facts and conclusion of law dated May 20th 2022 |

| AA-H | RJN-2 | Hon. Michelle Rosenblatt Judgment of November 8, 2013, in BC480013 |
| AA-I | RJN-3 | 2013 **Special Verdicts- Trespass to Chattel** |
| AA-J | RJN-4 | 2013 **Special Verdicts -Conversion** |
| AA-K | RJN-5 | California Second District Court of Appeal affirmed the judgment in **Appeal Case #:B276366** |
| AA-L | RJN-6 | **Hon. Ernest Roble dismissed the debtor's Bankruptcy case #: 2:14-bk-15698.** |
| AA-M | RJN-7 | Opposition to motion to compel Discovery |
| AA-N | RJN-8 | Judge Fuji Ruling dated regarding testimony of Martin-Bragg and the Declarations of the Debtor |
| AA-O | RJN-9 | Pictures with the Los Angeles Sheriffs Debtor, Kimberly Barbour intentionally filed false or incomplete forms and documents to conceal the debtor had possession and control of the *1971/72 Camaro* |
| AA-P | RJN-10 | On December 21, 2021, Honorable Judge David J. Cowen of Department 1 of the Los Angeles Superior Court held that no court has adjudicated Mr. Ivan Rene Moore $3.15 Million judgment under 11 U.S.C § 523(a) and issued an Order Staying the enforcement of the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharge by the bankruptcy court. |
| AA-Q | RJN-11 | Bankruptcy Hearing Transcript of May 10, 2022 |

January 31st , 2023

IVAN RENE MOORE
Appellant, in Pro se

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the: **APPELLANT IVAN RENE MOORE'S APPENDIX A-Q**

This Document has been served upon by U.S. Mail, postage prepaid, addressed to:

## SEE ATTACHED SERVICE LIST

Dated: January 31st , 2023,

Ivan Rene Moore
Appellant Pro se

# PROOF OF SERCVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On **January 31st 2023**, I served the following document:

## APPELLANT'S  APPENDIX A-Q

On the parties listed below:

## SEE SERVICE LIST

[X]    BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[  ]    BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[X]    STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[  ]    FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**DATED:** January 31st 2023

Respectfully Submitted,

Devra Allen

## SERVICE LIST

**Steven A. Schuman**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024-3936**
**Attorney for Kimberley Martin Bragg and Defendants**


**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

# EXHIBIT

# A

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfiornia 90019<br><br>TELEPHONE NO.: 323 932 9439   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION   ☑ AFTER HEARING   ☐ EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles
YOU ARE DIRECTED:



1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

(See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*
   6150 Shenandoah Ave, Los Angeles Calif  90056
   6160 Shenandoah Ave, Los Angeles Calif  90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021       SHERRI R. CARTER Clerk, by  T. HEATH , Deputy



(SEAL)

**NOTICE TO DEFENDANT:** The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

1

**Attachment 25 E**
Judgement Order

2

3   The Court grants Plaintiff IVAN RENE MOORE's request for return of

4   property and orders KIMBERLY MARTIN-BRAGG to return to IVAN

5   RENE MOORE'S clothing, shoes, kitchen equipment, personal property,

6   piano, SSLK console, masters, 71 Camaro, and personal legal documents

7   consistent with the evidence presented at trial.

8

9   This order provides that IVAN RENE MOORE is entitled to the return

10  of all of said property in KIMBERLY MARTIN-BRAGG'S possession or

11  control including that which is in storage.   KIMBERLY MARTIN-

12  BRAGG, her agents, and anyone acting on her behalf are ordered not to

13  sell, give away, damage or keep from IVAN RENE MOORE any of the

14  property that is ordered to be returned.   Kimber Martin-Bragg is

15  ordered to have the property returned to IVAN RENE MOORE

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# B

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfironia 90019<br><br>TELEPHONE NO.: 323 932 9439　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION  ☑ AFTER HEARING  ☐ EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles
YOU ARE DIRECTED:



1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*
   6150 Shenandoah Ave, Los Angeles Calif 90056
   6160 Shenandoah Ave, Los Angeles Calif 90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021　　SHERRI R. CARTER Clerk, by 　T. HEATH　, Deputy



(SEAL)

**NOTICE TO DEFENDANT:** The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

1

2

**Attachment 25 E**
Judgement Order

3   The Court grants Plaintiff **IVAN RENE MOORE's** request for return of

4   property and orders **KIMBERLY MARTIN-BRAGG** to return to **IVAN**

5   **RENE MOORE'S** clothing, shoes, kitchen equipment, personal property,

6   piano, SSLK console, masters, 71 Camaro, and personal legal documents

7   consistent with the evidence presented at trial.

8

9   This order provides that **IVAN RENE MOORE** is entitled to the return

10   of all of said property in **KIMBERLY MARTIN-BRAGG'S** possession or

11   control including that which is in storage.   **KIMBERLY MARTIN-**

12   **BRAGG,** her agents, and anyone acting on her behalf are ordered not to

13   sell, give away, damage or keep from **IVAN RENE MOORE** any of the

14   property that is ordered to be returned.   Kimber Martin-Bragg is

15   ordered to have the property returned to **IVAN RENE MOORE**

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# C



July 7 2021 LA Sheriff's Department Raid on 6150
Shenandoah Ave
Los Angeles, Ca 90019

(The Debtor Martin-Braggs Resident)

# EXHIBIT

# D



July 7 2021 LA Sheriff's Department Raid on 6150
Shenandoah Ave
Los Angeles, Ca 90019

(The Debtor Martin-Braggs Resident)

# EXHIBIT

# E



July 7 2021  LA Sheriff's Department Raid on
6150 Shenandoah Ave Los Angeles, Ca 90019

(The LA Sheriff's found the stolen Camaro 71/72)

# EXHIBIT

# F



July 7 2021 LA Sheriff's Department Raid on 6150 Shenandoah Ave Los Angeles, Ca 90019

(The LA Sheriff's found the stolen Camaro 71/72)



July 7 2021 LA Sheriff's Department Raid on 6150 Shenandoah Ave Los Angeles, Ca 90019

(The LA Sheriff's found the stolen Camaro 71/72)
The Debtor Martin Bragg

# EXHIBIT

# G

1  LEE T. DICKER, SBN. 48953
   STEVEN A. SCHUMAN, SBN. 142834
2  LEONARD, DICKER & SCHREIBER LLP
   10940 Wilshire Boulevard, Suite 2100
3  Los Angeles, California 90024-3963
   Phone:  (310) 551-1987
4  Fax:    (310) 277-8050
   Email:  ldicker@ldslaw.com
5          sschuman@ldslaw.com

6  Attorneys for Debtor Kimberly Barbour

7

8                 **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10

| | |
|---|---|
| 11  In Re: | CASE NO.:   2:16-bk-22878-BR |
| 12  KIMBERLY MARTIN-BRAGG; AKA | CHAPTER 7 |
|     KIMBERLY BARBOUR, | |
| 13 | ADV. NO.:   2:22-ap-01058-BR |
|                    Debtor | |
| 14 | **[PROPOSED] FINDINGS OF FACT AND** |
|     | **CONCLUSIONS OF LAW DISMISSING** |
| 15 | **MARCH 1, 2022 ADVERSARY** |
|     IVAN RENE MOORE, | **PROCEEDING WITH PREJUDICE** |
| 16 | |
|              Creditor/Plaintiff, | |
| 17 | Date:  May 10, 2022 |
|          vs. | Time:  2:00 p.m. |
| 18 | Ctrm.:  1668 |
|     KIMBERLY MARTIN-BRAGG (aka) | 255 East Temple Street |
| 19  KIMBERLY BARBOUR an individual, | Los Angeles, CA 90012 |
|     GEORGE BARBOUR an individual, LAW | |
| 20  OFFICES OF THOMASINA REED, a | |
|     California law office business entity form | |
| 21  unknown, THOMASINA REED an individual; | |
|     and DOES 1 through 10, | |
| 22 | |
|              Defendants. | |
| 23 | |

24

25

26

27

28

1     On March 1, 2022, Ivan Rene Moore filed an adversary proceeding bearing case number

2   2:22-ap-01058-BR (the "March 1, 2022 Adversary Proceeding") naming Debtor, George Barbour,

3   and Thomasina Reed as defendants. On April 7, 2022, defendants collectively filed a motion to

4   dismiss the March 1, 2022 Adversary Proceeding pursuant to Federal Rule of Civil Procedure

5   12(b)(6). On April 21, 2022, Moore filed an opposition to the 12(b)(6) motion. On April 25, 2022,

6   defendants collectively filed a reply to Moore's opposition.

7

8     On March 29, 2022, Ivan Rene Moore filed another adversary proceeding bearing case

9   number 2:22-ap-01080-BR (the "March 29, 2022 Adversary Proceeding") naming Debtor, Steven

10   A. Schuman, Lee T. Dicker, Law Office of Peter M. Lively, and Leonard Dicker & Schreiber LLP

11   as defendants. On April 11, 2022, defendants collectively filed a motion to dismiss the March 29,

12   2022 Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 25,

13   2022, Moore filed an opposition to the 12(b)(6) motion. On May 3, 2022, defendants collectively

14   filed a reply to Moore's opposition.

15

16     At the May 10, 2022 hearing on defendants' motions to dismiss the March 1, 2022

17   Adversary Proceeding and the March 29, 2022 Adversary Proceeding, Mr. Schuman appeared for

18   the defendants and Mr. Moore appeared in *propria persona*. After consideration of the pleadings

19   and oral arguments, the Court dismissed the March 1, 2022 Adversary Proceeding and the March

20   29, 2022 Adversary Proceeding with prejudice.

21

22     The following constitutes the Court's findings of fact and conclusions of law:

23

24                         **FINDINGS OF FACT**

25

26     1.     On September 3, 2013, the Los Angeles County Superior Court entered a money

27   Judgment in the amount of $3,150,000 in favor of Ivan Rene Moore and against Kimberly Barbour,

28   in *Moore v. Bragg*, LASC Case No. BC480013 (the "Moore $3,150,000 Judgment").


LEONARD
DICKER &
SCHREIBER

2

1    2.    On September 28, 2016, the debtor filed her Chapter 7 bankruptcy in this Court.

2

3    3.    On October 1, 2016, the bankruptcy clerk sent a notice to the debtor's creditors,

4  including Mr. Moore, pursuant to Federal Rule of Bankruptcy Procedure Rules 4004 and 4007,

5  setting January 3, 2017 as the deadline for filing complaints objecting to the debtor's discharge

6  under 11 U.S.C. § 727 and complaints to have a debt excepted from discharge under 11 U.S.C. §§

7  523(a)(2), (4), or (6).

8

9    4.    On December 9, 2016, Mr. Moore filed a timely complaint naming Debtor, George

10  Barbour, Keith Rouster, Robert Pitts, Robert Pitts Estates, Peter M. Lively, and Law Office of

11  Peter M. Lively as defendants to *inter alia* seek a judgment of non-dischargeability under 11

12  U.S.C. §§ 523(a)(2), (4), or (6) (the "December 9, 2016 Adversary Proceeding").

13

14    5.    On January 9, 2017, this Court issued an order granting the debtor's discharge

15  (Docket No. 50).

16

17    6.    On September 7, 2017, this Court entered an order sanctioning Mr. Moore $13,000

18  for failure to comply with a prior discovery order of this Court. He was ordered to pay the $13,000

19  to debtor's counsel by October 23, 2017 and was told that if he failed to make the payment that the

20  December 9, 2016 Adversary Proceeding would be dismissed in its entirety.

21

22    7.    On November 17, 2017, this Court entered an order dismissing the December 9,

23  2016 Adversary Proceeding with prejudice due to Mr. Moore's failure to make the $13,000

24  payment.

25

26    8.    On November 30, 2017, Mr. Moore appealed the order dismissing the complaint to

27  the United States District Court.

28

LEONARD
DICKER &
SCHREIBER

3

1         9.     On December 20, 2017, District Court Judge Stephen Wilson dismissed four

2   appeals including the appeal of the sanctions order and the appeal of the dismissal order which

3   provided:

4

5              The Court, on November 22, 2017, upon consideration of the
Appellant's response to the Court's order to show cause, granted

6              additional time to file his opening brief.

7              The appellant having failed to meet this deadline, and without
notification to the Court why he could not comply with the order

8              setting the scheduled has shown a complete disregard for this Court,
its orders and deadlines. The appellant has clearly demonstrated a

9              complete lack of interest in pursuing this matter.

10              Therefore, the instant case and all consolidated cases are dismissed.

11

12      10.    Upon dismissal of Moore's appeal, the Moore $3,150,000 Judgment was forever

13   discharged, as were all other pre-petition claims.

14

15      11.    On March 1, 2022, Moore filed a new adversary proceeding bearing case number

16   2:22-ap-01058-BR (the "March 1, 2022 Adversary Proceeding") naming Debtor, George Barbour,

17   and Thomasina Reed as defendants to *inter alia* seek a judgment of non-dischargeability under 11

18   U.S.C. §§ 523(a)(2), (4), or (6) and denial of discharge under 11 U.S.C. § 727.

19

20      12.    On March 29, 2022, Moore filed another new adversary proceeding bearing case

21   number 2:22-ap-01080-BR (the "March 29, 2022 Adversary Proceeding") naming Debtor, Steven

22   A. Schuman, Lee T. Dicker, Law Office of Peter M. Lively, and Leonard Dicker & Schreiber LLP

23   as defendants to *inter alia* seek a judgment of non-dischargeability under 11 U.S.C. § 523(a)(6),

24   denial of discharge under 11 U.S.C. § 727, damages for fraud under 18 U.S.C. §§ 152, 157, and

25   521, and relief from discharge under Federal Rule of Civil Procedure 60(d)(3).

26

27

28

LEONARD
DICKER &
SCHREIBER

1        13.     On April 7, 2022, defendants collectively filed a motion to dismiss the March 1,

2  2022 Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 21,

3  2022, Moore filed an opposition to the 12(b)(6) motion.  On April 25, 2022, defendants

4  collectively filed a reply to Moore's opposition.

5

6        14.     On April 11, 2022, defendants collectively filed a motion to dismiss the March 29,

7  2022 Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 25,

8  2022, Moore filed an opposition to the 12(b)(6) motion.  On May 3, 2022, defendants collectively

9  filed a reply to Moore's opposition.

10

11        15.     The Court finds that Moore knew and understood what it meant when the December

12  9, 2016 Adversary Proceeding was dismissed with prejudice, i.e. that it could never be filed again.

13

14        16.     The Court finds that the factual allegations raised in the March 1, 2022 Adversary

15  Proceeding and the March 29, 2022 Adversary Proceeding are essentially the same as those raised

16  in the December 9, 2016 Adversary Proceeding, which was dismissed with prejudice.

17

18        17.     The Court finds that it does not have jurisdiction over the third-party defendants

19  named in the March 1, 2022 Adversary Proceeding and the March 29, 2022 Adversary Proceeding.

20

21                       **CONCLUSIONS OF LAW**

22

23        1.     This Court's January 9, 2017 order discharged all prepetition debts of the debtor

24  except as to debts under §§ 523(a)(2), (4), or (6) subject to a timely filed adversary proceeding.

25  Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c),

26  i.e. §§ 523(a)(2), (4), or (6), shall be filed no later than 60 days after the first date set for the

27  meeting of creditors under § 341(a).

28

LEONARD
DICKER &
SCHREIBER

1     2.     Section 523(c) provides:

2

3          (c)(1) Except as provided in subsection (a)(3)(B) of this section, the
           debtor shall be discharged from a debt of a kind specified in
4          paragraph (2), (4), or (6) of subsection (a) of this section, unless, on
           request of the creditor to whom such debt is owed, and after notice
5          and a hearing, the court determines such debt to be excepted from
           discharge under paragraph (2), (4), or (6), as the case may be, of
6          subsection (a) of this section.

7

8     3.     The time for filing a complaint seeking to except any of the debtor's debts from

9     discharge under §§ 523(a)(2), (4), or (6) expired on January 3, 2017.

10

11     4.     Due to the fact that Moore's December 9, 2016 Adversary Proceeding alleging that

12    his state court judgment was excepted from discharge pursuant to §§ 523(a)(2), (4) or (6) was

13    dismissed with prejudice on November 17, 2017, and his appeal of that order was dismissed by the

14    District Court on December 20, 2017, the Court will never determine his judgment would be

15    excepted from discharge under §§ 523(a)(2), (4) or (6).

16

17          The Court will enter separate orders concurrently with the entry of this Memorandum

18    dismissing the March 1, 2022 Adversary Proceeding and the March 29, 2022 Adversary

19    Proceeding with prejudice.

20

21                              ####

22

23

24

25

26

27

28

LEONARD
DICKER &
SCHREIBER

6

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Steven A. Schuman, SBN 142834<br>Leonard, Dicker & Schreiber LLP<br>10940 Wilshire Boulevard<br>Suite 2100<br>Los Angeles, CA 90024-3963<br>Phone: (310) 551-1987<br>Fax:     (310) 277-8050<br>Email:  sschuman@ldslaw.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for* Defendants | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>KIMBERLY MARTIN-BRAGG; AKA .<br>KIMBERLY BARBOUR,<br><br>Debtor(s). | CASE NO.: 2:16-bk-22878-BR<br>CHAPTER: 7<br>ADVERSARY NO.: 2:22-ap-01058-BR |
| IVAN RENE MOORE,<br><br><br><br>Plaintiff(s),<br>vs.<br>KIMBERLY MARTIN-BRAGG (aka) KIMBERLY<br>BARBOUR, et al.<br><br>Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** *(title of motion[1])*: Motion To Dismiss <br><br>Complaint In Its Entirety Pursuant To Federal <br>Rule Of Civil Procedure 12(b)(6) |

PLEASE TAKE NOTE that the order or judgment titled [Proposed] Findings Of Fact And Conclusions Of Law
Dismissing March 1, 2022 Adversary Proceeding With Prejudice
was lodged on *(date)* __05/20/2022__ and is attached. This order relates to the motion which is docket number __6__.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10940 Wilshire Boulevard, Suite 2100, Los Angeles, CA 90024.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___05/20/2022___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Brad D. Krasnoff (TR):  BDKTrustee@DanningGill.com, bkrasnoff@ecf.axosfs.com
Peter M. Lively, Esq.:  PeterMLively2000@yahoo.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___05/20/2022___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ivan Rene Moore
1236 Redondo Boulevard
Los Angeles, CA 90019

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___05/20/2022___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell  (By FedEx)
United States Bankruptcy Court - Central District of California
255 East Temple Street, Suite 1660/Courtroom 1668
Los Aneles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/20/2022 | Peggy Young | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

# EXHIBIT

# H

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

5

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable.

Dated: November 8, 2013

MICHELLE R. ROSENBLATT
_____
Michelle R. Rosenblatt, Judge

6



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NOV 08 2013

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

IVAN RENE MOORE,

    Plaintiff,

v.

KIMBERLY MARTIN-BRAGG
    Defendant.

) Case No. BC480013
)
)
) Interlocutory
) Judgment
)
)
)
)
)
)
)

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los

Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding.

Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY

MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with

BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from

Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel,

conversion of personal property, and Civil Code section 1965 from the remaining causes

of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and

testified. The Court granted Plaintiff's request to amend the complaint to conform to

proof to add a prayer for the return of the personal property. After hearing the evidence

and arguments of counsel, the jury was duly instructed by the Court and the cause was

submitted to the jury, with directions to return each special verdict and to include a

recommendation (advisory verdict) to the Court whether the property should be returned

and if so, the jury's recommendation as to the reduction in damages to be awarded. The

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property:  $2.5 million ($2,500,000.00)

b. For lost profits:                    $650,000

Total:                        $3,150,000

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property?  YES

(b) Piano:  YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts?  YES

(d) Recording Console SSLK?  YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments?  YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?  NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?  YES

3. Did Ivan Rene Moore consent?  NO

4. Was Ivan Rene Moore harmed?  YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property:  $2.5 million ($2,500,000.00)

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a? YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned? Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced? $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

    (a) Clothing, shoes, kitchen equipment, and other personal property? YES

    (b) Piano:   YES

    (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

    (d) Recording Console SSLK? YES

    (e) Music, Sound and Recording Equipment? YES

    (f) Musical Instruments? YES

    (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

    (h) Masters?   YES

2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property? YES

4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore? NO

4

# EXHIBIT

# I

40

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                          ) Case No. BC 480013
                                          )
                                          )
                Plaintiff,                )
                                          )
                                          ) Special Verdict-Trespass
v.                                        ) to Chattel
                                          )
                                          )
KIMBERLY MARTIN-BRAGG,                    )
                Defendants                )
_____ )

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓
BY JEFF W. LIPP, DEPUTY

08/02/2013

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes  0 No

(b) Piano?
12 Yes  0 No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes  0 No

(d) Recording Console SSL K?
12 Yes  0 No

(e) Music, Sound and Recording Equiptment?
12 Yes  0 No

(f) Musical Instruments?
12 Yes  0 No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0 Yes  12 No

(i) Masters?
12 Yes  0 No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property?

12 Yes  0 No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

__0__ Yes __12__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

__12__ Yes __0__ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

__12__ Yes __0__ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?
a. For the fair market value of the property:

$ _2.5 million_
($2,500,000)

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

__12__ Yes __0__ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro, legal documents

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?   $ _2.5 million_

Signed: _____
                Presiding Juror

Dated: 7/29/ 2013

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# J

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                                  ) Case No. BC 480013
                                                  )
                                                  )
                  Plaintiff,                      )
                                                  )
                                                  ) Special Verdict-Conversion
        v.                                        )
                                                  )
                                                  )
KIMBERLY MARTIN-BRAGG,                            )
                  Defendants                      )
_____)

**FILED**

LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
**12** Yes **0** No

(b) Piano?
**12** Yes **0** No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?

**12** Yes **0** No

(d) Recording Console SSL K?
**12** Yes **0** No

(e) Music, Sound and Recording Equiptment?
**12** Yes **0** No

(f) Musical Instruments?
**12** Yes **0** No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
**0** Yes **12** No

(i) Masters?
**12** Yes **0** No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

**12** Yes **0** No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

___0___ Yes ___12___ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

___12___ Yes ___0___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

___12___ Yes ___0___ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?

a. For the fair market value of the property:


$ __2.5 million__
($2,500,000)

b. For lost profits:

$ __650,000__

TOTAL $ __3,150,000__

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

___12___ Yes ___0___ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, Kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camaro

If your answer to question 7 is yes and the Court follows your personal document recommendation, then answer question 9. If your answer is no, stop here, answer no further question

and have the presiding juror sign and date this form.

       9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?   $ _2.5 million_

Signed: _____
                 Presiding Juror

Dated: **7/29/2013**

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

08/02/2013

# EXHIBIT

# K

Filed 9/8/17 Moore v. Martin-Bragg CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| IVAN RENE MOORE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY MARTIN-BRAGG,<br><br>    Defendant and Appellant. | B276366<br><br>(Los Angeles County<br>Super. Ct. No. BC480013) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges. Affirmed.

    Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

    Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.

# EXHIBIT

# L

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case.  11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//



FILED & ENTERED

JUN 04 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: Kimberly Martin-Bragg, Debtor. | Case No.: 2:14-bk-15698-ER<br>Chapter: 11<br><br>**ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD**<br><br>**Advanced Hearing:**<br>Date: June 3, 2015<br>Time: 10:00 a.m.<br>Courtroom: 1568 |

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11. On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015. D.E. 156. On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015. On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case. On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

### 

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT

# M

FILED

JUN 06 2017

CLERK U S BANK...
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ...

1  **IVAN RENE MOORE**
   1236 Redondo Blvd
2  Los Angeles, CA  90019
   323  932-9439
3  Ivan  Rene Moore
   Plaintiff  In  Pro se
4

5

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8  In re:                          )   **Case No. 2:16-BK-22878-BR**
                                   )
9                                  )   **Adv No. 2:16-AP-01543 BR**
   **Kimberly Barbour**               )
10 **Aka Kimberly Martin-Bragg,**     )   **Chapter (7)**
                        Debtor      )
11                                 )   **PLAINTIFF'S OPPOSITION TO**
                                   )   **DEFENDANT'S MOTION TO COMPEL**
12                                 )   **PRODUCTION OF DOCUMENTS;**
                                   )   **DECLARATION OF IVAN RENE**
13 _____  )   **MOORE**
   **IVAN RENE MOORE**                )
14 **PLAINTIFF**                      )
                                   )
15                                 )   **FILED CONCURRENTLY WITH**
                                   )   **MOTION FOR SANCTIONS PURSUANT**
16 **KIMBERLY BARBOUR**               )   **TO FRCP RULE 11 FOR FALSE**
   **aka KIMBERLY MARTIN-BRAGG,**     )   **STATEMENTS BY COUNSEL**
17                  **DEFENDANT**     )
18                                 )   Date:  June 20th , 2017
                                   )   Time:  2:00 p.m.
19                                     Place:  1668
                                              Los Angeles, CA
20

21                                     Judge: **HON BARRY RUSSELL**

22                                     Hearing Requested

23 _____

24 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

25

26                                            ▢ **ORIGINAL**

27

28

                                1

1      Plaintiff first responds by stating that despite the protestations and overwrought demands,

2  that all of the reasonably relevant documents to which the Plaintiffs would be legally entitled to

3  are offered for production. While Defendant's motion is thick and filled with attachments, it

4  does not place the factual content and the subject discovery requests and responses in their full

5  context.

6      An examination of the circumstances surrounding this motion demonstrates that

7  Defendant's motion and the relief sought is unwarranted and unnecessary.  Therefore,

8  Defendant's motion should be denied.

9

10      Plaintiff has filed his request for a Protective Order for the taking of his deposition and

11  has requested the Court order a discovery referee.   The parties are unable to resolve anything by

12  conversation, and only communicate by email based on the unprofessional conduct and the

13  willful lies of the defendant and her attorney.

14      Furthermore, filed concurrently with this objection, is a Motion for Sanctions under

15  FRCP Rule 11, against Steven A. Schuman and Leonard Dicker and Schreiber LLP, for the

16  knowingly and repeatedly false statements made in their pleading.

17

18  **I. General Discovery Rules Do Not Support the Sweeping and Contentious Discovery**

19  **Defendants Seek to Compel Here.**

20

21      The scope of allowable discovery under the federal rules is not as broad as Defendants

22  suggest. First, Under Rule 26(b)(1), there are two categories of discovery: that which is relevant

23  to the claim or defense of a party, and that which is merely relevant to the subject matter.  A

24  party seeking information relevant only to the subject matter must show good cause and seek the

25  court's approval.

26      The advisory committee's notes expressly explain that making "subject matter" discovery

27  dependent on showing good cause and obtaining court approval is "designed to involve the court

28  more actively in regulating the breadth of sweeping or contentious discovery."

1    Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000). The sweeping and contentious

2 discovery sought here is relevant, at most, to the subject matter of the case, and thus Defendants

3 must show good cause to the Court for imposing the burden of such discovery on Plaintiff.

4 Discovery cannot be "unreasonably cumulative or duplicative, or . . . obtainable from some other

5 source . . . ." Fed. R. Civ. P. 26(b)(2)(i).

6

7    Plaintiff submits that aside from the patently objectionable requests, many of the

8 requests to which Defendants now seek to compel responses are cumulative, or duplicative,

9 request information that they have in their own possession or that is a matter of court records.

10

11    Defendants seek to compel Plaintiffs to provide information despite

12 valid, reasonable, and applicable objections and despite the fact that there is a five year history of

13 litigation before this bankruptcy, which resulted in two large victories for the Plaintiff.  First is

14 the **$5,650,000.00** a unanimous jury awarded the Plaintiff after a nineteen day trial for the

15 Defendant's intentional acts of conversion and trespass to chattel.  Defendant filed this and

16 another bankruptcy, a Chapter 11, two years ago, which was dismissed for cause, seeking to

17 avoid and discharge this debt she owes to Plaintiff.  The second is the theft of Plaintiff's home

18 and the wrongful eviction by the Defendant, which the Plaintiff had reversed in the California

19 Court of Appeals, and which is well-known and often cited case

20 Martin-Bragg vs. Moore, 219 Cal. App. 4th 367 (2013).

21    The context under which the Defendant has made this motion is one of threats and racial

22 animus against Plaintiff.  Plaintiff will not be subjected to this and will ask the Court to

23 intervene.

24 //

25 //

26 //

27 //

28

## II. STATEMENT OF THE CASE

Most importantly, in Defendant's moving papers 1 Exhibit 3, the very first paragraph of the email states that " Please make arrangements to get us all the documents, an appropriate verified response with objection, no later than Monday, May 8, 2017." Plaintiff served his responses on May 3rd 2017. Plaintiff did not waive any objection and responded timely.

Despite the strident protestations of Defendant's counsel, the Plaintiff in this matter has not engaged in any willful conduct that would justify the relief requested.   While Plaintiff concedes that discovery in this matter has not progressed as smoothly. This is solely the responsibility of the Defendant in this action.   The Defendant has engaged in threats, lies and demeaning conduct. As best as Plaintiff can discern the following responses are categorized here for the Court.

**Response to Requests Number 1, 2, 28**

**Categories `Dischargeability and Prior Litigation Requests**

Plaintiff has responded to this Request fully and in good faith.

First of all the " dischargeability" of a debt inherently calls for a legal opinion and conclusion. That is enough of an objection to this interrogatory and its attendant request for production of documents.

Furthermore, all of the information to respond to this request is in the possession of the Defendant. Plaintiff responded as such and stated that Plaintiff sued Defendant in Moore vs. Martin Bragg for two intentional torts, Conversion and Trespass to Chattel.

Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful possession of Plaintiff's personal, business, corporate, legal and other documents. Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-Bragg LASC BC 480013, against this very Defendant, and despite a Court Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has Plaintiff's documents.

1         Plaintiff also met and conferred in detail as to his position including legal authority for

2  his response to these Requests on May 14, 2017. As with objections to interrogatories under Rule

3  33, objections to Rule 34 requests for production "must be stated with particularity in a timely

4  answer, See, Badalamenti v. Dunham's Inc., 498 U.S. 851 (1990);  Hall v. Sullivan, 231 F.R.D.

5  468, 474 (D. Md. 2005). Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico,

6  Incorporated, 269 F.R.D. 143, 146 (D.P.R. 2010). This information is public information and is

7  readily accessible. Plaintiff also addressed this request in an email dated May 14th 2017.

8

9  **Response to Requests Number 3 and 4**

10        Category Police Reports/Insurance Reports plaintiff does not have any Police Report.

11        Insurance reports is a vague term.  However Plaintiff did respond fully.

12

13  **Response to Requests  8, 9 , and 10**

14        Category Communication between Plaintiff and Home Depot, Cricket Mobile, and

15  AT&T.

16        Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

17  possession of Plaintiff's personal, business, corporate, legal and other documents.

18        Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel,

19  Moore vs. Martin-Bragg LASC BC 480013,  against this very Defendant, and despite a Court

20  Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the

21  Defendant still has Plaintiff's.

22

23        Plaintiff further responded that Plaintiff will fly to Milwaukee, Kentucky and Illinois in

24  the next few weeks to complete his search.

25  **Responses to 12-29**

26  **Category ???**

27  **No. 12.** Plaintiff's bankruptcy schedules are public information.

28

1  **No. 13**. All documents concerning Plaintiff's radio stations  This is simply so vague as Plaintiff

2  objected.   Additionally any and all documents are either in Wisconsin, Ohio and Kentucky, or as

3  stated above in the Defendant's possession.

4  Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful

5  possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

6  Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

7  Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

8  Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

9  Plaintiff's.

10  **Responses 17 through 27**

11  **Category Communications with various Artists**

12  Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

13  possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

14  Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

15  Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

16  Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

17  Plaintiff's.

18  **Response 29**

19  **Documents Communication with Ronald Hills and his lawyers` Plaintiff objected because**

20  **Mr. Hills and Plaintiff have been represented by the same attorney and the documents**

21  **would be privileged.  Plaintiff also objected because this is very overbroad and vague,**

22  **unintelligible and is conjunctive.**

23

24     Respectfully Submitted

25

26

27     DATED:   June 6th , 2017

28

IVAN RENE MOORE
Plaintiff and Responding Party

6

## CONCLUSION

Based on the forgoing this motion should be denied. Defendants seek to compel responses to various discovery requests to which Plaintiff raised reasonable and timely objections and answered to the best of his ability. The information for which Defendants seek resort to the Court is largely arises from the five to seven years litigation and bankruptcies of defendant, and as such is available to the Defendant or in the possession of the Defendant based on this defendants willful violations of a Court order to return this plaintiff's legal documents.

The documents requested are mostly in the possession of the defendant in this action. Plaintiff will now have to file a relief from stay motions to access the documents via Court because this Defendant has now purportedly given plaintiff's legal and business documents to Wells Fargo.

DATED: June 6th 2017

IVAN RENE MOORE
Plaintiff in Pro Se

# DECLARATION OF IVAN RENE MOORE

I, Ivan Rene Moore, declare as follows:

I am the Plaintiff in this action and I have personal knowledge of the following.

1. Plaintiff responded to defendants production of documents Set One on May 3rd 2017. ( **Exhibit A**)

2. Plaintiff provided full and complete responses which were not boilerplate answer or objections.

3. Most of the documents requested are in the possession of this defendant in this action.

4. Some of the other document are in other States and plaintiff has not had the time to go to the various states to review and retrieve the documents requested based on the ongoing emails with random self-execution dates.

5. This motion is in bad faith and this defendant should be sanctioned for this conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 6th, 2017

IVAN RENE MOORE

# PROOF OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am a party to the action within. My business address is 1236 Redondo Blvd, Los Angeles, California 90019. On June 6th, 2017, I served the foregoing documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF IVAN RENE MOORE**

I served this document on the interested parties in this action by depositing in the US Mail at Los Angeles, California addressed as follows and the Service list attached:

**Peter M. Lively**
**The Law Offices of Peter M. Lively**
**11268 Washington Blvd. Suite 203**
**Culver City, CA 90230-4647**

**Steven A. Schuman**
**Lee T. Dicker**
**Leonard, Dicker & Schreiber LLC**
**9340 Olympic Boulevard**
**Suite 400**
**Beverly Hills, CA 90212-4519**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 6th, 2017, at Los Angeles, California.

Stan Bethel

# Exhibit (A)

1    IVAN RENE MOORE
     1236 Redondo Boulevard
2    Los Angeles, CA, 90019

3    Telephone: (310) 871-9732

4    Plaintiff in Pro Se

5

6
                    UNITED STATES BANKRUTPCY COURT
7
           CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
8

9
     In Re:                          )  CASE NO.  2:16-BK-22878-BR
10   Kimberly Martin-Bragg,          )  ADV. NO.  2:16-AP-01543-BR
                   Debtor.           )
11                                   )  **IVAN RENE MOORE RESPONSE TO**
                                     )  **DEFENDANT DEBTOR KIMBERLY**
12   _____)  **BARBOUR'S FIRST REQUEST FOR**
     Ivan Rene Moore,                )  **PRODUCTION OF DOCUMENTS**
13              Plaintiff/Creditor.  )
                                     )
14   vs.                             )
                                     )
15                                   )
     Kimberly Barbour, aka Kimberly Martin-Bragg, )
16   aka Kimberly Bragg, aka Kim Martin , aka Kim )
     Barbour , et al.                )
17              Defendants           )
                                     )
18                                   )
                                     )
19                                   )
                                     )
20                                   )

21

22

23

24

25   PROPOUNDING PARTY:        DEFENDANT DEBTOR KIMBERLY BARBOUR

26   RESPONDING PARTY:         PLAINTIFF/CREDITOR IVAN RENE MOORE

27   SET NO.:                  ONE

28

1                               **PRELIMINARY STATEMENT AND OBJECTIONS**

2                    **SPECIAL OBJECTION TO EACH AND EVERY REQUEST**

3        Much of the information responsive to these Requests is not in Plaintiff's possession.

4 Plaintiff has made a reasonable and diligent search and believes they are in the wrongful

5 possession of the propounding party, Defendant/Debtor.  They were at the 6150 Shenandoah

6 Avenue Property at the time of Plaintiff's wrongful eviction from his home.  Since 2012 they have

7 been in the wrongful possession of Defendant.  They are the subject of a Court Order in Moore vs.

8 Bragg BC 480013.  On November 8, 2013, Judge Michelle Rosenblatt has ordered the Defendant *The responding party is "required to inquire and investigate in order to learn about others' knowledge . .*

9 Bragg to turn over these documents to Plaintiff, but to date she has not.  Since then Plaintiff has *. [and] must at least make a reasonable effort to obtain the information requested." Interland,*

10 made a reasonable diligent and exhaustive attempts to retrieve this information and has not *Incorporated v. Bunting,* No. 1:04-CV-444-ODE, 2005 WL 2414990, at *6, 2005 U.S.

11 received it. Dist. LEXIS 36112, *19 (N.D. Ga. Mar. 31, 2005).  Responding party has satisfied this obligation but

12 Defendant Barbour has not returned any documents or properties to Plaintiff.

13        Plaintiffs object to this discovery request on the basis of vagueness and overbreadth.  In

14 addition, Plaintiffs submit to that the request is beyond the scope of permissible discovery.

15 Because a party does not need to be made aware of the contents of its own documents, the only

16 purpose for the request is to determine what information the Plaintiffs have discovered. Because

17 the second-hand knowledge of the plaintiff is not relevant nor reasonably calculated to lead to

18 admissible evidence, it is beyond the scope and objectives of legitimate discovery. FED. RULE

19 CIV. PRO. 26(b)(1). See, for example: Smith v. BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa.

20 1988). In addition, Plaintiffs object to this request on the basis that the defendant has equal or

21 greater access to the information sought. Furthermore, Plaintiffs object on the basis of the Attorney

22 Work Product Doctrine, insofar as the selection of the documents requested would reveal the

23 mental impressions, opinions, and/or trial strategy of some of Plaintiff's attorneys, to the extent

24 Plaintiff was represented by counsel in some actions or parts of some actions.    FED. RULE CIV.

25 PRO. 26(b)(3).(See, for example: Gould v. Mitsui Mining & Smelthing, 825 F.2d 676, 680 (2nd

26 Cir. 1987); Shelton v. American Motors, 805 F.2d 1323, 1328-1329 (8th Cir. 1986); Sporck v.

27 Pell, 759 F.2d 312, 316 (3rd Cir. 1985); James Julian v. Raytheon, 93 F.R.D. 138, 144 (D.Del.

28 1982); Smith v. Florida Power & Light, 632 So.2d 696 (Fla. App. 3rd Dist. 1994).

1    As such, the Defendant/Debtor propounds these requests in bad faith.

2    The Defendant/Debtor has failed to cooperate in discovery in violation of LR 7026 which states:

3

4    (c) Failure to Make Disclosures or Cooperate in Discovery.

5

6    (1) General. Unless excused from complying with this rule by order of the court for good cause

7    shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in

8    accordance with this rule.

9

10   (2) Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the

11   parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It

12   is the responsibility of counsel for the moving party to arrange the conference. Unless altered by

13   agreement of the parties or by order of the court for cause shown, counsel for the opposing party

14   must meet with counsel for the moving party within 7 days of service upon counsel of a letter

15   requesting such meeting and specifying the terms of the discovery order to be sought. Therefore

16   and pursuant to LBR 7026-1 Plaintiff responds in good faith complete and straightforward as the

17   information reasonably available; and Plaintiff answers to the extent possible; and Plaintiff has

18   "made a reasonable and good faith effort to obtain the information . To comply with

19   further requirements , whether any responsive materials are being withheld on the basis of that

20   objection, Plaintiff is not withholding any document of which he does not have possession.

21        There may be additional facts, evidence and witnesses of which Plaintiff is currently not

22   aware as his investigation and  discovery continues.

23        Additionally, this First Request for Production of Documents is  premature and therefore

24   oppressive and burdensome because Defendants have refused to be deposed,  Defendant Bragg has

25   refused to turn over Plaintiff's documents which she has acknowledged is in her possession and

26   that they are owned by Mr. Moore.

27        Plaintiff objects to First Request For Production of Documents,  because they are

28   purposely designed to harass Plaintiff because Defendant knows Plaintiff is without certain

1  documents.  Furthermore, Defendant propounds now knowing that Defendants will not submit to

2  their Deposition so that Plaintiff can inquire and ask her to bring his documents to prepare for trial.

3      Plaintiff objects further and because responses to the First Request for Production of

4  Documents because the documents are equally available to the propounder.  Many of the

5  responses are in the possession of Defendant Barbour and or contained in Court Records.  It is

6  unduly burdensome to produce these massive amounts of documents without the specificity

7  needed to respond.  Please see Alpine Mutual Water Co. v. Superior Court (1968), 259

8  Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;  Pantzalas v. Superior Court

9  (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v. Superior Court (1980),

10  110 Cal.App.3d 513, 52.

11      Finally Plaintiff objects to each and every request Plaintiff objects to the discovery request

12  because it socks to invade the Plaintiffs right to privacy.  Further, much of the information sought

13  is not relevant to the subject matter of the pending action because of the excessive time limitation,

14  2002, for example, or if so, does not outweigh the prejudice to Plaintiffs constitutional right to

15  privacy.

16

17  **RESPONSE TO REQUEST No. 1:**

18      Objection.

19      Plaintiff has stated many facts in his complaint which arise from documents in other court

20  actions against the Debtor/Defendant Barbour.      Additionally this Response is objected to under

21  all the objections in Plaintiff's Response to Special Interrogatories.   This request calls for a legal

22  conclusion.  All documents in response to this Request are in the possession of the

23  Debtor/Defendant or are equally available to the propounder.  Please see Alpine Mutual Water

24  Co. v. Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d

25  813; Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of

26  Alhambra v. Superior Court (1980), 110 Cal.App.3d 513, 52.

27  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

28  because the Defendant will not appear for her  deposition to bring the documents she has.

1  Therefore these  Requests are made in bad faith  and are premature.

2  And as such they are harassing and burdensome, and oppressive, and not reasonably calculated

3  at this time to lead to other discoverable evidence.

4  Without waiving said objection and responding in good faith, Plaintiff responds:

5  All documents upon which Plaintiff bases his contention on any claim are equally available.  See

6  the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

7  Judgements entered thereon on September 3, 2013, and September 8, 2013.   See also the other

8  actions Defendant/Debtor is a named party, and her two bankruptcy filings, both of which this

9  discovery arises and is in the possession of the propounding party.   Plaintiffs object to this

10 discovery request on the basis of vagueness and overbreadth. In addition, Plaintiffs submit to that

11 the request is beyond the scope of permissible discovery. Because a party does not need to be made

12 aware of the contents of its own documents, the only purpose for the request is to determine what

13 information the Plaintiffs have discovered. Because the second-hand knowledge of the plaintiff is

14 not relevant nor reasonably calculated to lead to admissible evidence, it is beyond the scope and

15 objectives of legitimate discovery. FED. RULE CIV. PRO. 26(b)(1). See, for example: Smith v.

16 BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa. 1988).  Plaintiff's discovery and investigation

17 continues. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18 Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19 could possibly be  produced on a later date if the defendant overcome the lawful objections.

20

21 **RESPONSE TO REQUEST NO. 2.**

22 Objection. The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

23 meant by "CONCERNING " , and " any of the property".

24 Without waiving said objection Plaintiff responds as follows:

25       . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

26 claim. Additionally this Request calls for a legal conclusion in the response.   Additionally this

27 information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

28 Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

1    Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

2    v. Superior Court (1980), 110 Cal.App.3d 513, 52.

3    Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

4    because the Defendant will not appear for her  deposition.

5    Therefore these Requests are premature and as such they are harassing and burdensome, and

6    oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

7    Without waiving said objection and responding in good faith, Plaintiff responds:

8    All documents  upon which Plaintiff bases his contention on any claim are equally available.  See

9    the Complaint in Moore vs. Martin Bragg. LASC BC 480013, the Special Verdicts and the

10    Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

11    Debtor/Defendant is a party, including her two bankruptcies.  Notwithstanding the valid objection

12    Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few

13    week to obtain certain document that will or could possibly be  produced on a later date if the

14    defendant overcome the lawful objections.

15    **RESPONSE TO REQUEST No.3:**

16    Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

17    meant by  "Police reports " ,  and " any of the property" and "reports claiming."

18    Without waiving said objection Plaintiff responds as follows:

19    Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since 2012.

20    Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his claim.

21    Additionally this Request calls for a legal conclusion in the response.   Additionally this

22    information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

23    Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

24    Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v.

25    Superior Court (1980), 110 Cal.App.3d 513, 52.

26    Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

27    because the Defendant will not appear for her  deposition, nor has she delivered to Plaintiff any of

28    his documents.

1  Therefore these Requests are premature and as such they are harassing and burdensome, and

2  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

3  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

4  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

5  possibly be  produced on a later date if the defendant overcome the lawful objections.

6

7  **RESPONSE TO REQUEST No. 4:**

8  Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

9  meant by  "Insurance reports ",  and " any of the property" and "reports claiming."

10  Without waiving said objection Plaintiff responds as follows:

11         Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since

12  2012.

13         . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

14  claim. Additionally this Request calls for a legal conclusion in the response.   Additionally this

15  information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

16  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

17  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

18  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

19  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

20  because the Defendant will not appear for her  deposition.

21  Therefore these Requests are premature and as such they are harassing and burdensome, and

22  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

23  All documents  upon which Plaintiff bases his contention on any claim are equally available.

24  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

25  because the Defendant will not appear for her  deposition Notwithstanding the valid objection

26  Plaintiff will have to fly to Milwaukee Wi. Louisville Kentucky and Evansville Ill in the next few

27  week to obtain certain document that will or could possibly be  produced on a later date if the

28  defendant overcome the lawful objections.

**RESPONSE TO REQUEST No. 5:**

Objection.

This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

v. Superior Court (1980), 110 Cal.App.3d 513, 52.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

because the Defendant will not appear for her deposition.

Therefore these Requests are premature and as such they are harassing and burdensome, and

oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

possibly be  produced on a later date if the defendant overcome the lawful objections.

**RESPONSE TO REQUEST No. 6:**

Objection.

This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v.

Superior Court (1980), 110 Cal.App.3d 513, 52.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

because the Defendant will not appear for her deposition.

Therefore these Requests are made in bad faith, premature and as such they are harassing and

burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

evidence.  The transcripts costs are around $21,656.00 the defendant will have to send a cashier's

check to obtain the requested transcript.

**RESPONSE TO REQUEST No. 7:**

1. Objection.   Irrelevant.   This request is vague and unintelligible in its present form.
2. Plaintiff does not know what is meant by " DOCUMENTS CONCERNING
3. COMMUNICATIONS".   It lacks particularity as required by the Federal Rules of Civil
4. Procedure and it is unduly burdensome.   It also violated Plaintiff's right to privacy.
5. The request also is objectionable as it calls for trade secrets.
6. Without waiving said objection Plaintiff responds:
7. Plaintiff has made a reasonable and diligent search and does not have the documents nor the
8. information.   These documents are or may be in the possession of the Defendant/Debtor.

**RESPONSE TO REQUEST No. 8:**

1. Objection.   This request is vague and unintelligible in its present form.
2. Plaintiff does not know what is meant by " DOCUMENTS CONCERNING
3. COMMUNICATIONS".   The request also is objectionable as it calls for trade secrets.   It lacks
4. particularity as required by the Federal Rules of Civil Procedure and it is unduly burdensome.   It
5. also violated Plaintiff's right to privacy.
6. The request also is objectionable as it calls for trade secrets.
7. Without waiving said objection Plaintiff responds:
8. Plaintiff has made a reasonable and diligent search and does not have the documents nor the
9. information.    These documents are or may be in the possession of the Defendant/Debtor.
10. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville
11. Kentucky and Evansville Ill in the next few week to obtain certain document that will or could
12. possibly be  produced on a later date if the defendant overcome the lawful objections.

**RESPONSE TO REQUEST No. 9:**

1. Objection.   This request is vague and unintelligible in its present form.
2. Plaintiff does not know what is meant by " DOCUMENTS CONCERNING
3. COMMUNICATIONS".   It lacks particularity as required by the Federal Rules of Civil Procedure
4. and it is unduly burdensome.   It also violated Plaintiff's right to privacy.

1  The request also is objectionable as it calls for trade secrets.

2  Without waiving said objection Plaintiff responds:

3  Plaintiff has made a reasonable and diligent search and does not have the documents nor the

4  information.   These documents are or may be in the possession of the Defendant/Debtor.

5  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

6  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7  possibly be  produced on a later date if the defendant overcome the lawful objections.

8

9  **RESPONSE TO REQUEST No. 10:**

10  Objection.  This request is vague and unintelligible in its present form.

11  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

12  COMMUNICATIONS".   " It lacks particularity as required by the Federal Rules of Civil

13  Procedure and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

14  The request also is objectionable as it calls for trade secrets.  Without waiving said objection

15  Plaintiff responds:  Plaintiff has made a reasonable and diligent search and does not have the

16  documents nor the information.   These documents are or may be in the possession of the

17  Defendant/Debtor. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18  Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19  could possibly be  produced on a later date if the defendant overcome the lawful objections.

20  **RESPONSE TO REQUEST No. 11**:

21  Objection.  This request is vague and unintelligible in its present form.

22  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the definition

23  dump.  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to

24  return them despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC

25  480013.  Without waiving said objection Plaintiff responds.

26  Plaintiff may have documents in Milwaukee but has not been able to obtain them as of the

27  making of these responses. Notwithstanding the valid objection Plaintiff will have to fly to

28  Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few week to obtain certain

1   document that will or could possibly be produced on a later date if the defendant overcome the

2   lawful objections.

3   **RESPONSE TO REQUEST No. 12:**

4   Objection. Vague and unintelligible.   Plaintiff Ivan Rene Moore has not had four bankrutpcies.

5   As such, Plaintiff objects to the form of question because it states a hypothetical or an

6   impossibility.

7   Further objection is made on the grounds that this information is equally available to the

8   propounder.   Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

9   Ryan v. Superior Court (1960), 186 Cal.App.2d 813;  Pantzalas v. Superior Court (1969), 272

10  Cal.App.2d 499, 503;  and specifically City of Alhambra v. Superior Court (1980), 110

11  Cal.App.3d 513, 52.   The propounder has access to PACER. Plaintiff's discovery is continuing

12  and Plaintiff has not had an opportunity to depose the Defendant because the Defendant will not

13  appear for her deposition. Therefore these Requests are made in bad faith, premature and as such

14  they are harassing and burdensome, and oppressive, and not reasonably calculated this time to lead

15  to other discoverable evidence.

16  **RESPONSE TO REQUEST No. 13:**

17  Objection.  This request is vague and unintelligible in its present form.

18  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the

19  definition.  Objection as to trade secrets.  Objections are also made as to trade secrets, and

20  attorney client privilege. Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and

21  has failed to return them despite court orders to do so.   See Orders of Judge Michelle Rosenblatt

22  in BC 480013. Objection is also made on the grounds that  information is equally available to the

23  propounder.   Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

24  Ryan v. Superior Court (1960), 186 Cal.App.2d 813;  Pantzalas v. Superior Court (1969), 272

25  Cal.App.2d 499, 503:  and specifically City of Alhambra v. Superior Court (1980), 110

26

27

28

1   Cal.App.3d 513, 52.  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to

2   depose the Defendant because the Defendant will not appear for her deposition.

3   Therefore these Requests are premature and as such they are harassing and burdensome, and

4   oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

5   Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

6   Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7   possibly be  produced on a later date if the defendant overcome the lawful objections.

8   **RESPONSE TO REQUEST No. 14:**

9

10  Objection.  This request is vague and unintelligible in its present form.  Furthermore this request

11  as stated is factually incorrect and is therefore improper and irrelevant.

12  Plaintiff does not know what is meant by " DOCUMENTS reflecting PLAINTIFF'S ALLEGED

13  ASSETS OF $50,0000, as claimed in his bankruptcy petition."  Plaintiff's bankruptcy petition is

14  public information and equally available as to what Plaintiff claimed.

15  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

16
    despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.
17

18  This information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

19  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

20  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

21  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

22  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

23
    Defendant because the Defendant will not appear for her deposition.  Therefore these Requests
24
    are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,
25

26  and not reasonably calculated this time to lead to other discoverable evidence.  Notwithstanding

27  the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and

28

1    Evansville Ill in the next few week to obtain certain document that will or could possibly be

2    produced on a later date if the defendant overcome the lawful objections.

3

4    **RESPONSE TO REQUEST No. 15:**

5    Objection.   This request is vague and unintelligible in its present form.

6    Plaintiff does not know what is meant by " held" by Plaintiff.   Furthermore Plaintiff objects on

7    grounds of privacy.  See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710 ; and

8    Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .

9

10   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

11   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

12   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13   Defendant because the Defendant will not appear for her deposition.

14   Therefore these Requests are made in bad faith, premature and as such they are harassing and

15   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16   evidence.  Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi,

17   Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

18   could possibly be  produced on a later date if the defendant overcome the lawful objections.

19   **RESPONSE TO REQUEST No. 16**

20   Objection.   This request is vague and unintelligible in its present form.

21   Plaintiff does not know what is meant by " CONCERNING" .  Further, the Defendant/Debtor has

22   Plaintiff's documents wrongfully, and has failed to return them despite court orders to do so.  See

23   Orders of Judge Michelle Rosenblatt in BC 480013.

24   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

25   Defendant because the Defendant will not appear for her deposition.

26   Therefore these Requests are made in bad faith, premature and as such they are harassing and

27   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

28

1  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

2  (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

3  1427 . Furthermore Plaintiff objects to the time as so old as to be irrelevant. Notwithstanding the

4  valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and

5  Evansville Ill in the next few week to obtain certain document that will or could possibly be

6  produced on a later date if the defendant overcome the lawful objections.

7  **RESPONSE TO REQUEST No. 17**

8  Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

9  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

10 Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

11 despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

12 Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13 Defendant because the Defendant will not appear for her deposition.

14 Therefore these Requests are made in bad faith, premature and as such they are harassing and

15 burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16 evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

17 (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

18 1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

19 Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

20 documents. Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi,

21 Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

22 could possibly be  produced on a later date if the defendant overcome the lawful

23 objections.**RESPONSE TO REQUEST No. 18**

24 Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

25 unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

26 Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

27 despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

28

1  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

2  Defendant because the Defendant will not appear for her deposition.

3  Therefore these Requests are made in bad faith, premature and as such they are harassing and

4  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

5  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

6  (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

7  

8  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

9  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

10  documents.

11  **RESPONSE TO REQUEST No. 19**

12  Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

13  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

14  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

15  despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

16  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

17  Defendant because the Defendant will not appear for her deposition.

18  

19  Therefore these Requests are made in bad faith, premature and as such they are harassing and

20  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

21  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

22  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

23  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

24  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

25  documents.

26  

27  

28

**RESPONSE TO REQUEST No. 20**

Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

and not reasonably calculated this time to lead to other discoverable evidence.  Furthermore

Plaintiff objects on grounds of privacy.  See *People v. Superior Court* (Kardon) (1973), 35 Cal.

App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this

evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

**RESPONSE TO REQUEST No. 21**

Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

Defendant because the Defendant will not appear for her deposition.

Therefore these Requests are made in bad faith, premature and as such they are harassing and

burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

(Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections.

1   Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

2   documents.

3   **RESPONSE TO REQUEST No. 22**

4   Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

5   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

6   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

7   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

8   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

9   Defendant because the Defendant will not appear for her deposition.     Therefore these Requests

10   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

11   and not reasonably calculated this time to lead to other discoverable evidence.   Furthermore

12   Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal.

13   App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 . Additionally this

14   evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

15   follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

16   **RESPONSE TO REQUEST No. 23**

17

18   Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

19   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

20   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

21   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

22   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

23   Defendant because the Defendant will not appear for her deposition. Therefore these Requests are

24   made in bad faith, premature and as such they are harassing and burdensome, and oppressive, and

25   not reasonably calculated this time to lead to other discoverable evidence.   Furthermore Plaintiff

26   objects on grounds of privacy.   See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710

27

28

1   : and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this evidence

2   may involve trade secrets. Without waiving said objections, Plaintiff responds as follows:

3   Plaintiff objects to these documents as irrelevant as to age of the documents.

4
    **RESPONSE TO REQUEST No. 24**
5
    Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and
6
    unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".
7
    Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them
8
    despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.
9
    Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the
10
    Defendant because the Defendant will not appear for her deposition.
11
12  Therefore these Requests are made in bad faith, premature and as such they are harassing and

13  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

14  evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

15  *(Kardon)* (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

16  1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections,

17  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

18
    documents.
19
20  **RESPONSE TO REQUEST No. 25**

21  Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

22  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

23  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

24  despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

25  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

26  Defendant because the Defendant will not appear for her deposition.

27

28

1  Therefore these Requests are made in bad faith, premature and as such they are harassing and

2  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3  evidence.

4       Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

5  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

6

7  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

8  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

9  documents.

10  **RESPONSE TO REQUEST No. 26**

11  Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

12  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

13  even with definitions included. Further, the Defendant/Debtor has Plaintiff's documents

14  wrongfully, and has failed to return them despite court orders to do so.  See Orders of Judge

15  Michelle Rosenblatt in BC 480013. Plaintiff's discovery is continuing and Plaintiff has not had an

16  opportunity to depose the Defendant because the Defendant will not appear for her deposition.

17  Therefore these Requests are made in bad faith, premature and as such they are harassing and

18  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

19  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

20  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

21

22  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

23  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

24  documents.

25  **RESPONSE TO REQUEST No. 27**

26  Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

27  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

28

1   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

2   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

3   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

4   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

5   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

6   and not reasonably calculated this time to lead to other discoverable evidence.   Furthermore

7   Plaintiff objects on grounds of privacy.  See *People v. Superior Court* (Kardon) (1973), 35 Cal.

8   App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this

9

10  evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

11  follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

12

13  **RESPONSE TO REQUEST NO. 28.**

14  Objection. The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

15  meant by "CONCERNING " , and " any of the property".

16  Without waiving said objection Plaintiff responds as follows:

17      . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

18  claim. Additionally this Request calls for a legal conclusion in the response.   Additionally this

19  information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

20  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

21  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

22  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

23  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

24  because the Defendant will not appear for her  deposition to determine her wrongful possession of

25  these documents.

26

27

28

1   Therefore these Requests are made in bad faith, premature and as such they are harassing and

2   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3   evidence. Without waiving said objection and responding in good faith, Plaintiff responds:

4   All documents upon which Plaintiff bases his contention on any claim are equally available. See

5   the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

6   Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

7   Debtor/Defendant is a party, including her two bankruptcies. Notwithstanding the valid lawful

8   objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the

9   next few week to obtain certain document that will or could possibly be produced on a later date if

10  the defendant overcome the lawful objections.

11  **RESPONSE TO REQUEST No. 29**

12  Objection. Irrelevant FRE 410 and CEC 210. Attorney Client Privilege. ( See *Deary v. Superior*

13  *Court (Hendrick)* (2001), 87 Cal.App.4th 1072, ;See Stadish v. Superior Court (1999) 71

14  Cal.App.4th 1130, 1140-1141 [84 Cal.Rptr.2d 350]; Scottsdale Ins. Co. v. Superior Court (1997)

15  59 Cal.App.4th 263, 274 [69 Cal.Rptr.2d 112].)"  Mr Hills and Plaintiff are represented in actions

16  by the same attorney.This Request is overly broad and vague and ambiguous as to which

17

18  "COMMUNICATIONS" are requested.  As such Plaintiff objects to the form of this question as

19  C.C.P.§2031.030(c)(1) failing in "describing each individual item or by reasonably particularizing

20  each category...."This request is compound, and conjuctive and unintelligible in its present form.

21  Vague as to "CONCERNING". Even with the definition provided Plaintiff cannot understand

22  what is meant by this Request and "CONCERNING". Objection as to trade secrets. (See Standish

23  v. Superior Court (1999), 71 Cal.App.4th 1130, 1141) This request is unduly burdensome and

24  overbroad because much of what it seems to call for is irrelevant to this action with regard to

25  communications with Ronald Hills.  It lacks the particularity and specificity so Plaintiff is unable

26  to respond.   Objection as to privacy and unduly intrusive.  And objection as to relevancy in time.

27  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

28

1    Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

2    possibly be produced on a later date if the defendant overcome the lawful objections.

3    **RESPONSE TO REQUEST No. 30**

4    Plaintiff is unable to produce documents which Defendant/Debtor has Plaintiff's documents

5    wrongfully, and has failed to return them despite court orders to do so.   See Orders of Judge

6    Michelle Rosenblatt in BC 480013.

7    Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

8    Defendant because the Defendant will not appear for her deposition.

9

10   Therefore these Requests are premature and as such they are harassing and burdensome, and

11   oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

12   Objection. Privilege California recognizes a "privilege against forced disclosure of tax returns" in

13   "civil discovery proceedings." Schnabel v. Superior Court (1993) 5 Cal.4th 704.   Webb v.

14   Standard Oil Co. (1957) 49 Cal.2d 509. 513.)   Additionally this request violates Plaintiff's right to

15   privacy. Objection is made also in that this is unduly burdensome and irrelevant, and exceed time

16   limitations therefore are irrelevant.

17   Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

18   Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

19   possibly be produced on a later date if the defendant overcome the lawful objections.

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I am the Plaintiff in the above entitled matter. I have read the foregoing **IVAN RENE MOORE**

**RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMENTS** and know the contents thereof.    With respect to these

Responses, the same is true by my own knowledge, except as those matters which are therein

stated on information and belief, and, as to those matters, I believe them to be true.

Notwithstanding this litigation is ongoing and this plaintiff reserves his right to modify his

answers if new information is discovered.


I declare under the penalty of perjury under the laws of the United States, that the forgoing is true

and correct.

Dated:  May 3th, 2017

Ivan Rene Moore

Plaintiff  In Pro Se

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am party to the action within. My business address is 1236 Redondo Blvd, Los Angeles, California 90019. On May 3rd, 2017, I served the foregoing documents described as:

**IVAN RENE MOORE RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE**

on the interested parties in this action by email and by placing true copies thereof enclosed in a sealed envelope and addressing as follows:

Steven Schuman

(Attorney for Defendant Bragg)

9460 Olympic Blvd

Los Angeles California 90212

Executed on May 3rd, 2017 at Los Angeles, California. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Ivan Rene Moore

# EXHIBIT

# N

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**BC480013**                                                August 26, 2020
**IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG**                 8:30 AM

| | |
|---|---|
| Judge: Honorable Holly J. Fujie | CSR: None |
| Judicial Assistant: O.Chavez | ERM: None |
| Courtroom Assistant: B.Chavez | Deputy Sheriff: None |

did not set forth a deadline for Defendant to comply with such judgment. Thus, due to the lack of a clear and definite deadline therein, Plaintiff is not in violation of the Court's November 8, 2013 interlocutory judgment by a purported failure to return the property as of this date.

Therefore, Plaintiff's request for contempt to obtain the subject property is not the appropriate procedural mechanism.

Issue No.2: Impossibility

"The facts essential to jurisdiction for a contempt proceeding are (1) the making of the order; (2) knowledge of the order; (3) ability of the respondent to render compliance, [and] (4) willful disobedience of the order." (Application of Liu (1969) 273 Cal.App.2d 135, 140.)

The Court finds that based on Defendant's declaration, there is no possibility that Defendant can comply with the Court's November 8, 2013 judgment. Defendant has clearly declared, under the penalty of perjury, that she no longer possesses any of the property at issue in the November 8, 2013 judgment due to the writ executed by Wells Fargo. Thus, under Liu, there is no basis for this Court to hold Defendant in contempt or order an OSC re: contempt. Plaintiff provides no legal authority to support an argument that inconsistent or contradictory statements in pleadings or affidavits rise to the level of contemptable behavior, or that inconsistent and contradictory statements are per se false and warrant a finding of contempt.

Plaintiff only presents speculative facts in his declaration to support contempt against Defendant. A court, however, is to accept a self-serving declaration filed by a party. (Scalf v. D.B. Log Homes, Inc. (2005) 128 Cal.App.4th 1510, 1521-1522.) Plaintiff has presented no evidence that Defendant is in fact aware that the property at issue is in her garage.

Therefore, the Court DENIES WITH PREJUDICE Plaintiff's renewed motion in its entirety.

Moving party is ordered to give notice of this ruling.

Dated this 26th day of August 2020

HOLLY J. FUJIE
_____
Hon. Holly J. Fujie
Judge of the Superior Court

---

Minute Order                                              Page 8 of 9

# EXHIBIT

# O



# EXHIBIT

# P

Proceeding Complaint, para. 78.)) The bankruptcy court "dismiss[ed] the adversary proceeding with prejudice due to [Moore's] failure to pay the sanctions" of $13,000 due under a sanctions order, without addressing Moore's arguments under Section 523. (RFJN, Exh. 6 (11/17/17 Order.))

Bragg's Ex Parte Application does not address Section 523(a) at any point. This argument is not new to Bragg and is reiterated in Moore's Opposition to the Application. Given that the Final Judgment followed a jury verdict finding Bragg liable for conversion and trespass to chattels in the amount of $3.15 million based on allegations that Bragg took Moore's property after evicting him, the Final Judgment may represent a debt for Bragg's "willful and malicious injury . . . to the property of another entity." (11 U.S.C. sec. 523(a)(6).) Bragg does not argue the dismissal of Moore's adversary proceeding constituted a determination that the Final Judgment was discharged. On the other hand, Judge Fujie found on December 1, 2021 that "the Money Judgment evidenced in the Final Judgment was itself discharged in Defendant's bankruptcy proceeding," indicating that the discharge may have encompassed Moore's judgment.

Bragg's Ex Parte Application provides insufficient grounds for Department 1 to determine on an ex parte basis that the bankruptcy court's January 9, 2017 order discharging Bragg's debts encompassed the Final Judgment (or its monetary component). There is no evidence that any judge has yet addressed whether the Final Judgment falls under Section 523(a)(6). However, the dismissal of Moore's adversary proceeding *with prejudice* and Judge Fujie's December 1, 2021 Order indicate the Final Judgment was indeed discharged. This critical issue goes to the validity of a $3.15 million judgment at the heart of this litigation and is much better-suited to determination by a fully noticed motion before Judge Fujie rather than an ex parte application before Department 1, particularly where Judge Fujie may already have some familiarity with the issue.

**RULING**
**JUDGE DAVID J. COWAN**
**DEPARTMENT 1**

| | |
|---|---|
| Date: | Tuesday, December 21, 2021 |
| Case Number: | BC480013 |
| Case Name: | *Ivan Renee Moore v. Kimberly Martin-Bragg* |
| Moving Party: | Kimberly Bragg |
| Responding Party: | Ivan Rene Moore |
| Ex Parte Application: | Recall Writ of Execution and Cancel Abstract of Judgment |

Ruling:    **The Application is GRANTED AS STATED HEREIN. Enforcement of the Writ of Execution is stayed pending a final determination of whether the Final Judgment was discharged during Bragg's bankruptcy proceedings. The Application is otherwise DENIED WITHOUT PREJUDICE.**

## BACKGROUND

On November 8, 2013, following a jury trial, the Court entered an interlocutory judgment in favor of Ivan Renee Moore and against Kimberly Bragg for $3.15 million, finding Bragg liable for conversion and trespass to chattels in taking Moore's personal property after an eviction. The interlocutory judgment required Bragg to return certain property to Moore with reductions in the damages Bragg must pay based on the property returned.

On May 23, 2016, the civil court entered a Final Judgment incorporating and superseding the interlocutory judgment.

On September 28, 2016, Bragg filed for Chapter 7 bankruptcy.

On January 9, 2017, the bankruptcy court issued an order discharging Bragg's debts "under 11 U.S.C. [sec.] 727." (RFJN, Exh. 6.)[1]

---

[1] The Court grants Bragg's unopposed requests for judicial notice of several court filings and orders, including orders of the. U.S. Bankruptcy Court for the Central District of California in case no. 2:16-bk-22878-BR, Bragg's Chapter 7 bankruptcy proceeding.

1

On September 27, 2021, Moore obtained a Writ of Execution for $3.15 million based on the Final Judgment.

On November 16, 2021, Moore obtained an abstract of judgment. (RFJN, Exh. 12.)

On November 24, 2021, Moore recorded the abstract of judgment, which "may constitute a lien against" 6150/6160 Shenandoah Avenue, Los Angeles, CA 90056. (RFJN, Exh. 13.)

On December 14, 2021, Kimberly Bragg filed an Ex Parte Application to Recall Writ of Execution and Cancel Abstract of Judgment.

On December 16, 2021, Ivan Renee Moore filed an Opposition to the Ex Parte Application.


## DISCUSSION

Bragg seeks to recall and cancel the Writ of Execution issued September 27, 2021 and abstract of judgment issued November 16, 2021 on the grounds that both are based on the Final Judgment purportedly discharged by the bankruptcy court on January 7, 2021. Bragg contends emergency relief is warranted because the cloud resulting from the recordation of the abstract of judgment will impact the refinancing of her home if not cleared. (See CCP sec. 697.310(a) ("Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.")) Bragg alleges her "loan cannot close" and she "will lose [her] rate lock and suffer substantial monetary damages" if the lien is not cleared "immediately." (Bragg Decl., para. 7.) Bragg also contends she is at immediate risk of invalid collection from Moore pursuant to the live Writ of Execution. Bragg alleges emergency relief is necessary to avoid losing her "rate lock" for her refinancing and to avoid collection under the Writ of Execution.

Bragg has not established exigent circumstances with respect to her alleged refinancing. (CRC 3.1202(c) ("An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.")) Bragg's Declaration is vague regarding the specific property at issue, the rate lock, the extent of monetary damages suffered if the rate is lost, or any other relevant details. Moreover, there is no supporting evidence showing that Bragg has a rate lock or that the rate lock is "immediately" threatened by the lien from the recordation of the abstract of judgment (e.g., a letter from the lender on this subject). Bragg has not made an affirmative factual showing of irreparable harm or immediate danger from the abstract of judgment. However, the risk of Moore levying on Bragg's assets under a potentially invalid Writ of Execution represents an immediate danger to Bragg. Thus, the Court reaches the merits of the Application with respect to the Writ of Execution.

On January 9, 2017, the bankruptcy court granted Bragg a "discharge under 11 U.S.C. [sec.] 727." (RFJN, Exh. 2; 11 U.S.C. sec. 727(b) (Except as provided in section 523 of this title, a discharge under . . . this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...")) However, a "discharge under section 727 . . . does not discharge an individual debtor" from certain types of debts enumerated in 11 U.S.C. sec. 523(a). In particular, a discharge under section 727 does not discharge an individual debtor's debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," among other exceptions. (11 U.S.C. sec. 523(a)(6).)

Following Bragg's discharge, Moore filed an adversary proceeding in bankruptcy court arguing that "the judgment in LASC case number BC480013 is NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. [sec.] 523(a)(2), (4), (6) and (11))." (RFJN, Exh. 6 (Adversary

Finally, it is unclear what statutory mechanism or authority Bragg relies upon to seek cancellation or recall of the recorded Abstract of Judgment and resulting lien. (See CPP sec. 697.310, *et seq.* (statutory scheme for judgment liens on real property)) It is thus unclear from the Application that the Court can grant the requested relief with respect to the Abstract of Judgment and/or the lien.

Hence, the Court declines to now discharge, cancel, or recall the Abstract of Judgment and Writ of Execution. Instead, in order to maintain the status quo pending determination of this issue and to avert any immediate danger to Bragg from the Writ of Execution, the Court stays enforcement of the Writ of Execution pending further order. Moore is not permitted to levy on Bragg's assets pursuant to the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharged by the bankruptcy court. The Application is otherwise DENIED WITHOUT PREJUDICE.

# EXHIBIT

# Q

1                 UNITED STATES BANKRUPTCY COURT

2                 CENTRAL DISTRICT OF CALIFORNIA

3                     --oOo--

4 In Re:                   )  Case No. 2:16-bk-22878-BR
                       )

5 KIMBERLY BARBOUR,         )  Chapter 7
                       )

6        Debtor.          )  Los Angeles, California
                       )  Tuesday, May 10, 2022

7 _____ )  2:00 p.m.
                       )
MOORE,                   )

8                      )  Adv. No. 2:22-ap-01058-BR
       Plaintiff,       )

9                      )

10     vs.                )
                     )
BARBOUR, ET AL.,          )

11                      )
       Defendants.      )

12 _____ )
                     )

13 MOORE,                  )  Adv. No. 2:22-ap-01080-BR
                     )

14        Plaintiff,       )
                     )

15     vs.                )
                     )

16 BARBOUR, ET AL.,          )
                     )

17        Defendants.      )

18 _____ )

19

20

21

22

23

24
Proceedings recorded by electronic sound recording;

25 transcript produced by transcription service.

ii

1             STATUS CONFERENCE RE COMPLAINT
1. DEBTOR'S FRAUD PURSUANT TO
2             28 USC SECTION 523(a)(2)(A)
2. DEBTOR'S FRAUD PURSUANT TO
3             28 USC SECTION 523(a)(2)(B)
3. DEBTOR'S FRAUD PURSUANT TO
4             28 USC SECTION 523(a)(4)
4. DEBTOR'S FRAUD PURSUANT TO
5             28 USC SECTION 523(a)(6)
5. LARCENY/CONTINUING
6             CONVERSION
7. FRAUDULENT TRANSFERS
7             8. CONSTRUCTIVE TRUST
9. VIOLATION OF PENAL CODE
8             SECTION RECEIVE AND/OR
CONCELING STOLEN PROPERTY
9             ALLEGATION FOR PUNITIVE
DAMAGES
10

11           HRG. RE MOTION TO DISMISS
ADVERSARY PROCEEDING IN ITS
12           ENTIRETY PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE
13           12(b)(6)

14           STATUS CONFERENCE RE COMPLAINT
FOR DAMAGERS FOR
15           1. BANKRUPTCY FRAUD (18 U.S.C.
SECTION 157)
16           2. BANKRUPTCY FRAUD (18 U.S.C.
SECTION 152
17           3. BANKRUPTCY FRAUD (18 U.S.C.
SECTION 521)
18           4. INDEPENDENT ACTION FOR
RELIEF FROM DISCHARGE ORDER TO
19           REMEDY FRAUD UPON THE COURT
5. CAUSES OF ACTION UNDER 11
20           U.S.C. SECTION 523(a)(6)
6. CAUSES OF ACTION UNDER 11
21           U.S.C. SECTION 727(a)(3)

22           HRG. RE MOTION TO DISMISS
ADVERSARY PROCEEDING IN ITS
23           ENTIRETY PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE
24           12(b)(6)

25

iii

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BARRY RUSSELL
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | STEVEN A. SHULMAN, ESQ.<br>Leonard, Dicker & Schreiber<br>9430 Olympic Boulevard<br>Suite 400<br>Beverly Hills, California<br>  90212<br>(310) 551-1987 |
| For the Creditor: | IVAN RENE MOORE, IN PRO PER<br>1236 Redondo Boulevard<br>Los Angeles, California 90019<br>(323) 932-9439 |
| Court Recorder: | Wanda Toliver<br>United States Bankruptcy Court<br>Edward R. Roybal Federal<br>  Building<br>255 East Temple Street<br>Los Angeles, California 90012 |
| Transcriber: | Briggs Reporting Company, Inc.<br>9711 Cactus Street<br>Suite B<br>Lakeside, California 92040<br>(310) 410-4151 |

1

1    LOS ANGELES, CALIFORNIA  TUESDAY, MAY 10, 2022  2:00 PM

2                              --oOo--

3    (Call to order of the Court.)

4         THE CLERK:  Could you please be seated?  Number

5    One through Four, Kimberly Barbour.

6         THE COURT:  Okay.  Give your appearances, please.

7         MR. SCHUMAN:  Yes.  Good afternoon, your Honor.

8    Steven Schuman on behalf of all of the Defendants in both

9    actions.

10        THE COURT:  Okay.

11        And, Mr. Moore?

12        MR. MOORE:  Good afternoon, your Honor.  Ivan

13   Renee Moore, creditor, Plaintiff.

14        THE COURT:  Okay.  So this is a number of things.

15   A status conference on this -- actually, there are two

16   complaints.  A motion to dismiss both of the complaints.  So

17   those are the four items.

18        You're the Movant, do you want -- I've read

19   numerous times the papers, so if you come to the podium.

20        MR. SCHUMAN:  Yes, your Honor.

21        THE COURT:  All right.

22        MR. SCHUMAN:  If you want to make light work of

23   it, you can -- you can --

24        THE COURT:  Well, no I -- I've read, I've read

25   extensively.  I've read this numerous times, but the both of

2

1  you have a chance to summarize --

2           MR. SCHUMAN:  Right.

3           THE COURT:  -- your argument.  But there, there

4  are two.  Let's take them one at a time.  The arguments I

5  know are very -- from your standpoint are similar, but the

6  complaints are not identical.  So --

7           MR. SCHUMAN:  Not identical, but close enough to

8  discuss together.  The easy way to dismiss both of them as a

9  matter of law is that they're five years after the filing

10  deadline for an adversary.

11           THE COURT:  But those -- there are a number of

12  things you've raised, and -- because they are different.

13  There are a number of grounds.  And by the way, I'm not

14  going to have any argument.

15           You say I -- Mr. Moore, you made a motion to

16  evidence and all sorts of -- and discovery.  This is a

17  matter of law, so I'm not going to argue with you.  But

18  that's why I've denied it, because this is not a trial, this

19  is a motion and these are issues of law.

20           And so, that's why, that's why I denied that, so,

21  so we know just so --  for the procedural -- let me get my

22  -- let me get the motions and the complaints, because I'm

23  just going to go -- there are a number of things.  Of

24  course, the one thing they have somewhat in common of -- is

25  Section 523(a)(2), (4) and (6), which was -- but even the

3

1  original complaint, just so we know what we're talking

2  about.  The original complaint I have a copy of, just a

3  sheet.

4          It was, one, fraudulent bankruptcy filing, 18

5  U.S.C. 157, nondischargeability, 523(a)(2),(4), (6).

6  conversion, embezzlement, fraudulent transfers, replevin,

7  false light, tortuous interference with perspective economic

8  advantage,  fraud, defamation, constructive trust, negligent

9  misrepresentation.  That was the original complaint.

10         So -- and so let me go through the -- just to

11 summarize.  We'll take them one at a time, but I know you're

12 response was pretty much the same, but I want to make the

13 record clear for everybody's sake.

14         And these -- let's take -- there are two

15 complaints.  Which one -- let's see.  On the calendar one is

16 adversary number 22878.  Let me see which one -- Stacey,

17 which one is that on the calendar?

18         THE CLERK:  There's 22-01058.

19         THE COURT:  Okay.  We have 22, we have this one,

20 right.  This is --

21         THE CLERK:  So this is this one.

22         THE COURT:  That's this one?

23         THE CLERK:  Right.

24         THE COURT:  Well, wait, that's --

25         THE CLERK:  That's the adversary.

4

1            THE COURT:  Well, isn't this --

2            THE CLERK:  That's the main case.

3            THE COURT:  I'm sorry.  I was giving the case

4  number.  Okay.  So the two adversaries, one is 01058, and

5  the other one is -- if you could get me just the complaint.

6  Okay.  And the other one is -- no, 01058.  That's the one

7  you just handed me.

8            THE CLERK:  Right.

9            THE COURT:  Do we have other one?

10            THE CLERK:  The other one is 01080.

11            THE COURT:  Yeah.  Could you find that here?

12            THE CLERK:  Those are the two right there.

13            THE COURT:  That's these?

14            THE CLERK:  Yes.                            .

15            THE COURT:  Yeah.  If you could get me just the

16  complaint.  There we go.  It should be -- here we go.  This

17  is the complaint.

18            THE CLERK:  Yes.

19            THE COURT:  Here we -- okay.  So, which one's on

20  the calendar first?

21            THE CLERK:  The first one was the 58 one.

22            THE COURT:  Okay.  Is the -- is this other one.

23  Okay.

24            Okay.  Fraudulent transfers, trust -- okay.  The

25  -- they are actually similar but slightly, slightly

5

1  different.  The -- okay.  So, your motion and your, in

2  particular, your response to the opposition, was pretty much

3  the same, but, still, why don't you go through them or --

4           MR. SCHUMAN:  Of course, your Honor.  The first,

5  again, the first thing that just ends both hearings is that

6  he's five years past the deadline to file an adversary

7  proceeding.

8           THE COURT:  Right.

9           MR. SCHUMAN:  So that's --

10          THE COURT:  Well, that's at least on the

11  523(a)(2), (4) and (6).

12          MR. SCHUMAN:  Well, it -- okay.  And he's got no

13  -- it's not the business of this bankruptcy court to

14  adjudicate, for example, fraud -- state law fraud claims

15  that he's --

16          THE COURT:  Well, that's basically what you're

17  argument is.  There are two things.  One is, some of these

18  things just don't make any sense, for instance, penal code

19  violations, and I'll get --

20          MR. SCHUMAN:  Right.

21          THE COURT:  This is not a criminal court, as I've

22  been -- so, some of these things are just -- Mr. Moore, I'll

23  get to you in a minute, just thrown in things.  This is not

24  a criminal court.  So, for instance, let's take the 01508.

25  You have the 523(a)(2), (4), all those, the first four, and

6

1   then I'm talking about the adversary 01058.

2          The complaint says -- the first four causes of

3   action, I've gone through this before, res judicata,

4   collateral estoppel.  I've already dismissed the complaint.

5   They're the same claims as before.

6          Then you have larceny, continuing conversion, all

7   these, constructive trust and then, of course, you have

8   receiving and/or concealing stolen property.  I've read all

9   the papers about the going out to the house and finding this

10  car and all that.  But you're quite correct though, those

11  are all post-bankruptcy.  And so the -- those, the

12  continuing -- those are not appropriate for this Court.

13         So --

14         MR. SCHUMAN:  I mean, here's the simple --

15         THE COURT:  -- so your argument, as far as the

16  things that happened after the bankruptcy, if -- at least as

17  to this complaint -- and they have been -- has been

18  litigation.  I know just by seeing the Judge Otis Wright, it

19  was between Wells Fargo, all having to do with the personal

20  property, as I recall --

21         MR. SCHUMAN:  Right.

22         THE COURT:  -- competing interests in the

23  property.  And I indicated before when I lifted the stay as

24  to that, that's up to the state court, that litigation, and

25  that really is all the other things, that is, continuing

7

1   conversion.   The violation of the penal code, again, is

2   just, unfortunately, frivolous, Mr. Moore.   This is not a

3   criminal court.   That's not a proper one for me to even

4   consider.   Fraudulent transfers is not appropriate.   That's

5   this particular complaint.

6          Have I -- and have I -- have I -- for your

7   argument, of course, obviously this is with you.   I'll hear

8   from -- that's the one complaint.   The only -- and then

9   there's the other complaint, that is, the 01080.   They're

10  two separate complaints.

11         Now, they, they deal with -- the first two, and on

12  that second, on the 01080, have to do with criminal.   Again,

13  section eight -- Title 18, 157, 152, all -- those are

14  criminal statutes.   This is not a criminal court, so those

15  pretty clearly I have nothing to do with.

16         Causes of action, then there's -- this is new, and

17  there's also a cause of action under 523(a)(6) or 727.

18  These are all -- and for the damages.   The one that is new

19  is under the 01080, is Rule 60(d)(3)'s fraud upon the court,

20  as basically asking to undo the discharge.   Well, the

21  problem with that is, it's basically asking for revocation

22  of discharge, and that's covered by the statute, 727, which

23  is a one-year reach back.

24         So -- and again, I'm just summarizing what I know

25  you said in your papers, but you'll get the -- since you're

8

1  the Movant, you'll get the second-to-the-last word on this.

2  But do you have anything to add at this point?

3          MR. SCHUMAN:  Well, yeah.  I think -- I like to

4  make things simple.

5          THE COURT:  Okay.

6          MR. SCHUMAN:  If what he's complaining about

7  happened before the discharge, then it's discharged.

8          THE COURT:  Right.

9          MR. SCHUMAN:  If it happened after the discharge,

10 then it happened after the bankruptcy was filed, and it's

11 not part of this bankruptcy, and he can go file in state or

12 federal court or wherever there might be jurisdiction.

13          So, there's no room for him to have a client that

14 he has -- that belongs here.

15          THE COURT:  And by the way, I forgot the and, and

16 I'll mention this to Mr. Moore.  You had asked for like

17 defaults about these folks that I don't have any

18 jurisdiction -- this is not your bankruptcy case, this is

19 the Debtor's bankruptcy case.

20          I have no -- you've been complaining about

21 jurisdiction.  I think it was wrong in many respects, but in

22 this particular case, you have these suits against Steve

23 Schuman, against the law firm, other people.  It's pretty

24 clear as a matter of law, I don't have any jurisdiction over

25 those folks.  I'm not saying you have a good cause of action

9

1  or not.  I have no opinion on that.  But if you're going to

2  sue them, it's not going to be in this court, it's going to

3  have to be somewhere else.  I guess it only leaves, you

4  know, federal district court of state court.

5         I'm not suggesting for either of you anything, but

6  I can tell you it is not in this court.  I don't have any

7  jurisdiction over those folks.  Maybe you have good

8  complaints about what they did or didn't do, but this is not

9  the court.   This is a bankruptcy court dealing with the

10 bankruptcy of Kimberly Barbour.

11        And so -- so -- and it's not -- again, I'm just

12 adding ad nauseam, this is not a criminal court.  I have no

13 jurisdiction over these alleged violations.  And any causes

14 of action under 727 and 523, as I indicated before, the time

15 has long since passed.

16        So, you wanted -- I'm sorry I interrupted you.

17 And then, of course, I'll hear from Mr. Moore, but what do

18 you have to say?

19        MR. SCHUMAN:  There's one other way to look at

20 this that's from an overview in simplicity.  Everything that

21 Mr. Moore is complaining about relates to the same personal

22 property.  Now he changes what the personal property is,

23 sometimes it's bearer bonds or gold bars --

24        THE COURT:  Or a car.

25        MR. SCHUMAN:  -- and sometimes it's a vehicle, a

10

1  car, and recording equipment.  This is the same personal

2  property that was subject to the state case in 2013.  Same

3  personal property that was subject to that prior --

4              THE COURT:  Well, it was a judgment of over

5  $3,000,000.

6              MR. SCHUMAN:  Right.  And the same one that was --

7  same personal property that we talked about in the adversary

8  years ago that was dismissed.

9              THE COURT:  Right.

10             MR. SCHUMAN:  So, for example, what he says now

11 is, ah-ha, the car, which is on the list of personal

12 property, was discovered recently.  Well, it wasn't.  That's

13 a lie, but you can't make that determination on the

14 pleadings.

15             THE COURT:  No, on the papers, I have to assume

16 that's accurate --

17             MR. SCHUMAN:  On the pleadings you have to assume

18 it's true as --

19             THE COURT:  -- not that it's correct.

20             MR. SCHUMAN:  --- as silly as it may be.  But the

21 problem is for him, is we already litigated that property.

22 It's the same property that he said was concealed before,

23 that would justify knocking out the discharge.

24             THE COURT:  Right.

25             MR. SCHUMAN:  It's the same property he sued Wells

11

1  Fargo about.  It's the same property that the Federal

2  District Court, Central District, said, stop suing about

3  this personal property.

4          THE COURT:  Well, that's what Judge Wright said.

5          MR. SCHUMAN:  That's right.  Stop suing about the

6  same personal property.  It's not just a vexatious litigant

7  suing a lot, it's a vexatious litigant suing over and over

8  again about the same property.

9          THE COURT:  I understand that.  We had a

10 conversation last time.  I was quite surprised by your

11 response.  You argue in your papers, which I disagree with,

12 that the district court's vexatious litigant applies here.

13 It just does not.

14         And then I asked you, and I was surprised, because

15 you could of course file, if you wish to, the same motion,

16 which would have -- and depending on the result, would

17 result in here.  And I was started, quite frankly, since you

18 cite Judge Wright's opinion that it applies here, it

19 doesn't, but you could do the same here.  And you -- did you

20 talk about that with your client?

21         MR. SCHUMAN:  Your Honor, we --

22         THE COURT:  Because you had --

23         MR. SCHUMAN:  -- we're -- at this point, you know,

24 everything that we do costs money, even if we don't bill all

25 of it.

12

1      THE COURT:  Well, I can tell in this case, it's

2  not going to be the end of it.  Whatever I do will be

3  appealed, and it may end up in, probably in the state court

4  at some point.

5      MR. SCHUMAN:  Well --

6      THE COURT:  So this is not going to end.  The only

7  way things end is if we have an order like Judge Wright's.

8      MR. SCHUMAN:  Okay.

9      THE COURT:  I'm not suggesting I would or would

10  not grant it, but that is a road that --

11      MR. SCHUMAN:  Okay.

12      THE COURT:  -- that you could do or not do, but

13  Judge Wright did it, but I'm -- because it's clear his

14  order, given -- I read it several times, it was clear he's

15  talking about file with magistrate judges.  There's no

16  mention of bankruptcy in there.  So it's clear to me that he

17  did not in any way intend that it would have to do with

18  anything filed in this Court.

19      MR. SCHUMAN:  I disagree, your Honor, but

20  you're --

21      THE COURT:  No, well, you -- well, no, I --

22      MR. SCHUMAN:  -- you're wearing the robe so that

23  you -- yeah.

24      THE COURT:  You can disagree all you want --

25      MR. SCHUMAN:  Right.

13

1    THE COURT:  -- but it's absolutely clear to me --

2    MR. SCHUMAN:  Okay.

3    THE COURT:  -- that that order doesn't stop --

4    MR. SCHUMAN:  Right.

5    THE COURT:  -- Mr. Moore from filing things --

6    MR. SCHUMAN:  Right.

7    THE COURT:  -- in this Court.

8    MR. SCHUMAN:  Right.  And --

9    THE COURT:  But you could file a motion, and to my

10 amazement --

11    MR. SCHUMAN:  I'll discuss it with my client,

12 but --

13    THE COURT:  -- you haven't done that.  Whether I

14 -- how I would rule is a different question, but you have

15 that role and you haven't done it.  So I just throw that

16 out.

17    MR. SCHUMAN:  I understand.  But last time we

18 spoke, you know, even if I filed that motion, it wouldn't

19 retroactively knock out these cases.  We have to deal

20 with --

21    THE COURT:  Well, nothing does.  Nothing is

22 retroactive.

23    MR. SCHUMAN:  Right.  Right.  So, we have to deal

24 with these and get them dismissed, and then he'll appeal and

25 he won't file the record, and his appeal will get

14

1  dismissed --

2          THE COURT:  Well, I don't --

3          MR. SCHUMAN:  -- if history repeats itself.

4          THE COURT:  Well, that's up to the appellate

5  court.  It has nothing to do with me.  No.

6          MR. SCHUMAN:  Or course, your Honor.

7          THE COURT:  No.  Seriously --

8          MR. SCHUMAN:  I know -- of course --

9          THE COURT:  -- that's up to the district court or

10 the Bankruptcy Appellate Panel or the circuit or whomever.

11 It's not up to me.

12         MR. SCHUMAN:  Yeah.  The --

13         THE COURT:  So, anyway, why don't you continue.

14         MR. SCHUMAN:  So, the really -- I don't think it,

15 I don't think it benefits the Court to go -- for me to go on

16 any further.  The Court -- I think the Court understands

17 this.

18         THE COURT:  Well, I've read your papers, as well

19 as --

20         MR. SCHUMAN:  Right.  I think it's --

21         THE COURT:  -- Mr. Moore's.

22         MR. SCHUMAN:  I think you understand that you've

23 got --

24         THE COURT:  Well, you'll be able to respond to

25 anything that Mr. Moore says.

15

1          MR. SCHUMAN:  Of course.

2          THE COURT:  All right.  Mr. Moore.

3          MR. SCHUMAN:  Thank you.

4          THE COURT:  All right.

5          MR. MOORE:  Thank you, your Honor.  The case that

6  we are dealing with is adversary number 01058, correct?

7  That's the first --

8          THE COURT:  Okay.  We can start with that one.

9          MR. MOORE:  That's correct.

10          THE COURT:  I had mentioned -- well, there -- what

11  was the number you said again?  10058 (sic) is one of them.

12          MR. MOORE:  Zero -- correct.

13          THE COURT:  Okay.  We can start with that one.

14          MR. MOORE:  Fine.  This adversary complaint is

15  clearly about conspiracy to hide other's assets that the

16  Debtor claims she did not have possession and/or control.

17          THE COURT:  And you won in the state court?

18          MR. MOORE:  No, no, but that wasn't the --

19          THE COURT:  Don't tell me, no, no.  I'm telling

20  you that --

21          MR. MOORE:  Okay, but following -- you're not

22  following.

23          THE COURT:  Okay.  Why don't you -- I won't

24  interrupt.  You just keep talking.

25          MR. MOORE:  Okay.  November 13th -- November

16

1  18th --

2          THE COURT:  And don't repeat, by the way,

3  everything in your papers, but summarize, as needed.

4          MR. MOORE:  No, no, I won't.

5          THE COURT:  Okay.

6          MR. MOORE:  I'm just going to summarize.

7          THE COURT:  All right.

8          MR. MOORE:  That this Debtor concealed assets that

9  belonged to others.  In the -- in her petitions and in her

10  bankruptcy she didn't acknowledge, which is a violation,

11  that she had other's assets in her possession and control.

12          THE COURT:  And which count is that?

13          MR. MOORE:  I'm sorry?

14          THE COURT:  Remember, you have the counts here.

15  Which one are we -- are you talking about?

16          MR. MOORE:  Well, this is, this is bankruptcy

17  fraud is the one I'm talking about.  I don't have it right

18  in front of me.  But if I could continue then I can find

19  that information that you want.

20          There was the property -- possession of a property

21  was ordered by Judge Rosenblatt to be turned over by this

22  Debtor.  This Debtor claimed that she did not have the

23  property.  There was also a contempt motion brought against

24  her in Judge Holly's (phonetic) court, in which Judge Holly

25  said was:

17

1          "The court finds that based upon

2          defendant's..."

3          which is Braggs:

4          "...declaration, there's no possibility

5          that the defendant can comply with the

6          court order November 8.  Defendant has

7          clearly declared under penalty of

8          perjury that she no longer has

9          possession of any of the property."

10         That's what she said under penalty of perjury.

11 She also made those statements in the bankruptcy by saying,

12 the property didn't exist.  It was gone.  When in fact,

13 based on what the Los Angeles Superior Court clerk found in

14 that court, they issued a writ of possession for the

15 property.  The sheriff went to the property many times --

16         THE COURT:  Now you're -- I hope you're

17 summarizing, because --

18         MR. MOORE:  Yeah.

19         THE COURT:  -- we know all these facts.

20         MR. MOORE:  Okay.  So, just so that the record is

21 clear, and they found the property that --

22         THE COURT:  This is recently?

23         MR. MOORE:  Yeah, July 7th, 2021.

24         THE COURT:  Right.

25         MR. MOORE:  Not -- not a long time ago, less than

18

1 a year.

2          And this Court knows Rule 6(d)(3) vacates that

3 one-year statute of limitation.  And it goes beyond that

4 time --

5          THE COURT:  Now, you're forgetting that the one

6 year is a statute.  A rule can't undo a statute.

7          MR. MOORE:  I understand that.  But when

8 bankruptcy fraud is a issue, and this is bankruptcy fraud,

9 because she was holding these properties valued at millions

10 of dollars, and telling this Bankruptcy Court that she

11 didn't have any of the property.  There is the bankruptcy

12 fraud.

13          THE COURT:  That's a criminal action by the way.

14 This is not a criminal court.

15          MR. MOORE:  I understand that.  The -- but under

16 larceny you can bring those causes of action in bankruptcy

17 court.  And if I may finish, that the argument that the

18 Debtor have as far as these are art is unrealistic, because

19 she was still under Judge Rosenblatt's order which says very

20 clearly, this court orders Bragg to return the property by

21 blah, blah, blah, and all -- the car and all that stuff by

22 Rene Moore, which she failed to do.

23          And by her failure to do it and failing to list

24 that those properties were in her possession and control,

25 violates the bankruptcy statute and the rule.  She -- and

19

1   then she didn't even list these assets that were in her
2   possession and control.  And some of the assets she was
3   trying to sell, which is another violation of her
4   bankruptcy.  And this is all, goes to the bankruptcy fraud.
5   You can't file a false document with the court to discharge
6   something that is, is false.

7           And another issue is where this Court actually
8   said -- they sanctioned, this Court sanctioned me for
9   documents that I supposedly did not produce.  When we found
10  on July 7, 2021 those very -- those same documents were in
11  the Debtor's possession and control.  Again, bankruptcy
12  fraud and concealment.  You can't file a bankruptcy to
13  defraud somebody out of their property.

14          Any open-minded, reasonable person would say --
15  and there's not one declaration from the Debtor saying, I
16  didn't have the property, or I don't know what he's talking
17  about.  He's crazy.  The Los Angeles Sheriff Department
18  found the property.

19          THE COURT:  You know, I know you're -- I'm saying
20  it again.  I've read your papers.  This is nothing new.
21  I've heard it many times from you.

22          MR. MOORE:  Okay.  Well, it's my position that
23  under the bankruptcy laws you cannot hid other's assets or
24  sell them off under the guise of bankruptcy.  It was never
25  determined, and it was only just recently determined July 7,

20

1  that she had the property, because she always argued and

2  filed declarations, as Judge Klugey (phonetic) found, saying

3  that she did not have the property, when in fact she did.

4         And it's my position, and it's under statute and

5  law, that you can't seal other's -- conceal other's assets,

6  fail to put it in your bankruptcy, and then try to sell the

7  property off and keep the proceeds.  This is a clear

8  fraudulent bankruptcy.  It is extremely clear.  If this

9  Court doesn't see it, then we'll deal with it another way.

10 But if you look at her petition, where she says in her

11 petition she loaned me $2.4 million, that is absurd.  This

12 person only made less than $60,000 a year.  How did she lend

13 me?  But those were filed in her petition.  And the reason

14 why --

15         THE COURT:  Let me do this.  I'm going to give you

16 another 15 minutes to argue because you're really going

17 through everything.  And I'll give you 15 minutes to finish

18 your argument, all right?  I mean, I'm not asking you, I'm

19 telling you.

20         MR. MOORE:  Yeah, as it relates to 01058 or the

21 whole thing?

22         THE COURT:  Yes, both of them.

23         MR. MOORE:  How much time do I have left now?

24         THE COURT:  I'll give you to -- I'll give you 15

25 minutes.

21

1          MR. MOORE:  Okay.

2          THE COURT:  Again, you've read, you've extensively

3  read it in papers.  I don't ever expect anybody to line by

4  line through your papers.

5          MR. MOORE:  Right.  Well, I'll reserve my 15

6  minutes, Judge.

7          THE COURT:  No, you don't -- there's nothing to

8  reserve.  He goes first, you go.  There is -- no, wait a

9  minute.  You  -- excuse me, you're the Movant.  You will,

10 you go, and then you want to reserve your 15 minutes?

11         Do you have anything else to say, counsel?

12         MR. SCHUMAN:  No, I -- nothing to respond to so

13 far.

14         THE COURT:  Okay.  Then, okay, you're right, Mr.

15 Moore.  You have 15 minutes from now on both of these.

16         MR. MOORE:  Okay.  Thank you.

17         THE COURT:  And again, I've read several times all

18 your papers, but I --

19         MR. MOORE:  As it relates to the complaint 01080

20 -- 80180 (sic) --

21         THE COURT:  Yes.

22         MR. MOORE:  -- again we have bankruptcy fraud.  We

23 have clear concealment of assets, untrue liability

24 statements and false ownership of corporation, including

25 F.C.C. radio stations and nightclubs.  None of these assets

22

1  were put in this bankruptcy.  None of these were even

2  acknowledged in the bankruptcy.  They are again, it's

3  concealment of assets and bankruptcy fraud.

4         This Debtor provided an unrealistic and untrue

5  liability for the various corporations.  She didn't show any

6  proof of any liquor license, no proof of property lease

7  agreements, no insurance, no employees, no property assets,

8  none of this, but yet she filed a bankruptcy claiming that

9  she owned 100-percent these assets.

10        If you look at, I think it's page five of her

11 petition, she talks about that she owns 100-percent of all

12 these various assets.  False.  Again, another bankruptcy

13 falsity that is not acceptable under the rules and the

14 statute.

15        Again, we have the total concealment of these

16 assets, and again, there's not one declaration from this

17 Debtor stating that she did not have the property.  They

18 found the property.  And I don't understand how the Court

19 can stay, take the position, this has already been dealt

20 with.  It hasn't, because she never followed Judge

21 Rosenblatt's order to return the property.  She said she

22 didn't have it.  That she gave it to Wells Fargo.  That's

23 another falsity.

24        So this entire bankruptcy is just complete with

25 falsity after falsity after falsity.  And it's disingenuous

23

1  for this Court to accept these rulings, accept this

2  bankruptcy fraud as, it's okay.  Because you can't have

3  assets of other persons and not list them on your schedules.

4  You must list them.  That's part of the statute and rules

5  that was -- that the Congress enacted for.  Again, Rule

6  6(d)(3) vacates any fraudulent behavior, any bankruptcy that

7  was procured by fraud, as this one was.

8          Also, as it relates to legal documents, Judge

9  Rosenblatt ordered her to return all legal documents.  She

10 didn't.  When we went there on July 7, 2021, the legal

11 documents were there.  And we provided color pictures for

12 the court so that they could see the actual raid, some of

13 the raid by the sheriff.  We saw where she was hiding the

14 asset, which was the automobile.  We saw where she was just

15 -- there's a garage full of stuff where the file cabinets

16 were and the legal documents were.

17         And there were other pictures in the house that

18 she -- they wouldn't allow me to take pictures, because she

19 claimed her privacy was at stake.  So we didn't take

20 pictures in the house, but there were other property and

21 documents in the house that she hid all these times.

22         And I just think it's disingenuous, it's unfair,

23 and it's clearly bankruptcy fraud for this person to be able

24 to take somebody's assets, sell them off.  It's tantamount

25 to me robbing a bank, filing bankruptcy and say, I filed

24

1  bankruptcy.  I want to keep the money.  It doesn't work like

2  that.  As Judge Greenwald (phonetic) said many times,

3  bankruptcy is for honest and fair people to get a fresh

4  start, not dishonest people to take advantage of the system.

5       Another thing, this Court should be aware that

6  she's been concealing this property since 2012.  Where she

7  said over and over, like she told Judge Fujie, she didn't

8  have it, when in fact she did.  And all this goes to

9  bankruptcy fraud, and it also goes to concealment of assets

10 in this bankruptcy, which was not allowed.

11      Thank you.  I have nothing else.

12      THE COURT:  All right.  Well, I'm going to go

13 through this, Mr. Moore.  And, again, thank you both.  But I

14 disagree with you.  I'm going to deny your motions, and I'll

15 tell you exactly why.

16      Each one of these things, all you're -- there's no

17 response to it, and I'm explaining, because no doubt you

18 will appeal, and you're entitled to do that.  That

19 everything you said all relates back to the original

20 judgment.

21      You -- this was -- you -- the jury, you had a jury

22 verdict against the Debtor, over $3,000,000 as I recall, 3.1

23 million approximately.  And everything you've talked about

24 that happened, the conversion and also -- that was part of

25 that judgment.  What you're talking about now is things that

25

1  happened later.  And so every one of these, every one of

2  these things you have criminal conduct and all, this is not

3  a criminal court.

4           If you -- there are statutes, for instance,

5  Section 727, which is, very specifically deals with hiding

6  things and so forth.  You could have filed -- you didn't

7  file that in your original complaint.  Your original

8  complaint had to do with Section 523, but a lot of these

9  things you alleged even then that she was, she was doing all

10  sorts of bad things.  You may use different words, but the

11  fact of the matter, it may be, at least from the complaint,

12  that they found these things that -- you know, the car.  I

13  have no idea.

14           As an example, that I know Wells Fargo -- I don't

15  know the answer to this, but I remember you're talking about

16  personal property.  These were here -- we were here on the

17  contempt, it's not the personal property, was you were going

18  after using that judgment that you got for -- against the

19  real property.

20           So, what's happened is, I lifted the stay as far

21  as the personal property.  I indicated sometime ago that I

22  understand that Wells Fargo had some claims.  I don't know

23  if the Debtor had some claims.  The Debtor did not oppose

24  the relief from the stay as to, as to that.  It was -- I

25  recall it was Wells Fargo had asked for relief from the

26

1  automatic stay.  And to my astonishment, you objected

2  because you thought I was somehow making a ruling on who

3  owned it.  I wasn't at all.  I was simply saying that I'm

4  lifting the stay, and you go to the state court and have it

5  out.  Whatever the state court decides, who -- if they have

6  a security interest in it or not, that's what I said.  That

7  had to deal with the personal property.

8          The judgment you got years ago from the state

9  court had to do with, basically, a lot of this personal

10 property, all sorts of things, and the jury believed you, so

11 you got the judgment.  The problem with what's happened is,

12 you refuse to accept the fact that when I dismissed your

13 complaint with prejudice, I issued an opinion to that

14 recently, that that ended that.  That you could never bring

15 those causes of action again as far as the Debtor is

16 concerned.

17         You -- it does not stop you of course if the

18 Debtor has after bankruptcy -- I'm not saying she did or

19 didn't, but all the things you claim, the discovering the

20 car and all these things, that happened after bankruptcy.

21 And if you have some sort of -- I'm not saying you do or

22 don't, but to the extent you have some claim against her, or

23 others for that matter, you're certainly free to bring them,

24 whether you're successful is a different question, be it in

25 the state court, or in the case recently with Wells Fargo in

27

1   the district court before Judge Wright, you're free to do

2   that, and then whatever those judges rule is fine.

3          What you're not entitled to do is to keep bringing

4   these things in this court.  You have brought action under

5   the -- both of these adversary proceedings, under parties

6   that are not the Debtor.  I don't have any jurisdiction to

7   go -- you're not the Debtor.  You're not bringing these

8   actions against -- but you have -- I have no jurisdiction

9   whether your claims against these various people, like

10  Office of Peter Lively (phonetic), et cetera, et cetera.

11         It's funny, when it's convenient to you, you argue

12  I don't have jurisdiction when I clearly do have -- when it

13  comes to the discharge of the Debtor.  But when it comes to

14  these causes of action against all these other people, and

15  all these causes of action of things that happened post-

16  petition, I also don't have jurisdiction.  If the Debtor did

17  something wrong, not in relation to your judgment, that

18  judgment is gone.  That 3.1 million and anything dealing

19  with it is gone.

20         Now, if subsequent to the bankruptcy the Debtor

21  does something improper, then you can or do as you wish.

22  Obviously, I'm not going to comment on anything you might

23  do, because I have no idea what you might do.  Counsel is

24  quite correct, the things that happen post-petition are not

25  -- those are -- those causes of action have nothing to do

28

1  with this bankruptcy.  And I understand your point, you're

2  just wrong as far as your analysis of this.

3          The -- as far as the only one thing you brought is

4  -- a lot of this is really not new.  You do it, and then you

5  phrase it different ways.  The one that is -- was new, for

6  instance, you do have Section 523 has time limits.  Those

7  have long since passed.  I explained that in my memo.

8          727, the time has long since passed, years, for

9  you to file either a complaint, objection to discharge, or

10 the one-year statute on bringing actions to revoke the

11 discharge.  That's clear.  That's a statute.  And Rule

12 60(d)(3) that you propose doesn't change that.

13         There's nothing that I've read in your complaint,

14 there's nothing that would convince me of any fraud on the

15 Court, which -- and it would run counter to the one-year

16 statute of limitations.  You can't -- Congress -- can

17 Congress pass those as the law?  When it comes to the

18 statute, the Supreme Court passes the rules, but the rules

19 cannot contradict the statute.

20         The statute is quite clear, and the reason why, it

21 wants to end things.  It doesn't mean -- certainly, justice

22 is done at the end of the day, but Congress in its wisdom

23 years ago decided under 727(d), the revocation, and under

24 Section 727 itself, they have to be -- they have to end.

25 There has to be an end to it.  And so that's what we have

29

 1  here.

 2          So I am going to -- I'd like you to prepare a --
 3  I'm stating on the record my findings, but I'd like you to
 4  prepare those.  That in -- both of these are slightly
 5  different, but these claims of criminal violations, they
 6  don't -- you've never gotten the idea, Mr. Moore, that this
 7  Court doesn't deal with that.  And in going with some of
 8  these things on -- under the -- well, there are two
 9  complaints.  That is, 01058, clearly you're dealing with --
10  you've got -- I don't know.  You've got the section wrong.
11  It's 11 U.S.C., it's not 28 U.S.C. 523 in the complaint, but
12  I know what you're talking -- I know what you're --

13          MR. MOORE:  Yeah, you're right.  That was a
14  mistake --

15          THE COURT:  I know.  I understand.  I know it --
16  I, again, I know it looking at, it was a mistake, and people
17  make mistakes.  So -- but I know what we're talking about.
18  Those are the same things, and I'll go through them right
19  now.  It's clearly an error, and I knew it when I saw it.
20  That's fine.  We all knew what you were talking about.  But
21  then you -- those are 523.  That's nondischargeability.
22  That's already been ruled.  I'm done with that.

23          Then the different -- then you talk about larceny,
24  trespass, fraudulent transfers and so forth, constructive
25  trust, violation of the criminal code, receiving of stolen

30

1  property, that's all criminal stuff.  The bottom line is,

2  I'll make it in a nutshell, and that's also true in the

3  other complaint.  You've alleged basically the same thing,

4  but you've alleged a continuing thing, that she's maybe

5  continuing doing something.

6         Well, to the extent she's doing that, that's not

7  for me to say.  You've been involved.  I'm not asking you

8  the answer to any of this, but it has been a dispute, as I

9  recall, Wells Fargo claimed they had a security interest for

10 certain things.

11        I have no idea the result, and as I told you many

12 times, and you've cited it in your papers but for the wrong

13 proposition, that when I lifted the stay I was only talking

14 about who owns the right to the personal property.  I still

15 don't have any opinion as to that.  I said it then, I said

16 it now, and that's up to the state court to decide.

17        So, I'm not going to ask for a response from you,

18 but as far as the car, as an example.  I don't know and I'm

19 not going to ask you, whatever happened to the car, whether

20 if it's yours, if it's Wells Fargo's interest, I have no

21 idea about it, and it's not for me to decide.

22        Whoever the state court will decide who has a

23 right to that, and view as any of the other things that they

24 -- apparently, at least according to your complaint, were

25 discovered, those are things not for this Court.  That

31

1  happened all post-bankruptcy.

2         Now, as far as the action of concealing it, that

3  happened way back when you had your lawsuit.  And so --

4         MR. MOORE:  That's not true.  You --

5         THE COURT:  No, please, I'm not asking, Mr. Moore.

6         MR. MOORE:  That's not true.

7         THE COURT:  Please, I'm not asking you to say

8  another word.

9         MR. MOORE:  That's fine, but that's not true.

10        THE COURT:  And same thing for counsel.

11        The -- what you've done is you keep repeating over

12  and over and over the same thing.  You've change it a little

13  bit, but it's the same.  And the basic principal is,

14  whatever happened prior to the bankruptcy, that's what your

15  complaint was, your time limits to filing it.  You filed it,

16  but then you -- and then I sanctioned you and you didn't

17  comply.  And that's all history.  And that's all done, final

18  year ago.  And what happened post-bankruptcy is not for this

19  Court to decide as far as any liability of the Debtor.

20        And as far as all you -- you change it and you say

21  larceny, continuing conversion.  It may be, but that's not

22  for this Court to decide.  And so you refuse to accept that.

23  So what I am -- so every one of these I have -- and, by the

24  way, there's no right to a jury trial in these things, not

25  in this Court.  But in any case that's neither here nor

32

1  there.

2        So what I'm doing is, I'd like you to prepare an

3  order.  Both of these are by and large a rehash of already

4  two things.  Either things that had -- that prepetition, and

5  the time has long since run.  You had your complaint.  You

6  filed it, dealing with your over $3,000,000 judgment, and

7  that's gone.  You refuse to accept that.  I've sanctioned

8  you.  Go to another court and see what they say.  But that

9  is pretty obvious to me.

10        And the things -- I'm repeating my ad nauseam, but

11  what happened after the bankruptcy, whether she's still in

12  possession of these things, and then the question is, who

13  owns it, that's up to the state court.  But the

14  dischargeability of the liability for those debts, that was

15  decided in this Court by the dismissal of your complaint.

16        And so, I -- and as far as the other people, I'm

17  surprised they didn't even bother to respond --

18        MR. SCHUMAN:  We did.

19        THE COURT:  Huh?

20        MR. SCHUMAN:  We did respond, your Honor.

21        THE COURT:  All, and all the other --

22        MR. SCHUMAN:  Yeah.  I represent all the

23  Defendants in both cases.

24        THE COURT:  You do represent all.  I wasn't quite

25  clear, that's what I was going to ask.

33

1        MR. SCHUMAN:  It does, it does say Defendants, and

2   then the motion says, the Debtor and all other Defendants.

3        THE COURT:  Okay.  I -- let me take a look.  I had

4   thought that was the case, but let me -- you did say for all

5   the -- I must have missed that.  But in any case, in any

6   case, even without that, but you do -- I missed that.  I

7   have to admit, I was focusing obviously on the Debtor.  But

8   you are correct.

9        But in any case, I don't have any -- I'm repeating

10  myself ad nauseam, I have no jurisdiction over, over anybody

11  other than this case, and you can't sue anybody else in this

12  case.  You're not the Debtor.  The Debtor might sue people

13  for various things, but you're a creditor.  You have --

14  there's no -- I have no jurisdiction to entertain your suits

15  against these other people.  And I'm not talking about going

16  to any other court, I'm just talking about this Court.  I

17  have no opinion or anything else.

18        So, we -- by the way, we do -- I did change the

19  time.  You have a motion for a -- it's not before me today.

20  And by the way, I know you're not an expert on this, but you

21  have no right, Mr. Moore, to pick a date for a hearing.  Do

22  you realize that?  You picked the dates for the hearing,

23  motion to stay, and you picked June 7th at 2:00 p.m.  You

24  have no right to do that, okay?  I'm just telling you, you

25  don't.

34

1       However, as it turns out, I don't have any time at
2  that time, but I have set, since you're both here, a hearing
3  on that motion for 1:30 on that same day.  But -- I don't
4  know if there will be any future things, but you just can't
5  pick -- not in this court anyway, some of the other courts
6  allow just being -- stuff being set.

7       The only things that I allow to be set would be
8  relief from the stay, but this -- that -- from the automatic
9  stay, that's not this.  But in any case, so I'm just telling
10 you now that I -- it just so happens that that date is okay,
11 but not at 2:00 o'clock.  I have other things.  But I'm
12 telling you now, that's going to be -- I'll hear that at
13 1:30.

14      So, that concludes this hearing.  If you would
15 prepare, I'd like you, if you could, prepare two separate
16 orders denying -- I mean, granting rather, the motion to
17 dismiss.  I've stated on the record, but I'd like you to
18 prepare some findings of fact, conclusions and law, but --
19 and again, I'm not asking anything further of either of you
20 gentlemen.  You've expressed your opinions.

21      I, obviously I don't agree with you, Mr. Moore.
22 That's at this point.  No doubt you'll appeal this, and
23 that's fine with me.  I have no opinion one way or the
24 other.  And a higher court will tell me what to do, I was
25 right or wrong, and I will of course abide by that.

35

1          MR. MOORE:  One thing I did file that -- findings
2    and facts and conclusions of law should be sent to the
3    district court for final decision.  So I filed that
4    previously.  But any ruling from you as it relates to my --
5          THE COURT:  Well, okay.  Well, I'm telling you, I
6    have jurisdiction to decide this.  I understand what you've
7    said.
8          MR. MOORE:  These are non-core proceedings, your
9    Honor.
10         THE COURT:  Let me stop you.  I'm not -- please,
11   I'm not asking for any comment from you any further, either
12   of you, okay?
13         These are -- I will, I will prepare that.  And if
14   it goes to the district court, I don't think it just
15   proposed, but the district court can say, you know what, Mr.
16   Moore is right, I'll consider these as proposed.  All right.
17   The district court's going to -- if it's going to the
18   district court, the district court will decide that.
19         So, it's not uncommon that I disagree with you.  I
20   think this is all -- this is a -- you've asked for a jury
21   trial, which clearly you're not entitled to.  But in any
22   case, that's my opinion.  The district court can disagree.
23   I disagree with virtually everything that you've argued.
24   But, no, this is going to be my findings of fact,
25   conclusions of law, and I'm repeating myself, but this is

36

1   prior to the Supreme Court decisions in <u>Stern</u> and various

2   cases.   The district judge  is --

3          MR. MOORE:   You said, "<u>Stern</u>" case?

4          THE COURT:   What?

5          MR. MOORE:   You said in the <u>Stern</u> case?

6          THE COURT:   Yes.

7          MR. MOORE:   There's a <u>Stern</u> case?

8          THE COURT:   No, I'm not -- just -- it's not that

9   really important.  We're talking there's a long, there is a

10  long series of cases dealing with jurisdiction, which you're

11  talking about.  And all I'm saying is that the supreme --

12  that the -- if it -- I don't believe this needs to be a

13  proposed findings.  I think these are final findings.

14  Remember, it's a motion to dismiss.

15          If the district court concludes that it should be,

16  then they'll consider it proposed.  It's very simple.

17  That's what district courts have done for years is just

18  that.  So, as far as my opinion, this is not just proposed,

19  but the district court can disagree.

20          So that concludes this hearing.  And I'd like you,

21  if you would, prepare those findings of fact, conclusions of

22  law and --

23          MR. SCHUMAN:   Thank you.

24          THE COURT:   And, by the way, there's not going to

25  be any continued status on this, because it is a status

37

1  conference.  Since I dismissed it -- both cases, so there

2  will be no further status.  And if you decide to file

3  anything else, talk to your client.  Whatever you do is

4  fine.  And I'll see you back in any case June 7th at 1:30

5  for the motion for the stay pending appeal.

6          MR. SCHUMAN:  Thank you.  May I ask for a favor?

7          THE COURT:  Yes.

8          MR. SCHUMAN:  Can I appear telephonically or video

9  on the next one on June --

10          THE COURT:  I'll have to decide that.

11          MR. SCHUMAN:  Okay.

12          THE COURT:  At the moment I'm going to have it in

13  person.  I believe very strongly that -- and I think I'm a

14  minority in my court, but I believe very strongly a day in

15  court means day in court.

16          MR. SCHUMAN:  I don't object to Mr. Moore showing

17  up if he wants to, I just would like to avoid the trip

18  downtown, if I can.

19          THE COURT:  No, I -- well, everybody would like to

20  not have to come, but I'm old fashioned.  I believe in a day

21  in court.  No, I get the economics and the convenience, but

22  you know what, these things are too important, my attitude

23  is, for what it's worth.  And I get -- at least I have a few

24  perks I can have the power over is, I think in certain cases

25  -- things are -- my attitude generally, if it's a -- if the

38

1  things are disputed, which clearly this case is, those

2  deserve to be in person.  If it's something like a status

3  conference and everybody is, you know, on the same path, and

4  it's going to be a two-minute hearing, then, fine, those I

5  allow, but that's not this case.

6          MR. SCHUMAN:  Thank you.

7          THE COURT:    That's just the nature of the case.

8  It's just that some cases warrant personal, to be in -- I

9  think both parties, the Plaintiff and the -- depending on --

10  I guess you've been on both sides.  Mr. Moore, you're the

11  moving party or so forth.  I think on something heavily

12  disputed like this, people deserve to be actually in court.

13  You don't have to agree with me, I mean as far as the

14  rulings, but I think it's too important.  So the likelihood

15  is that will be in person.

16          MR. SCHUMAN:  Very well, your Honor.  Thank you.

17          MR. MOORE:  If the Court does decide to let him

18  via Zoom or whatever, I'd like the same opportunity.

19          THE COURT:  No, I would do both.

20          MR. MOORE:  Okay.

21          THE COURT:  I'm not -- the only time I have Zoom

22  like this morning, there was a case where one of the -- I

23  think it was this morning, was it?  I've lost track.

24          THE CLERK:  Yes.

25          THE COURT:  Yeah.  One of the attorneys had a

39

1  relative, a mother I think, that had a serious medical

2  problem, and called my staff and said, can we do that in

3  Zoom?  And that -- so that's why one side was here in

4  person.  But it's only something like that.  So it's only

5  fair that it should be the same for both.

6          MR. SCHUMAN:  Of course, your Honor.  Thank you.

7          THE COURT:  All right.  Thank you, all.

8      (Proceedings concluded.)

9

10

11          I certify that the foregoing is a correct

12  transcript from the electronic sound recording of the

13  proceedings in the above-entitled matter.

14

15  /s/ Holly Steinhauer          6-21-22
    Transcriber                   Date
16

17

18

19

20

21

22

23

24

25

# EXHIBIT

# R