.FILED

Case No.: 22:-CV-03758-GW

## UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

2023 JAN 31   AM 10: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**In re**: Kimberly Martin-Bragg aka Kimberly Barbour,
Debtor,

### IVAN RENE MOORE,

**Plaintiff/Creditor-Appellant,**

v.

### KIMBERLY MARTIN-BRAGG aka KIMBERLY BARBOUR,

**Defendant/Debtor-Appellee**

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Hon., Judge Barry Russell**
**Presiding**
**Bnkr.  Case No.:2:16-bk-22878-BR**
**Adversary Procedure Case Number: 2:22-ap-01058-BR**

## APPELLANT'S OPENING BRIEF
## WITH APPENDIX A-Q

## ORAL ARGUMENT REQUESTED-

**Ivan Rene Moore**
**1236 Redondo Blvd Los Angeles Ca 90019**
**Appellant *in Pro Se***

ORIGINAL

**TABLE OF CONTENTS**

TABLE OF CONTENT............................................................................i

TABLE OF AUTHORITIES..............................................................iii

CORPORATE DISCLOSURE..........................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................2

STATEMENT OF JURISDICTION ......................................................5

STATEMENT OF ISSUES..................................................................7

STATEMENT OF THE CASE.............................................................8

STATEMENT OF FACT...................................................................16

SUMMARY OF ARGUMENT...........................................................29

STANDARD OF REVIEW................................................................32

ARGUMENT ...............................................................................34

A. The Bankruptcy Court committed clear error of law and abused its discretion when it failed to consider the Factual allegations in Plaintiff/Appellant's Adversary Proceeding Complaint when it granted Defendants' Motion to dismiss under Fed. R. Civ. P. 12(b)(6) and thereafter dismissing Appellant/Plaintiff Adversary Proceeding Complaint with prejudice...................................34

B. Did the Bankruptcy Court Commit Clear Error when it failed to consider the Los Angeles County Sheriff raid of the Debtor's residence on July 7th , 2021, which uncovered a large amount of personal properties of Appellant and others, valued in the millions of dollars and personal properties that were subject to bailment agreement between Appellant and various third parties, which were in exclusive unlawful possession and control of the debtor/Appellee, which the debtor purposely and intentionally failed to disclosed in her bankruptcy schedule......37

C. The bankruptcy court commit clear error when it entered a final order dismissing appellant's non-core adversary proceeding complaint with prejudice without first submitting proposed findings of facts and conclusions of law to the district court, pursuant to 28 U.S.C § 157 (5)(c )(1 )……...……………………………………44

D. The Bankruptcy Court Committed Clear Error when it failed to give full faith and credit to the state court judgment which arise from the Debtor's intentional and malicious injuries to person and property…………...……………………………47


CONCUSION………………………………………………...…………………………55

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page**

*Ashcroft v. Iqbal,*
556 U.S. 662, 678–79 (2009)................................................................34

*Allen v. McCurry,*
449 U.S. 90, 96 (1980)......................................................46

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696, 699 (9th Cir. 1990)...............................................33

*Bass v. Denney (In re Bass),*
171 F.3d 1016, 1025-26 (5th Cir. 1999)...................................13,30

*Bell Atl. Corp. v. Twombley,*
 550 U.S. 544, 562 (2007).....................................................33

*Bethlahmy, IRA v. Kuhlman (In re ACI-HDT Supply Co.),*
 205 B.R. 231 (B.A.P. 9th Cir. 1997).......................................45

*Carmona v. Carmona,*
603 F.3d 1041, 1050 (9th Cir. 2008)........................................51

*Cobb v. Lewis* (In re Lewis),
271 B.R. 877, 883 (10th Cir. BAP 2002)....................................17

*Depot, Inc. v. Caring for Montanans, Inc.,*
 915 F.3d 643, 653 (9th Cir. 2019)........................................31,32

*Dist. of Columbia Court of Appeals v. Feldman,*
460 U.S. 462, 486(1983)...................................................51

*Doughtery v. City of Covina,*
 654 F.3d 892, 897 (9th Cir. 2011).........................................30

*Elfman Motors, Inc. v. Chrysler Corp.,*
567 F.2d 1252, 1253 (3d Cir. 1977).........................................6

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280, 293 (2005)..................................................................16

*Farris v. Burton*,
686 F. App'x 590, 591-92 (10th Cir. 2017) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).............................................52

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*,
313 F.3d 305, 312 (5th Cir. 2002)......................................................34

*Haines v. Kerner*,
 404 U.S. 519, 520–521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)..................40,41

*In re Delorean Motor Co. v. Weitzman*,
 991 F.2d 1236, 1240 (6th Cir.1993).....................................................42

*In re Mitchell*,
418 B.R. 282, 286 (BAP 8th Cir. 2009)..............................................48,53

*Intri-Plex Techs., Inc. v. Crest Group, Inc.*,
499 F.3d 1048, 1052 (9th Cir. 2007).....................................................31

*In re Ikner*,
883 F.2d. 986 (11th Cir 1989).............................................................50

*In re Walker*,
 48 F.3d 1161 (11th Cir. 1995).............................................................50

*In re Walker*,
 48 F.3d 1161 (11th Cir. 1995).............................................................50

*Johnson v. City of Shelby*,
135 S. Ct. 346, 346 (2014)..................................................................34

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045, 1050 (5th Cir. 1982).

*Kawaauhau v. Geiger*,
525 U.S. 57 (1998)...........................................................................50

*Karim-Panahi v. L.A. Police Dep't,*
839 F.2d 621, 623 (9th Cir. 1988)...............................................41

*Kremer v. Chem. Constr. Corp.,*
456 U.S. 461, 466 (1982).........................................................5,46

*Love v. United States,*
915 F.2d 1242, 1245 (9th Cir. 1989)........................................41

*Lee v. City of Los Angeles,*
250 F.3d 668, 677 (9th Cir. 2001)...........................................41

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.,*
869 F.3d 795, 800 (9th Cir. 2017)...........................................31

*Mann v. Adams Realty Co.,*
556 F.2d 288, 293 (5th Cir. 1977)...........................................33

*Marder v. Lopez,*
450 F.3d 445, 448 (9th Cir. 2006)........................................31,32

*Matsushita Elec. Indus. Co. v. Epstein,*
516 U.S. 367, 373 (1996)........................................................5,46

*Marrese v. Am. Acad. of Orthopaedic Surgeons,*
470 U.S. 373, 380 (1985))......................................................17

*McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.),*
52 F.3d 1330, 1337 (5th Cir. 1995)..........................................45

*Miller v. Yokohama Tire Corp.,*
358 F.3d 616, 619 (9th Cir. 2004)...........................................30

*Morgan v. Hubert,* 335 F. App'x 466,
470 (5th Cir. 2009)................................................................35

*Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.,*
15 F.4th 885, 889 (9th Cir. 2021).............................................31

*Navarro v. Block,*
250 F.3d 729, 732 (9th Cir.2001)...........................................................40,41

*Noel v. Hall,*
341 F.3d 1148, 1154 (9th Cir. 2003)..........................................................51

*N. Star Int'l v. Ariz. Corp. Comm'n,*
720 F.2d 578, 581 (9th Cir. 1983)..............................................................33

*Parks Sch. of Bus. v. Symington,*
 51 F.3d 1480, 1484 (9th Cir. 1995)...........................................................33

*Rooker v. Fidelity Trust Co.,*
 263 U.S. 413, 415-16 (1923)....................................................................51

*Salomon v. Kaiser (In re Kaiser),*
722 F.2d 1574, 1582 (2d Cir. 1983)...........................................................45

*San Remo Hotel, L.P. v. City & Cnty. of S.F.,*
545 U.S. 323, 336 (2005)..........................................................................46

*Scotland Guard Servs. v. Autoridad de Energia Electrica (In re Scotland Guard Servs., Inc.),*
179 B.R. 764 (Bankr. D.P.R. 1993)...........................................................45

*Skilstaf, Inc. v. CVS Caremark Corp.,*
669 F.3d 1005, 1016 n.9 (9th Cir. 2012)....................................................31

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,*
140 F.3d 478, 483 (3d Cir. 1998)...............................................................41

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.,*
355 F.3d 370, 376 (5th Cir. 2004)..............................................................35

*Van Buskirk v. Cable News Network, Inc.,*
 284 F.3d 977, 980 (9th Cir. 2002).............................................................31

*Westlake v. Lucas,* 537 F.2d 857, 858 (6th) Cir. 1976.................................42

*Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld L.L.P.*,
201 B.R. 635 (S.D.N.Y. 1996)................................................……...…………45

*Wellness Int'l Network, Ltd. v. Sharif*,
135 S. Ct. 1932, 1940 (2015)..................................................…...……………43

*Young v. Rogers* (In re Young),
2018 WL 4616228, at *2 (Bankr. W.D. Okla. Sept. 24, 2018)........................52

## FEDERAL STATUTES

11 U.S.C.§ 523(a)(6)................................…..…..……2,9,11,21,29,42,48,49,52,53

28 U.S.C. 157(b)(2)..................................................….......................................43

28 U.S.C § 157 (5)(c )(1 )........................................…..……..3,10,12,14,28,29,43,45

28 U.S.C. § 1257..............................................................…........................51

11 U.S.C. § 523(a)(2)(A)...............................................…...........................2,9,42

11 U.S.C. § 523(a)(2)(B)................................................................…..2,9,11,42

11 U.S.C. § 523(a)(4)...................................................................…..2,9,11,42

28 U.S.C. § 1738..........................................................................…...16

## FEDERAL RULE OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(a)...................................................…..............................33,42

Fed. R. Civ. P. 8(a)(2)...............................................................................34

Fed. R. Civ. P 12(b)(6)..................................................…....2,10,13,27,35,40,41

Fed. R. Civ. P. 60(d)(3).................................................................…..26

## FEDERAL RULE OF APPELLATE PROCEDURE

Fed. R. App. P. 34(a) ……………………..……………………………..2

## FEDERAL RULE BANKRUPTCY PROCEDURE

Fed. R. Bankr. P. 8001………………………..……………………8,16

Fed. R. Bankr. P. 8013.A. ……………………….……………………5

Fed. R. Bankr. P. 9033……………………………………………45

## CALIFORNIA CODE CIVIL PROCEDURE

CCP §514.030…………………………………………………..21

## CORPORATE DISCLOSURE

Pursuant to FRAP rules of 26.1 rules of Civil Procedures, Appellant, Ivan Rene Moore declares that he has no parent corporation and no publicly traded corporations that currently owns 10% or more of its stock.


Dated: January 31st , 2023


Respectfully Submitted


Ivan Rene Moore
Appellant in Pro se

## STATEMENT REGARDING ORAL ARGUMENT

In accordance with Fed. R. App. P. 34(a) Plaintiff and Judgment Creditor and Appellant, respectfully submits that this appeal warrants oral argument based on clear error of Bankruptcy Court's granting Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismissing Adversary Procedure Case Number: 2:22-ap-01058-BR with prejudice. **[2:22-ap-01058-BR Dkts. 29 & 34].**

Appellant will further show that the Bankruptcy Court Judge failed to consider facts alleged in the Adversary proceeding Complaint which gives rise to a reasonable inference that adversary proceeding defendants committed bankruptcy fraud in violation of 11 U.S.C. § 523(a)(2)(A); The Debtor's Fraud pursuant to **11 U.S.C. § 523(a)(2)(B)**; Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(4); Debtor's Fraud pursuant to 11 U.S.C.§ 523(a)(6); Larceny/continuing Conversion; Fraudulent Transfers; and Constructive Trust. **[2:22-ap-01058-BR Dkt.3.].** **Said Bankruptcy Fraud and other violations were discovered on** or about **July 7th, 2021,** when the Los Angeles County Sheriff Department raided the Debtor's residence located at: 6150/6160 Shenandoah Avenue in the county of Los Angeles, in Los Angeles, California and found personal property and personal legal documents of Moore, the Moore family and others that Judge Rosenblatt ordered the defendants in this action to return to Moore. Judge Rosenblatt valued the personal property to be worth in the millions of dollars.

The California Court of Appeal for the Second District on September 9th, 2017, affirmed Judge Rosenblatt's ruling in case Moore v Bragg B276366.

Appellant will additionally show that the Bankruptcy Court Judge failed to consider facts alleged in the Adversary proceeding Complaint giving rise to a reasonable inference for causes of action under 11 U.S.C. § 523 (a)(6) and the Bankruptcy court deliberate disregard of Appellant's motion of non-consent to the entry of any final order or judgment by the Bankruptcy Court Judge, Russell and requested in a motion that the Bankruptcy Court submit its findings and conclusion of law to the United States District Court pursuant to 28 U.S.C. § 157 (c )(1) on the grounds that Plaintiff/Appellant's Adversary proceeding Complaint premised on non-core Bankruptcy proceeding.**[ 2:22-ap-01058-BR Dkt.12].**

28 U.S.C. § 157 (c)(1) provides that "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." (28 U.S.C. § 157 (c )(1)).

The Bankruptcy Court Judge failed to consider that plaintiff/Appellant plead "factual content" giving rise to the reasonable inference that the defendants were liable for the misconduct alleged in the Adversary Procedure Case Number: 2:22-ap-01058-BR. Additionally, Plaintiff will show on to the Court that the Bankruptcy Court failed to submit its finding of facts and conclusion of law pertaining to the non-core bankruptcy proceeding to the United States District Court prior to Dismissing Plaintiff/Appellant non-core Adversary Proceeding Complaint with prejudice in contravention of 28 U.S.C § 157.

By its clear error, the Bankruptcy Court wittingly or unwittingly acted in contravention of Appellant's rights to due process that are protected under the Fifth Amendment to the United States Constitution and impermissibly deprived Appellant of his fundamental rights to access the court to seek redress for the Debtor's willful Bankruptcy Fraud and the debtor's unlawful exercise and control of Appellant's and others personal property valued in the millions of dollars that were the subject of the State Court Order and Judgment in Moore v Bragg BC 480013 Judge Rosenblatt presiding.

This Appeal also challenge the jurisdiction of the United States Bankruptcy Court Judge, Honorable Barry Russell for acting as an Appellate Judge to the State Judge decision and judgment and by acting in contravention of ***Rooky Feldman Doctrine and failure to give Full Faith and Credit to decision of State court but***

*instead* reversed, disregarded and/or ignored the State Court's Judgment, which after a two-week jury trial for intentional and malicious injuries to the Creditor and property of the creditor and others, the State Jury and State court Judge awarded the Appellant in the instant case the sum of $3.15 Million.   Under current law, all courts in the United States—including federal courts—must treat a state court judgment with the same respect that it would receive in the courts of the rendering state. *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). *See also* Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982).

In light of the importance and complexity of these issues, Appellant, Ivan Rene Moore, believes that oral argument will assist this Honorable Court in its review of the matter before it.

## 1. STATEMENT OF JURISDICTION

On May 31, 2022, the United States Bankruptcy court entered an Order granting Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismissed Appellant's Adversary Procedure Case Number: **2:22-ap-01058-BR** with prejudice. **[2:22-ap-01058-BR, Dkt. 29 & 34.].**  Appellant timely filed Notice of Appeal and Statement of Election to U.S. District Court and timely corrected the deficiencies associated with the Notice of Appeal. In an appeal from the bankruptcy court, the District Court sits as an Appellate reviewing court. 28 U.S.C. § 1334(b). The District Court may affirm, reverse, or modify the bankruptcy court's ruling or

remand the case for further proceedings. Fed. R. Bankr. P. 8013.   Under the "merger rule," prior interlocutory orders merge with the final judgment in a case and are reviewable on appeal. See *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253 (3d Cir. 1977). ("the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment").

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## STATEMENT OF ISSUES PRESENTED

1. Did the Bankruptcy Court commit clear error of law and or abused its discretion when it failed to consider the Factual allegations of each of the claim in Plaintiff/Appellant's Adversary Proceeding Complaint when it granted Defendants and the Debtor's Motion to dismiss under Fed. R. Civ. P. 12(b)(6) and thereafter dismissed Appellant/Plaintiff Adversary Proceeding Complaint with prejudice?

2. Did the Bankruptcy Court Commit Clear Error when it failed to consider the Los Angeles County Sheriff raid of the Debtor's residence on July 7th , 2021, which uncovered a large amount of personal properties of Appellant and others, valued in the millions of dollars and personal properties that were subject to bailment agreement between Appellant and various third parties, which were in exclusive unlawful possession and control of the debtor/Appellee, which the debtor purposely and intentionally failed to disclosed in her bankruptcy schedule?

3. Did the Bankruptcy Court Commit Clear Error when it entered a final order dismissing Appellant's non-Core Adversary Proceeding Complaint with prejudice without first submitting proposed findings of facts and conclusions of law to the District Court, pursuant to 28 U.S.C § 157 (c )(1 )?

4. Did the Bankruptcy Court Commit Clear Error when it failed to give full faith and credit to the state court judgment which arise from the Debtor's intentional and malicious injuries to person and property?

## STATEMENT OF THE CASE

The Debtor Kimberly Martin Bragg (aka) Kimberly Barbour (hereinafter) Martin-Bragg and the other Defendants in this action falsely represented to the various State and Federal Courts, in sworn testimony and under oath and in multiple declarations under the penalty of perjury that they had **no** personal knowledge or information regarding the location or whereabouts of the subject personal property valued in the millions of dollars. This personal property was adjudicated by a Los Angeles Superior Court Jury and affirmed by a Los Angeles Superior Court Judge.

The Honorable Judge Rosenblatt and the Jury valued the property in the millions of dollars and ordered these defendants to return all the subject property to this Appellant Moore which included but not limited to personal property and personal, business and family legal documents. This Judgment was unanimously affirmed by the California Court of Appeals Second District case *Moore v Bragg* **B276366**.

The Defendants in this action, including the debtor Kimberly Martin Bragg testified under oath and in declarations that **all** the subject personal property and documents were turned over to Wells Fargo Bank years ago. The defendants further stated in sworn testimony and declaration under the penalty of perjury that they had absolutely none of the subject property or documents.

They further testified under oath that they had no information on knowledge regarding the location or whereabouts of any of the personal property in question. All these statements were made under penalty of perjury and totally false.

Based on information provided to the Los Angeles Superior Court that the Defendants including Martin-Bragg were selling and attempting to sale this personal property in violation of the Court's order dated November 8th, 2013, Judge Rosenblatt.

Therefore, on May 20th, 2021, pursuant to Code Civil Procedure, section 514.030, the California Superior Court for Los Angeles County issues a Civil Writ of Possession commanding the Sherriff or any Marshall of the County of Los Angeles to levy upon and retain in their custody until released.

The Writ of Possession specifically commanded the Sherriff or any Marshall in Los Angeles County to enter 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 and take possession of the described property or some part of it. **(AA-A).**

The Writ of Possession also provides that the Sheriff or Marshall of the County of Los Angeles shall use reasonable forcible entry to enter into the private place listed as: 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 for the purpose of levying on the personal property subject to the Writ of Possession. **(AA-B).**

9

On **July 7th, 2021**, the Sheriff of the County of Los Angeles executed the Writ of Possession **(Exhibit A)** and discovered many personal properties valued in the millions of dollars of Mr. Moore, his parents, business associate and others that were unlawfully hidden and concealed by the defendants and the debtor Martin-Bragg. The personally property was inside the debtor's resident and garage located at 6150 Shenandoah Avenue, Los Angeles California 90056.   Please see, *AA- C, D, E, and F, respectively; true and correct copies picture of Sheriff's Raid on July 7th, 2021).*

Also on **July 7th, 2021**, during the Sheriff of the County of Los Angeles' raid on the Debtor's residence at 6150 Shenandoah Avenue, Los Angeles California 90056, the Los Angeles Sheriff's Department, and Appellant discovered several personal properties including business and personal records and documents, the very same documents that the Debtor Martin-Bragg requested Moore to produce by way of discovery and which the debtor willfully failed to disclose in her Bankruptcy Schedule or Petition the concealed assets.

Despite exercising reasonable diligence, Plaintiff/Appellant, could not have discovered the facts that were only uncovered during the Los Angeles Sherriff's raid on the Debtor's residence on July 7th, 2021; did not discover, and was prevented from discovering by the conduct of the Defendant/Debtor's concealment of material facts in the debtor's Bankruptcy Schedule.

On March 1, 2022, Appellant commenced his non-core Adversary Proceeding Complaint alleging *inter alia,* Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(2)(A); Debtor's Fraud pursuant to **11 U.S.C. § 523(a)(2)(B)**;

Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(4); Debtor's Fraud pursuant to 11 U.S.C.§ 523(a)(6); Larceny/continuing Conversion; Fraudulent Transfers; and Constructive Trust based on facts there were discovered on July 7th, 2021 by the Los Angeles Sherriff's Department raid on the Debtor's residence. [**2:22-ap-01058-BR Dkt.3.**]. As stated *Ibid*, despite exercising reasonable diligence, Plaintiff/Appellant, could not have discovered the personal properties, Appellant's and others legal documents and personal and business documents that there were uncovered during the Los Angeles Sherriff's raid on the Debtor's residence on July 7th , 2021; did not discover, and was prevented from discovering based on the unlawful conduct of the Defendant/Debtor's concealment of material facts and documents in the debtor's Bankruptcy Schedule.

On 04/7/22, the Debtor filed a motion to dismiss Plaintiff/Appellant's non-core issues in the second Adversary proceeding Complaint under Fed. R. Civ. P. 12(b)(6). [**2:22-ap-01058-BR Dkt.6**].     However, the Debtor's Fed. R. Civ. P. 12(b)(6) failed to state or give Plaintiff notice how each claim in the non-core Adversary proceeding complaint failed to state a claim upon which relief may be granted.

On **4/12/2022**, Appellant filed an objection pursuant to 28 U.S.C. § 157 (c )(1) and requested that the Bankruptcy Judge Submit its finding and Facts and Conclusions of Law to United States District Court on the grounds that Plaintiff/Appellant's  Adversary are non-core Bankruptcy proceeding and on the grounds that Plaintiff/Appellant does not consent to the entry of any final order or judgment by the Bankruptcy Court Judge, Russell.**[ 2:22-ap-01058-BR Dkt.12].**

On **04/21/22**, Plaintiff/Appellant filed an Opposition to the Debtor/Appellee's motion to dismiss under Fed. R. Civ. P. 12(b)(6).**[2:22-ap-01058-BR Dkt.13].**

On **04/21/2022**, Appellant filed his second Objection pursuant to 28 U.S.C. § 157 (c )(1) on the grounds that the Adversary Proceeding Complaint constitutes a non-core proceeding and Plaintiff/Appellant does not consent to the entry of any final order or judgment by the Bankruptcy Court  without first submitting findings and facts and conclusion of Law to the United States District Court.  **[28 U.S.C. § 157 (c )(1)]. [Bankr. Dkt. 13.].**

On **05/20/22**, at and under the direction of the Bankruptcy Court, Defendant/Debtor filed a proposed Finding of facts and conclusion of law for the dismissal of Plaintiff/Appellant's non-core Adversary procedure complaint. **[Bankr. Dkt. 23. at. p. 2., ¶ ¶ 2-4., Lines 8-28]; and [Bankr. Dkt. 23. at. p. 2., ¶ ¶ 3-4.,]. [AA-G].** The Bankruptcy Court adopted the finding of facts and conclusion of laws *Ibid.*

The finding of facts and conclusion of law failed to consider the sufficiency of facts alleged in the Adversary proceeding Complaint which are premised on the fact that the Debtor/defendant committed bankruptcy fraud in violation of 11 U.S.C. § 523(a)(2)(A);

Debtor's Fraud pursuant to **11 U.S.C. § 523(a)(2)(B)**; Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(4); Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(6); Larceny/continuing Conversion; Fraudulent Transfers; and Constructive Trust. **[2:22-ap-01058-BR Dkt.3.],** which were uncovered on or about July 7th , 2021, when the Los Angeles County Sheriff Department raided the Debtor's residence located at:  6150 Shenandoah Avenue in Los Angeles, California 90056.

When the Los Angeles County Sheriff Department raided the Debtor's residence located at:  6150 Shenandoah Avenue in Los Angeles, California, and found that the defendants including the Debtor/Appellee, Martin-Bragg had concealed and hidden assets belonging to the creditors and others.  The assets are valued in the millions of dollars were concealed and not reported in the Debtor/Appellee's Bankruptcy schedule or Petition includes the personal property which were subject to the California Superior Court Order in LASC Case#: **BC480013**, including Appellant's legal documents and other personal and business documents as well as the personal properties that were on loan to Appellant by

13

various third parties including the personal properties that were the subject of Bailment Agreement between Appellant and other third parties.

Additionally, the Bankruptcy Court failed to submit its finding of facts and conclusion of law pertaining to the **non-core bankruptcy** proceeding to the United States District Court prior to Dismissing Plaintiff/Appellant non-core Adversary Proceeding Complaint with prejudice in **violation of 28 U.S.C. § 157(c )(1).** Furthermore, the Court has held that § 1334 does not confer jurisdiction over action to enforce a non-dischargeable money judgment against a bankruptcy debtor, and thus, § 157 cannot confer jurisdiction independently.   *See, Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1025-26 (5th Cir. 1999).

On **May 31, 2022**, the Bankruptcy Court entered an order dismissing Appellant's Adversary proceeding Complaint. **[2:22-ap-01058-BR Dkts. 29 and 34]. The Order states that "**The Court, having considered Defendants' "Motion To Dismiss Complaint In Its Entirety Pursuant To Federal Rule Of Civil Procedure 12(b)(6)" ("Defendants' Motion to Dismiss") and for all the reasons set forth in the "Findings of Fact and Conclusions of Law Dismissing the March 1, 2022 Adversary Proceeding with Prejudice" filed contemporaneously herewith, this Court grants Defendants' Motion to Dismiss and dismisses, Ivan Rene Moore's adversary proceeding filed on March 1, 2022 bearing case number 2:22-ap-01058-BR with prejudice" **[ 2:22-ap-01058-BR Dkts. 29 &34].**

On May 31, 2022, the United States Bankruptcy court entered an Order granting Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismissed Appellant's Adversary Procedure Case Number: 2:22-ap-01058-BR with prejudice. **[Bankr. Dkts. 29 &34.].**

By its clear error, the Bankruptcy Court wittingly or unwittingly acted in contravention of Appellant's rights to due process that are protected under the Fifth Amendment to the United States Constitution.

This Appeal also challenge the jurisdiction of the United States Bankruptcy Court Judge, Honorable Barry Russell for acting as an Appellate Judge to the State Judge decision and judgment and by acting in contravention of the Will of Congress of the United States; ***Rooky Feldman Doctrine, and failure to give Full Faith and Credit to decision of State court but instead*** reversed and/or ignored the State Court's Judgment, which after a two-week plus jury trial for intentional and malicious injuries to the Creditor and property of the creditor, the State Jury and State court Judge awarded the Appellant in the instant case the sum of $3.15 Million and thereafter, Hon. Judge Michelle Rosenblatt ordered the Debtor and her agents and representatives to return all the personal property to Mr. Moore, the Appellant in the instant Appeal. **(AA-H Pg. 5 ).**

As such, in light of the clear error of the Bankruptcy Court is dismissing Plaintiff/Appellant's non-core Adversary proceeding Complaint with prejudice,

without submitting its finding and conclusion of law to the United States District as required under 28 U.S.C. § 157 (c )(1),  Plaintiff/Appellant Respectfully request that this Honorable Court, sitting as an Appellate reviewing court. 28 U.S.C. § 1334(b), reverse, or remand the case for further proceedings or in the alternative, allow Appellants Adverse proceeding complaint to be adjudicated in the United States District Court given that Appellant had requested jury trial on all claims.

**STATEMENT OF FACTS**

On July 29, 2013, after a two- week plus jury trial in the California Superior Court for Conversion, and Trespass to Chattel, of Appellant-Judgment Creditor, Ivan Rene Moore, ("Mr. Moore" or "Appellant")'s personal property, the State Court jury unanimously returned *Special Verdicts* finding that Defendant, Kimberly Martin-Bragg intentionally and maliciously caused injury to Plaintiff, Ivan Rene Moore and to various personal property of Ivan Rene Moore and personal property in storage that were on loan to Mr. Moore by various third parties.   The personal property in storage was also personal property that was the subject of the bailment agreement between Mr. Moore and various third parties.

The State Jury awarded Mr. Moore, Appellant, in the instant Appeal, $5.6 **Million** in damages including $650,000.00 for lost income occasioned by the debtor's intentional and malicious injuries to the person of Ivan Rene Moore and property.  **(AA-I and J,** respectively,).

Subsequently, on November 8, 2013, Hon. Michelle Rosenblatt of the California Superior Court reduced the jury award of **$5.6 Million** for intentional and malicious tort to $3.15 Million and Ordered and Adjudged that the Defendant/Debtor, Kimberly Martin-Bragg aka Kimberly Barbour to return the personal property that were the subject of the litigation to Mr. Moore including those personal properties in storage. **(AA-H).**

Consequently, the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour appealed the judgment and Order *Ibid*, however, the California Second District Court of Appeal affirmed the judgment of Judge Rosenblatt in **Appeal Case #:B276366 (AA-K. Pg. 2).**

In concerted effort to discharge the state court judgment for $3.15 Million *Ibid,* arising from the Debtor's intentional and malicious injuries to Mr. Moore and property and to defy the California Superior Court, Hon. Michelle Rosenblatt's Order of the return of the personal property subject to the Court Order and judgment in **BC480013**, the Debtor and her Attorney filed Bankruptcy seeking to discharge the $3.15 Million and return of personal property state occasioned by state court judgment in LASC Case #: BC480013, notwithstanding that  the Los Angeles Superior Case #: **BC480013** arose from the debtor's intentional and malicious injury to the person of Mr. Moore and Property to wit, discharges is prohibit under 11 U.S.C.§ 523(a)(6).

The United States Supreme Court held in that federal court must give full faith and credit to state court judgment.  See, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (stating that federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738).

Further, The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the preclusion law of the state in which a judgment is rendered. *Cobb v. Lewis* (In re Lewis), 271 B.R. 877, 883 (10th Cir. BAP 2002) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

### *The first Bankruptcy filed by Martin-Bragg*

The First Bankruptcy, filed for the purpose of discharging the state court judgment $3.15 Million *Ibid,* arising from the Debtor's intentional and malicious injuries to Mr. Moore and property and to defy the California Superior Court, Hon. Michelle Rosenblatt's Order for the return of the personal property, was file on **March 25, 2014,** in Bankruptcy case **#: 2:14-bk-15698.**   In that Bankruptcy case *Id.*, the Bankruptcy Judge Hon. Ernest Roble declined to discharge the State Court Judgment of $3.15 Million arising from the Debtor's intentional and malicious tort and rejected and declined the Debtor's Martin-Bragg's aggressive bid to dismiss the California Superior Court, Hon. Michelle Rosenblatt's Judgment and Order for the return of the personal property and legal and personal documentation.  In that case, *Ibid*, the Bankruptcy Judge Hon. Ernest Roble stated that:

The court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court…( **AA-L, at. p.2., ¶ 2.**).

Consequently, Bankruptcy Judge Hon. Ernest Roble dismissed the debtor's Bankruptcy case **#: 2:14-bk-15698 for cause.**

### *The Second Bankruptcy filed by Martin-Bragg*

The Second Bankruptcy, the instant Bankruptcy, was commenced **on September 28, 2016, [Bnkr. Case#: 2:16-bk-22878-BR ],** with the specific intent to discharge the cost on Appeal of **$41,223.27.,** that was ordered and Adjudged by the Second District Court of Appeal in *Martin-Bragg v. Moore*, 219 Cal.App.4th 367 (2013,) and the $3.15 million arising from the Debtor's intentional and malicious injury to Mr. Moore and the property of Mr. Moore and to resist compliance with the California Superior Court, Hon. Michelle Rosenblatt's State Court Order for the return of the personal property in BC480013. **[AA- H].  To date, the defendants and the debtor, Kimberly Martin-Bragg aka Kimberly Barbour (hereinafter) Martin-Bragg has without lawful excuse fail to complied with** Hon. Michelle Rosenblatt's valid Order for the return of the personal and work property that the Appellant used in his daily work, and the legal and personal documents that were adjudicated in the Moore v Martin-Bragg litigation LASC# BC480013. **[AA-H]**

The Bankruptcy Court, Judge Barry Russell was well aware of this fact when he issued sanction against Mr. Moore for failure to produce by way of Discovery request for Production of documents.

These were the documents that the Debtor Martin-Bragg willfully failed to return to the Appellant, per the court's order. This Debtor was in exclusive possession and control of the property and the documents to wit, the Debtor Martin-Bragg purposely failed to report in her Bankruptcy schedule or Bankruptcy petition. Again, the very same documents requested in discovery by the Debtor Martin-Bragg and her attorneys were found on the July 7th, 2021, at the Los Angeles Sheriff's Department raid on the 6150 Shenandoah Ave resident of the Debtor Martin-Bragg.

The Debtor and her Attorneys knew that Mr. Moore was not in possession and control of the documents requested by way of Discovery because said documents were not returned to Mr. Moore as Ordered by the State Court Judge Rosenblatt. **(Please see, AA-H Pg 5 ¶).**

After the filing of this Bankruptcy, the Debtor, Martin-Bragg orchestrated a plan and scheme by requesting that Mr. Moore produce documents that the Debtor and her Attorneys knew were in the exclusive possession and control of the Debtor. The documents requested by way of discovery were the same documents that the California Superior Court Judge Hon. Hon. Judge Michelle Rosenblatt Ordered to

be returned to Mr. Moore in the State's Court order of November 8, 2013. **(See, AA-H).**

In his Responses to the Discovery Request, Mr. Moore responded and asserted that the Documents requested were in exclusive possession of the Debtor because the requested documents were the documents that Hon. Judge Michelle Rosenblatt ordered to be returned to Mr. Moore. **(*Please see,* AA-M).**

Particularly, Mr. Moore filed his opposition to the Debtor's Motion to Compel production of documents in which Mr. Moore responded and further informed the Bankruptcy Court, Judge Barry Russell that the documents requested which forms the basis of the Motion to Compel, were in exclusive possession and control of the Debtor in violation of Hon. Judge Michelle Rosenblatt of the California Superior Court's Order which Ordered that the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour to return the legal documents to Mr. Moore. **(Please see, AA-M ., Dkt. 44 at. pp 4-7., Responses. 1- 27, to Opposition to motion to compel.); see, AA-H., Dkt. 44 at. pp.12-32, Responses 1-30., Mr. Moore's First Responses to the Debtor's First Request for production of document).**

Judge Barry Russell was aware of Hon. Judge Michelle Rosenblatt of the California Superior Court's Order.  Judge Barry Russell was also aware that the Debtor and her Attorneys had not complied with Judge Rosenblatt's Order, and that the documents sought by way of discovery and motion to compel and for sanction

were in exclusive possession and control of the Debtor.  Yet, Judge Barry Russell imposed sanction on Mr. Moore and dismissed Mr. Moore's Adversary proceeding complaint in **Adversary Proceeding Complaint #2-16-AP-015843,** for not producing documents that Judge Barry Russell knew the requested documents were not in Mr. Moore's possession or control.   Mr. Moore contends that this was a deliberate and intentional abuse of process, fraud upon the court, and a grave miscarriage of Justice.

As stated above, the Defendants the Debtor, her Attorneys, and The Bankruptcy Judge Barry Russell were well all aware that the Debtor had not returned the documents requested in the Discovery pursuant to the state court Order, yet the Bankruptcy court, Judge Barry Russell imposed sanction of $13,000.00 on Mr. Moore for failure to produce the documents that the Bankruptcy Court knew was not in possession and control of Mr. Moore.

Thereafter, **on 11/17/17 in Adversary Complaint case #. 2-16-AP-015843,** the Bankruptcy court dismissed Mr. Moore's Adversary proceeding complaint with prejudice.   Notice was never given to Mr. Moore that his $3.15 million state court judgment for the Debtor's intentional and malicious injury to Mr. Moore and his property was discharged.  Furthermore, there was no finding of fact and conclusion of law by the Bankruptcy Court Judge to apprise Mr. Moore that Mr. Moore's

Judgement which arose from the Debtor's intentional and malicious injury to Mr. Moore and property was discharged under 11 U.S.C. § 523(a)(6).

Subsequently, the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour submitted Declaration in the Court of Law claiming that she had given all the personal property that were the subject of the jury trial and Ordered returned to Appellant "Mr. Moore") to Wells Fargo Bank, N.A. to satisfy the Debt that was purportedly owed by Mr. Moore and the Moore corporations to Wells Fargo Bank.

The Los Angeles Superior Court Judge Fuji relied on Martin-Bragg's declaration under Penalty of Perjury and her sworn testimony at the contempt hearing and declined to hold Martin-Bragg in contempt of court based on her Declaration and sworn testimony. **(Please See, AA-N).**

On May 20, 2021, pursuant to Code Civil Procedure, section 514.030, the California Superior Court for Los Angeles County issues a Civil Writ of Possession commanding the Sherriff or any Marshall of the County of Los Angeles to levy upon and retain in their custody until released or sold. The Writ of Possession specifically commanded the Sherriff or any Marshall in Los Angeles County to enter 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 and take possession of the described property or some part of it. **(AA-A).**

23

The Writ of Possession also provides that the Sheriff or Marshall of the County of Los Angeles shall use reasonable forcible entry to enter into the private place listed as : 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 for the purpose of levying on the personal property subject to the writ of Possession. **(AA-B).**

On July 7th , 2021, the Sheriff of the County of Los Angeles executed the Writ of Possession and discovered many personal properties of Mr. Moore and others that were concealed in the resident and the garage at 6150 Shenandoah Avenue, Los Angeles California 90056.   Please see, *AA- C, D, E, and F, respectively; true and correct copies picture of Sheriff's Raid on July 7, 2021).*

On **July 7th, 2021**, during the Sheriff of the County of Los Angeles raid on the Debtor's residence at 6150 Shenandoah Avenue, Los Angeles California 90056, the Sheriff and Appellant discovered a very large amount of the personal properties including the documents that the Debtor asked Mr. Moore to produce by way of Discovery and which the debtor to not disclose in her Bankruptcy Schedule. Appellant further discovered for the first time that the Debtor/Defendant, KIMBERLY BARBOUR,  acting in concert with STEVEN A. SCHUMAN, LEE T. DICKER, LAW OFFICE OF PETER M. LIVELY, and LEORNARD, DICKER & SCHREIBER LLP, orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court in its decision by

24

intentionally, willfully, knowingly and purposefully under-reported Kimberly Martin-Bragg aka Kimberly Barbour's income in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

On **July 7th , 2021**, Appellant further discovered that the Debtor on advice of STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, and DICKER & SCHREIBER LLP, committed fraud upon the court by failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made false statement in the bankruptcy paperwork, and by proffering falsified financial documents as evidence to support a credit request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

Additionally, during the Los Angeles Sheriff's raid of July 7th , 2021, Appellant discovered *inter alia*, for the first time that in the course of the Debtor's Bankruptcy, Steven A. Schuman, an Officer of the Court, Lee T. Dicker, and Officer of the Court, **LEORNARD, DICKER & SCHREIBER LLP**, a law firm or law Corporation, acting in concert with the Debtor, Kimberly Barbour intentionally filed false or incomplete forms to conceal the *1971-72 Camaro*.

This automobile was reported stolen years ago but on July 7th, 2021, was found in the possession and control of the defendants including Martin-Bragg at the Martin-Bragg resident 6150 Shenandoah Ave Los Angeles, Ca 90056. **(AA-O),**

Additionally, the personal documents and legal documents of Mr. Moore and others that were the subject of the Discovery requests were at all times in exclusive dominion and control of the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour.

On September 27, 2021, Mr. Moore obtained a Writ of Execution for the $3.15 million based on the final Judgement to which Ms. Bragg committed Intentional and malicious injuries to Mr. Moore and to the Property of Mr. Moore.  On November 16, 2021.,  Mr. Moore obtained an abstract judgment and recorded the abstract judgment on November 24, 2021, which constitutes a Lien against 6150 and 6160 Shenandoah Avenue, Los Angeles, CA 90056 which Defendant claims are her real properties.  On December 14, 2021, judgment debtor, Kimberly Martin-Bragg aka Kimberly Barbour ("Ms. Bragg") filed an Ex Parte application at the Los Angeles Superior Court Department (1) to recall the lawfully executed Writ of Execution and to cancel the lawful executed Abstract judgment.

On December 16, 2021, Mr. Moore filed an Opposition to the Ex-Parte Application. On December 21, 2021, Honorable Judge David J. Cowen of Department 1 of the Los Angeles Superior Court held that no court has adjudicated Mr. Ivan Rene Moore $3.15 Million judgment under 11 U.S.C § 523(a) and issued

26

an Order Staying the enforcement of the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharge by the bankruptcy court. **(AA-P).**

On March 8, 2022, about *four and half (4 ½ ) years later*, the Bankruptcy Judge, Barry Russell, a judicial Officer of the United States Bankruptcy Court asked Mr. Steven A. Schuman's to prepare a finding of fact and conclusion on the discharge of the $3.15 Million arising from the Debtor's intentional and malicious injuries to Mr. Moore and property of Mr. Moore, which means that the Bankruptcy Judge, Barry Russell, did not have legal justification or any statutory authority on **November 17, 2017,** to discharge a State Jury judgment for intentional and malicious injuries to Mr. Moore and his property.

It is unrefuted that the Notice of his Discharge was not given to Mr. Moore on **November 17, 2017 since Mr. Moore only became aware of the Discharge for the First time on** March 8, 2022.

As such, the Bankruptcy Court committed clear error when it entered an Order finding that Appellant-Creditor, Ivan Rene Moore, ("Mr. Moore" or "Appellant"), in contempt of court for willful violation of the Discharge injunction under 11 U.S.C. § 524(a) and imposed sanction in the amount of **$28,828.54. (Bnkr. Dkt. 269.)** when the notice of the discharge order was never served or given to Mr. Moore.

27

On **July 7th, 2021**, during the Sheriff of the County of Los Angeles raid on the Debtor's residence at 6150 Shenandoah Avenue, Los Angeles California 90056, the Sheriff and Appellant discovered a large number of personal properties including the documents that the Debtor asked Mr. Moore to produce by way of Discovery and which the debtor to not disclose in her Bankruptcy Schedule or Petition.   Despite exercising reasonable diligence, Appellant could not have discovered, did not discover, and was prevented from discovering that a great majority of the personal property that Ordered retuned **[AA-H],** including the documents that were requested by way of Discovery, 1971/72 Vintage Camaro and several other properties were in possession of the Debtor but not disclosed in her Bankruptcy Schedule.

On 03/29/22 and on March 29, 2022, Appellant commenced Adversary Proceeding Complaint for Bankruptcy Fraud and for concealment and failure to disclose material information on the Debtor's Bankruptcy Schedule under *alia,* 11 U.S.C. § 521; and for Independent Action for Fraud Upon the Court pursuant to Fed. R. Civ. P. 60(d)(3), based on the information discovered during  the Sheriff of the County of Los Angeles raid on the Debtor's residence at 6150 Shenandoah Avenue, Los Angeles California 90056, where the Sheriff and Appellant discovered several personal properties including the documents that the Debtor asked Mr. Moore to produce by way of Discovery and which the debtor to not disclose in her Bankruptcy Schedule.

28

On 5/31/22 the Bankruptcy Court dismissed Appellant's Adversary Complaint #2:22-ap-01058-BR **[Bankr Adv. Dkts. 29 &34]** and refused to allow Appellant to litigate the claims for Bankruptcy Fraud and Fraud Upon the court notwithstanding that the Bankruptcy Court allowed the Debtor and her Attorneys to re-open the Debtor's Bankruptcy for all purpose.

The Bankruptcy Court's dismissal of Appellant's Adversary Proceeding Complaint #2:22-ap-01058-BR **[Bankr Adv. Dkts. 29 &34]** on 5/31/22, evinces the Bankruptcy court's decision to have a final judgment and terminate Ivan Rene Moore, Appellant's participation that court.

Because the Bankruptcy Court committed clear and reversible error, when it dismissed Appellant non-core Adversary proceeding with prejudice, Appellant contends that the Bankruptcy court's order and judgment of May 31, 2022, must be reversed in its entirety in the interest of justice.

### SUMMARY OF ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), does not resolve factual allegations but instead seeks to determine whether, if taken as true, the factual allegations are sufficient to state a claim for relief as a matter of law. The factual allegations in Appellant's non-core Adversary proceeding complaints, are true, and are sufficient to state a claim for relief as a matter of law.

The Bankruptcy Court committed a clear error of law and or abuse its discretion when it failed to consider the Factual allegations in Plaintiff/Appellant's Adversary Proceeding Complaint when it granted Defendant/Debtor's Motion to dismiss with prejudice.

The Bankruptcy Court Judge failed to consider that plaintiff/Appellant plead factual content which irrefutably may give rise to reasonable inference that the defendant/Appellee is liable for the misconduct alleged in the Adversary Procedure Case Number: **2:22-ap-01058-BR**.

The Bankruptcy Court also failed to submit its finding of facts and conclusion of law the non-core bankruptcy proceeding to the United States District Court prior to Dismissing Plaintiff/Appellant non-core Adversary Proceeding Complaint with prejudice in contravention of 28 U.S.C § 157 ( c)(1). 28 U.S.C § 157 (5)(c )(1 ) provides in pertinent part that: "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.   **(see, 28 U.S.C § 157 (5)(c )(1 ).).** Despite the mandate of **28 U.S.C § 157 (5)(c )(1 )**, and despite Plaintiff/Appellant's

opposition and motion that Plaintiff did not consent to the Bankruptcy court making a final decision on the merit without first submitting the findings and conclusion of law to the United States District Court as required, the Bankruptcy Court judge, Barry Russell acted in contravention of **28 U.S.C § 157 (c )(1 )**.

By its clear error, the Bankruptcy Court wittingly or unwittingly acted in contravention of Appellant's right to due process that is protected under the Fifth Amendment to the United States Constitution and clearly established federal laws.

This Appeal also challenge the jurisdiction of the United States Bankruptcy Court Judge, Honorable Barry Russell for acting as an Appellate Judge to the State Judge decision and judgment and by acting in contravention of ***Rooky Feldman Doctrine and failure to give Full Faith and Credit to decision of State Court but instead*** reversed and/or ignored the State Court's Judgment, which after a two-week jury trial for intentional and malicious injuries to the Creditor and property of the creditor, the State Jury and state court Judge awarded the Appellant in the instant case the sum of $3.15 Million

This Appeal is also premised on the issue of jurisdiction of the Bankruptcy Court Judge Barry Russell discharge of state court money judgement arising from the Debtor's intentional and malicious injury to the person of Mr. Moore and property of Mr. Moore. 11 U.S.C. § 523(a)(6) prohibits the discharge of Debt arising from intentional and malicious injuries to an entity and property of entity.

31

The Bankruptcy Court Judge Barry Russell lacked subject matter jurisdiction when it discharged Appellant's non-Core Adversary Proceeding Complaint with prejudice without first submitting proposed findings of facts and conclusions of law to the district court, pursuant to 28 U.S.C § 157 (5)(c )(1 ) and disregarded the mandate of 11 U.S.C.§ 523(a)(6) which prohibits discharge of the Debtor's debt that arise from the Debtor's intentional and malicious injuries to person and property.  In *Bass v. Denney (In re Bass)*, a Court held that § 1334 does not confer jurisdiction over action to enforce a non-dischargeable money judgment against a bankruptcy debtor, and thus, § 157 cannot confer jurisdiction independently.  *See. Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1025-26 (5th Cir. 1999).

Additionally, the Bankruptcy Court did not give Appellant Moore notice to apprise Appellant that his State Court judgment which arose from the Debtor's intentional and malicious injuries to Mr. Moore was discharged on November 17, 2017, when the finding of facts and conclusion of law pertaining to the discharge of **November 17, 2017**, was made on **March 8, 2022.**

**STANDARD OF REVIEW**

Dismissals of a complaint for failure to state a claim under Rule 12(b)(6) is reviewed de novo.  *See Doughtery v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004).  A court's decision to grant or deny a motion to dismiss under Rule 12(b)(6) for failure to state

a claim is reviewed de novo. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (reviewing de novo an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6));

All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Mudpie, Inc., 15 F.4th at 889; Pirani, 13 F.4th at 946; *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).

Review is generally limited to the contents of the complaint. See *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). *See also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (noting that court may take judicial notice of matters of public record without converting motion into one for summary judgment); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (same); Warren, 328 F.3d at 1141 n.5 (noting exception that court may consider documents on which the complaint "necessarily relies and whose authenticity" is not contested); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (explaining that "[u]nder the 'incorporation by

reference' rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.")

**ARGUMENT**

> **A. The Bankruptcy Court committed clear error of law and abused its discretion when it failed to consider the Factual allegations in Plaintiff/Appellant's Adversary Proceeding Complaint when it granted Defendants' Motion to dismiss under Fed. R. Civ. P. 12(b)(6) and thereafter dismissing Appellant/Plaintiff Adversary Proceeding Complaint with prejudice.**

Review under Fed. R. Civ. P. 12(b)(6) is generally limited to the contents of the complaint. *See, Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

**Pleading standards for a Rule 12(b)(6) motion**.

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).   Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]

pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The pleading stage is not the point at which plaintiffs must establish the level of proof necessary to prevail. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). Indeed, a "strong framework of policy considerations . . . militate[s] against granting motions to dismiss for failure to state a claim[.]" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." Id. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. Id.

Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." Id. at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. Id. at 1557 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

A complaint will not be dismissed merely because it contains an imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014). Federal pleading rules simply call for "a short and plain statement of the claim showing that the pleading is entitled to relief." Id. (citing Fed. R. Civ. P. 8(a)(2)).

The ultimate question in a motion to dismiss is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). Two primary principles guide the plausibility analysis: Courts must "liberally construe the complaint in favor of the plaintiff" and must "accept all well-pleaded factual allegations as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Importantly, courts do not evaluate the merits of the allegation but only consider whether plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

36

A pleading simply needs to provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). Plaintiff/Appellant met that burden. Ibid.

Further, in considering Debtor/Appellee's Fed. R. Civ/ P 12(b)(6), the Bankruptcy court failed to consider the contents of Appellant's Adversary Complaint which was premised on the newly discovered facts and evidence discovered when the Los Angeles Sheriff of the County of Los Angeles raided the Debtor's residence located at 6150 Shenandoah Avenue, Los Angeles, California on July 7, 2021 and found assets of the creditor and others valued in the millions of dollars. Also, these assets in violation of the bankruptcy rules were not listed and or acknowledged on this debtor's bankruptcy petition and or schedules.

Again, this is unlawful conduct which is in total violation of the bankruptcy rules, the falsification of the bankruptcy petition and Bankruptcy Schedules to obtain a discharge based on the bankruptcy Fraud.

**B. The Bankruptcy Court Commit Clear Error when it failed to consider the Los Angeles County Sheriff raid of the Debtor's residence on July 7th , 2021, which uncovered a large amount of personal properties of Appellant and others, valued in the millions of dollars and personal properties that were subject to bailment agreement between Appellant and various third parties, which were in exclusive unlawful possession and control of the debtor/Appellee, which the debtor purposely and intentionally failed to disclosed in her bankruptcy schedule**

On **July 7, 2021**, the Sheriff of the County of Los Angeles executed the Writ **(Exhibit A)** and discovered many personal properties of Mr. Moore and others that were concealed in the resident and the garage at 6150 Shenandoah Avenue, Los Angeles California 90056. Please see, ***AA- C, D, E, and F, respectively; true and correct copies picture of Sheriff's Raid on July 7th, 2021).***

During the Sheriff of the County of Los Angeles raid on the Debtor's residence at 6150 Shenandoah Avenue, Los Angeles California 90056, the Los Angeles Sheriff Department and Appellant Moore discovered a large amount of personal properties including the legal and personal documents that the Debtor asked Mr. Moore to produce by way of Discovery and which the debtor did not disclose in her Bankruptcy Schedule.

Appellant further discovered for the first time that the Debtor/Defendant, and Appellee KIMBERLY BARBOUR, acting in concert with STEVEN A. SCHUMAN, LEE T. DICKER, LAW OFFICE OF PETER M. LIVELY, and LEORNARD, DICKER & SCHREIBER LLP, orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court in its decision by intentionally, willfully, knowingly and purposefully under-reported Kimberly Martin-Bragg aka Kimberly Barbour's income in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding. Appellant further discovered that STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD,

38

LAW OFFICE OF PETER M. LIVELY, and DICKER & SCHREIBER LLP, committed fraud upon the court by failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made false statement in the bankruptcy paperwork, and by proffering falsified financial documents as evidence to support a credit request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

Additionally, during the Los Angeles Sheriff's Department raid of July 7, 2021, Appellant discovered *inter alia*, for the first time that in the course of the Debtor's Bankruptcy, Steven A. Schuman, an Officer of the Court, Lee T. Dicker, and Officer of the Court, **LEORNARD, DICKER & SCHREIBER LLP**, a law firm or law Corporation, acting in concert with the Debtor, Kimberly Barbour intentionally filed false or incomplete forms to conceal the *1971/72 Camaro* **(AA-O),** and the documents legal documents of Mr. Moore were the subject of the Discovery requests that were in exclusive dominion and control of the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour.

On May 10, 2022, during status conference and the consideration of the motion to dismiss the following statements were made on the record.

THE COURT: Okay. So this is a number of things. A status conference on this -- actually, there are two complaints. A motion to dismiss both of the complaints. So those are the four items.

THE COURT: This is not a criminal court, as I've been -- so, some of these things are just -- Mr. Moore, I'll get to you in a minute, just thrown in things. This is not a criminal court. So, for instance, let's take the 01508. You have the 523(a)(2), (4), all those, the first four, and **(RT at. p.5., Lines 21-25),** then I'm talking about the adversary 01058. The complaint says -- the first four causes of action, I've gone through this before, *res judicata*, collateral estoppel. I've already dismissed the complaint. They're the same claims as before. Then you have larceny, continuing conversion, all these, constructive trust and then, of course, you have receiving and/or concealing stolen property. I've read all the papers about the going out to the house and finding this car and all that. But you're quite correct though, those are all post-bankruptcy. And so the --

those, the continuing -- those are not appropriate for this Court. **(RT at. p.6., Lines 1- 12). [AA-Q]**

While Appellant concedes that the claim alleging penal code is a criminal matter, the reaming of Appellant's claims may be adjudicated in non-criminal court pursuant to which a criminal referral may made to the United States Department of Justice. The Bankruptcy Court's clear error that *res judicata bars Appellant's claims* and the Bankruptcy Court's failure to consider these facts pertaining to the Los Angeles Sheriff of the County of Los Angeles raid of the Debtor's residence on July 7, 2021, which formed the basis of Appellant's Adversary Proceeding Complaint, was undeniably clear error and substantial abuse of discretion and miscarriage of justice requiring in reversal in full of the Bankruptcy Court's order or judgment of May 31, 2022. **[2:22-ap-01058-BR, Dkt. 29 & 34.].**

Additionally, the Bankruptcy Court's statement that Appellant's claims: "are all post-bankruptcy." **(RT at. p.6., Lines 10- 11).[AA-Q]**, undermines the fact that the Bankruptcy Court allowed the Debtor to re-open her Bankruptcy for all purpose and on March 8, 2022, about ***four and half (4 ½ ) years later***, the Bankruptcy Judge, Barry Russell, a judicial Officer of the United States Bankruptcy Court asked Mr. Steven A. Schuman's to prepare a finding of fact and conclusion on the discharge of the $3.15 Million arising from the Debtor's intentional and malicious injuries to Mr. Moore and property of Mr. Moore, which

41

means that the Bankruptcy Judge, Barry Russell, did not have legal justification or any statutory authority on **November 17, 2017,** to discharge a State Jury judgment for intentional and malicious injuries to Mr. Moore and his and others property.

As indicated above, while the Bankruptcy Court allowed the Debtor to reopen her Bankruptcy for all purpose, it unconstitutionally failed to consider the contents of Appellant's Adversary Proceeding Complaint which is premised on the Los Angeles Sheriff of the County of Los Angeles executed the Writ of Possession thereafter, raiding the Debtor's residence on July 7th , 2021.

### 1. **Plaintiff's  Non-Core Adversary Complaint stated claims upon which relief should be granted**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). When the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally.  Please See *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  *See also, Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).  When the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally.  Please See *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

*See also   Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint, and it must construe the complaint in favor of the plaintiff.   See *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).   *See also, Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).   *See also Lee v. City of Los Angeles*, 250 F.3d 668, 677 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint, and it must construe the complaint in favor of the plaintiff.   See *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).   *See also, Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).   *See also Lee v. City of Los Angeles*, 250 F.3d 668, 677 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).

In the instant case the Bankruptcy Court failed to acknowledge the sufficiency of Appellant's claim for relief for  defendants committed bankruptcy fraud in committed bankruptcy fraud in violation of 11 U.S.C. § 523(a)(2)(A); Debtor's Fraud pursuant to **11 U.S.C. § 523(a)(2)(B)**;  Debtor's Fraud pursuant to 11 U.S.C. § 523(a)(4);

Debtor's Fraud pursuant to 11 U.S.C.§ 523(a)(6); Larceny/Continuing Conversion; Fraudulent Transfers; and Constructive Trust. **[2:22-ap-01058-BR Dkt.3.].   Said Bankruptcy Fraud and other violations were discovered on** or about July 7th , 2021, when the Los Angeles County Sheriff Department raided the Debtor's residence located at: 6150 Shenandoah Avenue in Los Angeles, California.

Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976).   Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."   *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993) (quoting Conley, 355 U.S. at 47).   Appellant met this burden.

> **C. The bankruptcy court commit clear error when it entered  a final order dismissing appellant's non-core adversary proceeding complaint with prejudice without first submitting proposed findings of facts and conclusions of law to the district court, pursuant to 28 U.S.C § 157 (5)(c )(1 )**

**28 U.S.C § 157 (5)(c )(1 ) provides that:**

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.   **(28 U.S.C § 157 (5)(c )(1 ).).**

A bankruptcy judge's statutory authority depends on whether Congress has classified the matter as a '[c]ore proceedin[g]' or a '[n]on-core proceedin[g].'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015). Congress has provided "a nonexclusive list of 16 types of [core] proceedings," *Ibid.*, most of which expressly refer to the administration or liquidation of the bankruptcy estate, 28 U.S.C. 157(b)(2). But the bankruptcy court is authorized more generally to "hear and determine * * * all core proceedings arising under [the Bankruptcy Code], or arising in a case under [the Bankruptcy Code] * * * and may enter appropriate orders and judgments" in such proceedings. 28 U.S.C. 157(b)(1) (emphases added).

In non-core proceedings, by contrast, in the absence of consent from the parties, a bankruptcy court may only "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. 157(c)(1). A non-core proceeding is "a proceeding that is not a core proceeding but that is otherwise related to a case under [the Bankruptcy Code]." Ibid. (emphasis added). Here, the issues raised by Appellant's Adversary Procedure **Case Number: 2:22-ap-01058-BR., [2:22-ap-01058-BR Dkt.3. pp.5- 33., ¶¶ 10-138.],** are non-core proceeding.

### *Appellant did not consent to the Bankruptcy Court making a final decision on the merit*

On 04/12/2022, Appellant filed an Objection pursuant to 28 U.S.C. § 157 (c )(1) on the grounds that the Adversary Proceeding Complaint constitutes a non-core

proceeding and Plaintiff/Appellant does not consent to the entry of any final order or judgment by the Bankruptcy Court without first submitting findings and facts and conclusion of Law to the United States District Court. [*please see, Adversary Procedure Case Number: 2:22-ap-01058-BR.*, **Bankr. Dkt. 10.].**

On 04/21/2022, Appellant filed another Objection pursuant to 28 U.S.C. § 157 (c )(1) on the grounds that the Adversary Proceeding Complaint constitutes a non-core proceeding and Plaintiff/Appellant does not consent to the entry of any final order or judgment by the Bankruptcy Court without first submitting findings and facts and conclusion of Law to the United States District Court. [*please see also*, Adversary Procedure Case Number: 2:22-ap-01058-BR., **Bankr. Dkt. 13.].**

On May 31, 2022, the Bankruptcy purposely ignored Plaintiff/Appellant's consent objection and instead dismissed Adversary Procedure Case Number: 2:22-ap-01058-BR with prejudice, **[2:22-ap-01058-BR., Dkts. 29 &34.].**

A non-core proceeding has a "life of its own in either state or federal common law or statute independent of the federal bankruptcy laws." *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582 (2d Cir. 1983); *Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld L.L.P.*, 201 B.R. 635 (S.D.N.Y. 1996) (non-core matters are those in which the district court is more proficient than the bankruptcy court); *Bethlahmy, IRA v. Kuhlman (In re ACI-HDT Supply Co.)*, 205 B.R. 231 (B.A.P. 9th Cir. 1997); *Scotland Guard Servs. v. Autoridad de Energia Electrica (In*

*re Scotland Guard Servs., Inc.)*, 179 B.R. 764 (Bankr. D.P.R. 1993) (non-core proceedings, where the action "would survive outside of bankruptcy," include causes of action by the debtor against a third-party based on non-bankruptcy law.

In non-core proceedings, absent consent, the bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). A final order or judgment is entered by the district judge after considering the proposed findings and conclusions and reviewing *de novo* those matters to which any party has timely (i.e., within 10 days of service of proposed findings and conclusions) and specifically objected. 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033; *see McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1337 (5th Cir. 1995) (district court must review bankruptcy court's judgment de novo).

### D. The Bankruptcy Court Committed Clear Error when it failed to give full faith and credit to the state court judgment which arose from the Debtor's intentional and malicious injuries to person and property.

***Full Faith and Credit.***

Under current law, all courts in the United States—including federal courts—must treat a state court judgment with the same respect that it would receive in the courts of the rendering state.   *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). *See also Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 466 (1982) (Section 1738 requires federal courts to give the same preclusive effect to

state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.); *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (same).

Thus, the Act ordinarily precludes parties from relitigating issues that other courts have adjudicated. *See San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 336 (2005) (explaining that the Full Faith and Credit Act implements [t]he general rule . . . that parties should not be permitted to relitigate issues that have been resolved by courts of competent jurisdiction).

Here, on July 29, 2013, after a two- week plus jury trial in the California Superior Court for conversion, and trespass to chattel, of Appellant-Judgment Creditor, Ivan Rene Moore, ("Mr. Moore" or "Appellant")'s personal property, the State Court jury unanimously returned ***Special Verdicts*** finding that Defendant, Kimberly Martin-Bragg intentionally and maliciously caused injury to Plaintiff, Ivan Rene Moore and to various personal property of Ivan Rene Moore and the personal property in storage that were on loan to Mr. Moore by various third parties. The personal property in storage was also personal property that were the subject of bailment agreement between Mr. Moore and various third parties. The State Jury awarded Mr. Moore, Appellant, in the instant Appeal, **$5.6 Million** in damages including **$650,000.00** for lost income occasioned by the debtor's intentional and

malicious injuries to the person of Ivan Rene Moore and property. **(AA-I and J,** respectively,).

Subsequently, on **November 8, 2013**, Hon. Michelle Rosenblatt of the California Superior Court reduced the jury award of **$5.6 Million** for intentional and malicious tort to $3.15 Million and Ordered and Adjudged that the Defendant/Debtor, Kimberly Martin-Bragg aka Kimberly Barbour to return the personal property that were the subject of the litigation to Mr. Moore including those personal properties in storage. **(AA-H).** Consequently, the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour appealed the judgment and Order *Ibid*, however, the California Second District Court of Appeal affirmed the judgment in **Appeal Case #:B276366 (AA-K.).**

Honorable Judge J. Cowan, a Supervising Judge for the California Superior Court in and For Los Angeles County found that:

> Given that the Final Judgment followed a jury verdict finding Bragg liable for conversion and trespass to chattels in the amount of $3.15 million based on allegations that Bragg took Moore's property after evicting him, the Final Judgment may represent a debt for Bragg's "willful and malicious injury...to the property of another entity", (11 U.S.C. sec. 523(a)(6).**(AA-P. at. p.4., ¶ 1).**

The United States Congress did not confer on Judge Barry Russell, the Bankruptcy Court Judge, the statutory authority to discharge a State Jury Judgment arising from intentional and malicious injuries to a person and property pursuant to

**11 U.S. Code § 523(a)(6)** as said State Court jury judgment is a non-core bankruptcy proceeding and any purported discharge is unlawful therefore, void, and form no bar to recovery sought by the Judgment Creditor, Ivan Rene Moore.

### *Exceptions to discharge for intentional and malicious injuries as provided under 11 U.S.C § 523(a)(6).) is self-effectuating*

Sixteen out of nineteen exceptions to discharge are self-effectuating, "mean[ing] that no action is necessary by the creditor or the court for them to be excepted from discharge." *In re Mitchell*, 418 B.R. 282, 286 (BAP 8th Cir. 2009).

**11 U.S.C § 523(a)(6) provides exception** "for willful and malicious injury by the debtor to another entity or to the property of another entity. ( **see, 11 U.S.C § 523(a)(6)**.).

It would be up to the debtor to seek a determination that the self-effectuating exception does not apply.   In the instant case, neither the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour nor her Attorneys has brought a motion before the court seeking determination as to whether the self-effectuating exception under **11 U.S.C § 523(a)(6)** does not apply to them in this case.

### *Adversary Proceeding*

A central purpose of the filing of a bankruptcy is to provide an individual debtor with the opportunity to discharge their debts and obtain a fresh start. However, not all debts are dischargeable under the Bankruptcy Code. One category

of debt which is not dischargeable is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity. . ." 11 U.S.C. § 523(a)(6). The requirements of "willfulness" and "maliciousness" are distinct requirements and are treated as such by the courts even in Adversary Proceeding because the Debt pursuant to 11 U.S.C. § 523(a)(6) is ***self-effectuating.***

The Judgment Creditor, Ivan Rene Moore contends that the **$3.15 Million arising from "willful and malicious injuries…to the person of Ivan Rene Moore and  property pursuant to 11 U.S.C. sec. 523(a)(6).) is and was** non-dischargeable no matter what on the ground that it was a debt "for willful and malicious injury" excepted from discharge by 11 U. S. C. § 523(a)(6).

The Eleventh Circuit has held that proof of willfulness requires "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." *In re Walker*, 48 F.3d 1161 (11th Cir. 1995) (quoting *In re Ikner*, 883 F.2d. 986 (11th Cir 1989). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury, or which is substantially certain to cause injury." *Id*. The actor is required to intend the injury, not just the act that leads to the injury. *Kawaauhau v. Geiger*, 525 U.S. 57 (1998). Recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6). *Id*.

Here, the State Court Jury of Special Verdict, found that Kimberly Martin-Bragg aka Kimberly Barbour, committed a deliberate act which is not done merely in reckless disregard of the rights of another.  **(See, AA I and J).**

The Debtor, Kimberly Martin-Bragg aka Kimberly Barbour in the instant case intended the injury, not just the act that leads to the injury and did do maliciously. "Malicious" is defined as "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *In re Walker*, 48 F.3d 1161 (11th Cir. 1995). To establish malice, "a showing of specific intent to harm another is not necessary." *In re Ikner*, 883 F.2d. 986 (11th Cir 1989).

Accordingly, because the **$3.15 Million arising from "willful and malicious injuries…to the person of Ivan Rene Moore and  property pursuant to 11 U.S.C. sec. 523(a)(6).) is** pursuant to 11 U.S.C. § 523(a)(6) is *self-effectuating, it is not dischargeable in Adversary Proceeding and* was entitled to Full Faith and Credit in the Bankruptcy Court.

### The Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, jurisdiction to review final State Court judgments rests with the United States Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). District courts do not have jurisdiction "over challenges to state court decisions." Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486(1983);

see also 28 U.S.C. § 1257. When a non-prevailing plaintiff in state court seeks to set aside the judgment of the state court in a federal district court, "the federal suit is a forbidden de facto appeal." Noel 341 F.3d at 1156; see also Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2008) (holding that *Rooker-Feldman* bars suits by state-court losers "complaining of injuries caused by state-court judgments"). "To reverse or modify the judgment of the state court because of such errors 'would be an exercise of appellate jurisdiction' possessed only by the Supreme Court." Noel, 341 F.3d at 1156 (quoting Rooker, 263 U.S. at 416).

Simply put, the *Rooker-Feldman doctrine* states that "federal courts lack subject-matter jurisdiction to review final state court judgments." *Young v. Rogers* (In re Young), 2018 WL 4616228, at *2 (Bankr. W.D. Okla. Sept. 24, 2018) (citing *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)). "Stated another way, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Farris v. Burton*, 686 F. App'x 590, 591-92 (10th Cir. 2017) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, on the November 8, 2013, after a two-week jury trial, the California Superior Court Judge Hon. Judge Michelle Rosenblatt adopted the jury recommendation and awarded Mr. Moore $3.15 Million dollars arising from the

53

Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injury to the person of Mr. Moore and property.

Hon. Judge Michelle Rosenblatt further adjudged and Ordered Kimberly Martin-Bragg to return Mr. Moore's legal documents and other personal properties to Mr. Moore. (*Please see* **AA-H.).**

The Bankruptcy court has no subject matter jurisdiction to enjoin, or review final state court judgments which arose from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injuries to Mr. Moore and property; see also 11 U.S.C. § 523 (a)(6).

Furthermore, case law provides that the debtor's debt arising from intentional and malicious injury to entity and property under 11 U.S.C § 523(a)(6) is self-effectuating, "mean[ing] that no action is necessary by the creditor or the court for them to be excepted from discharge." *Please see, In re Mitchell*, 418 B.R. 282, 286 (BAP 8th Cir. 2009). Which means that there is nothing more to do but give full faith and credit.

//

//

//

//

//

54

## CONCUSION

For all the foregoing reasons, Appellant respectfully asks this court to reverse in full the Bankruptcy Judge Barry Russell's order of May 31, 2022, granting Appellee's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismissing Adversary Procedure Case Number: 2:22-ap-01058-BR with prejudice.  **[2:22-ap-01058-BR Dkts. 29 & 34].**

**WHEREFORE, PREMISES CONSIDERED**, Appellant further prays the court: Remand this case for the Debtor and the other defendants to file an Answer to the adversary complaint Grant Appellant the right to conduct full and complete Discovery in this matter and or amend the subject complaint; and Order a Jury trial of all claims in the United States District Court; and any other relief the court deem lawful, proper and just.

Plaintiff/Appellant contends that, in the event the court deem Plaintiff/Appellant's causes of action not adequately pled, Plaintiff/Appellant respectfully request that the court grant leave to amend the complaint consistent with Fed. Rule. Civ. P. Rule 15(a)(2) as justice so requires.

January 31st , 2023

Respectfully Submitted

Ivan Rene Moore
Appellant in Pro se

55

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the: **APPELLANT IVAN RENE MOORE'S OPENING BRIEF WITH APPENDIX A-Q**

This Document has been served upon by U.S. Mail, postage prepaid, addressed to:

## SEE ATTACHED SERVICE LIST

Dated: January 31st , 2023,

Ivan Rene Moore
Appellant Pro se

## PROOF OF SERCVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On **January 31st 2023**, I served the following document:

### APPELLANT'S OPENING BRIEF
### WITH APPENDIX A-Q

On the parties listed below:

### SEE SERVICE LIST

[X]    BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ]    BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[X]    STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]    FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**DATED:** January 31st 2023

Respectfully Submitted,

Devra Allen

# SERVICE LIST

**Steven A. Schuman**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024-3936**
**Attorney for Kimberley Martin Bragg and Defendants**


**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**