STEVEN A. SCHUMAN, SBN. 142834
LEONARD, DICKER & SCHREIBER LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963
Phone: (310) 551-1987
Fax:    (310) 277-8050
Email: sschuman@ldslaw.com

Attorneys for Kimberly Martin-Bragg aka
Kimberly Barbour

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE )<br><br>   KIMBERLY MARTIN-BRAGG; )<br>   AKA KIMBERLY BARBOUR, )<br><br>                              Debtor. )<br>_____ )<br><br>IVAN RENE MOORE, )<br><br>                        Appellant, )<br><br>   v. )<br><br>KIMBERLY MARTIN BRAGG aka )<br>KIMBERLY BARBOUR, )<br><br>                        Appellee. )<br>_____ ) | DISTRICT COURT CASE NO.:<br><br>   2:22-cv-03758-GW<br><br>BANKRUPTCY COURT CASE NO.:<br><br>   2:16-bk-22878-BR<br><br>ADVERSARY CASE NO.:<br><br>   2:22-ap-01058-BR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 20, 2023<br>Time: 8:30 a.m.<br>Place: Courtroom 9D, 9th Floor<br>          350 West 1st Street<br>          Los Angeles, CA 90012<br><br>Before:  Hon. George H. Wu |

TO THE HONORABLE GEORGE WU, UNITED STATES DISTRICT COURT JUDGE; APPELLANT IVAN RENE MOORE; AND ALL PARTIES IN INTEREST:

1       PLEASE TAKE NOTICE that on March 19, 2023 at 8:30 a.m. or as soon
2   thereafter as the matter may be heard, in Courtroom 9D of the above-entitled Court
3   located at United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012,
4   Appellee Kimberly Martin-Bragg aka Kimberly Barbour moves the Court for an
5   Order dismissing the appeal filed by Ivan Rene Moore.

7       This Motion is made on the grounds that Moore filed the appeal in violation of
8   the Pre-Filing Order entered by this Court on May 17, 2018, in *Moore v. Wells*
9   *Fargo Bank, et al.*, C.D. Cal. Case No. CV 17-4828-ODW (GJSx).  This Court has
10  already dismissed five other appeals by Moore, all from the same underlying
11  bankruptcy proceeding, within the past six months, based on that same Pre-Filing
12  Order.

14      This Motion is based on the attached Memorandum of Points and Authorities
15  set forth below, the Request for Judicial Notice filed concurrently, all pleadings,
16  papers and records on file with the Court in this proceeding, and on such other
17  evidence, oral or documentary, as may be presented to the Court in connection with
18  this Motion and the hearing thereon.

20  Dated:  February 16, 2023       LEONARD, DICKER & SCHREIBER LLP

22         By:  */s/ Steve Schuman*
23            Steven A. Schuman
24            Attorneys for Debtor/Appellee
25            Kimberly Martin-Bragg

28

1    **1.    <u>INTRODUCTION</u>**

2

3        Appellant Ivan Rene Moore holds the dubious distinction of having been

4    declared a vexatious litigant by three different courts, including this Court.  On May

5    17, 2018, in *Moore v. Wells Fargo Bank, et al.*, C.D. Cal. Case No. CV 17-4828-

6    ODW (GJSx), this Court deemed Moore a vexatious litigant and issued a Pre-Filing

7    Order.  Among other things, this Court ordered Moore not to file any new cases in

8    this Court without first providing the Court with a copy of the Pre-Filing Order and

9    asking permission to proceed.

10

11        Moore has violated the Pre-Filing Order at least seven times in the past year.

12   He filed seven cases, all of which are appeals from the same underlying bankruptcy

13   proceeding.  Not once did he seek permission or lodge a copy of the Pre-Filing

14   Order.  Five times, this Court, acting *sua sponte*, dismissed Moore's actions based on

15   the Pre-Filing Order.  In a sixth case, this Court dismissed because Moore failed to

16   prosecute his own case and to respond to an OSC.  This is the seventh and final case

17   (for now).

18

19        Appellee Kimberly Martin-Bragg brings the present motion to dismiss based

20   on the Pre-Filing Order.  Moore violated the Pre-Filing Order both procedurally and

21   substantively.  For the seventh time this year, Moore filed a case-initiating document

22   in this Court without first seeking permission and without alerting the Court of the

23   Pre-Filing Order.  That alone compels dismissal, as this Court has held in at least two

24   other cases filed by Moore.  In addition, if the Court were to overlook Moore's

25   willful failure to seek permission, the result would be the same.  Once again, Moore

26   seeks to relitigate the same disputes that led to him being deemed vexatious in the

27   first place.  This Court has already determined that in one of the related appeals.

28

The Motion should be granted, and the case dismissed.  In addition, the Court should consider holding Moore in criminal contempt for his repeated violations of the Pre-Filing Order.  Entering the Order clearly had no impact on Moore; he just ignores it.  Moore has been held in civil contempt and sanctioned repeatedly by the Bankruptcy Court, e.g., for violating the discharge injunction; Moore does not pay the sanctions.   Nothing short of criminal contempt will prevent Moore from continuing to harass Appellee and clog the court systems with frivolous and repetitious litigation.  Before deciding how to proceed, the Court may wish to run a PACER search to see just how many cases Moore has filed.

## 2.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

All of Moore's litigation arises from the same underlying dispute.  Over a decade ago, Moore and appellee Kimberly Martin-Bragg[2] were in a long-term relationship.  They obtained a loan from Wells Fargo secured by certain personal property belonging to Moore, then defaulted on the loan.  Moore wanted to abscond with the security, but Appellee cooperated with Wells Fargo to return the security after Wells Fargo obtained a writ of execution.  Moore was furious.

Moore sued everyone even remotely involved, including seven sitting Judges of the Los Angeles County Superior Court, the Los Angeles County Sheriff, Wells Fargo, and numerous lawyers who took the risk of opposing him.  Moore had one temporary success in State Court.  Moore sued Appellee for conversion, then sued

---

[1] Moore has filed upwards of 60 lawsuits in Federal Court in the past decade, most or all of which arise from the same basic facts.  Laying out the entire story would be far beyond the scope of the present Motion.  Accordingly, Appellee provides this brief overview.  It is necessarily a summary, and not complete.

[2] Appellee married several years ago, and is now known as Kimberly Barbour.  Some of these matters date back over a decade, and her maiden name appears in some cases.

LAW OFFICES
LEONARD
DICKER &
SCHREIBER
L L P

the judge handling that case.  Subsequently, that judge would not allow Appellee to tell the jury that the reason she turned over the personal property was that Wells Fargo had a writ of execution.  Without that key fact, the jury understandably found that she had converted Moore's personal property.

Appellee filed Chapter 7 bankruptcy.  Moore filed an adversary proceeding seeking to have the State Court Judgment deemed non-dischargeable.   He lost. Nevertheless, Moore persisted.  He continued to try to enforce the discharged State Court Judgment.  Appellee moved to reopen the bankruptcy and to have Moore held in contempt for violation of the discharge injunction.   The Bankruptcy Court ultimately granted both motions.

Moore then filed two additional adversary proceedings in the Bankruptcy Court, attempting to relitigate the discharge, and also suing Appellee's various counsel for bankruptcy fraud.  The Bankruptcy Court dismissed both adversary proceedings.  The present appeal is from the Order dismissing one of those adversary proceedings.

Moore then filed a barrage of appeals in this Court.   The cases, and this Court's rulings, can be summarized as follows:

| Case Number | Order Appealed From | Reason Appeal Dismissed |
|---|---|---|
| 2:22-cv-02973-SVW | Contempt for Willful Violation of Discharge Injunction | Lack of prosecution and failure to respond to OSC.  See RFJN Ex. 19. |
| 2:22-cv-03451-DMG | Denial of Request for Evidentiary Hearing re: Motion to Dismiss re: Adversary Proceeding **Case No. 2:22-ap-01508-BR** | **Court examined Case No. 2:22-ap-01508-BR and found that it is substantively within scope of Pre-Filing Order**.  See RFJN Ex. 20. |
| 2:22-cv-03463-JGB | Denial of Request for Evidentiary Hearing re: Motion to Dismiss re: Adversary Proceeding 2:22-ap-01080-BR | Court adopts finding in 2:22-cv-3451-DMG, i.e., that Case No. 2:22-ap-01080-BR is also within the scope of the Pre-Filing Order. See RFJN Ex. 21. |

LAW OFFICES
LEONARD
DICKER &
SCHREIBER
L L P

| Case Number | Order Appealed From | Reason Appeal Dismissed |
|---|---|---|
| 2:22-cv-03758-GW | Order Dismissing Adversary Proceeding **Case No. 2:22-ap-01508-BR** | **This Case also arises from Case No. 2:22-ap-1508-BR.** See RFJN Ex. 22. |
| 2:22-cv-03814-JGP | Order Dismissing Adversary Proceeding **Case No. 2:22-ap-01080-BR** | Court adopts finding in 2:22-cv-3451-DMG. See RFJN Ex. 23. |
| 2:22-cv-04454-PA | Order Denying Motion for Clarification re: Contempt for Violation of Discharge Injunction | Administratively closed for failure to lodge copy of Pre-Filing Order. See RFJN Ex. 24. |
| 2:22-cv-06465-MEMF | Order Deeming Moore Vexatious in Bankruptcy Court | Administratively closed for failure to lodge copy of Pre-Filing Order. See RFJN Ex. 25. |

## 3.   <u>THE PRESENT CASE SHOULD BE DISMISSED BASED ON THE PRE-FILING ORDER</u>

A district court has the inherent authority to enter pre-filing orders against vexatious litigants under the All Writs Act, 28 U.S.C. § 1651.[3]   Such orders may include enjoining litigants with abusive and lengthy histories by restricting the filing of further meritless cases. See *De Long*, *supra*, 912 F.2d at 1147.  See *Bruzzone v. Intel Corp.*, 2021 U.S. Dist. LEXIS 220468 (ED Cal. 2021).

Moreover, the propriety of the Pre-Filing Order is not at issue here.   That Order is final beyond appeal.  The only question here is whether Moore violated the Pre-Filing Order, which he clearly did.

First, the Pre-Filing Order specifically states that Moore must lodge a copy of the Order with any case-initiating document.  Moore's failure to comply with that aspect of the Pre-Filing Order is sufficient, standing alone, to administratively close the case.  This Court has so held twice, in Case Nos. 2:22-cv-04454-PA and 2:22-cv-

---

[3]  See *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

LAW OFFICES
LEONARD
DICKER &
SCHREIBER
LLP

06564-MEMF.  See RFJN Exs. 24 and 25.

Moreover, even if Moore had lodged the Pre-Filing Order, it would not change the result.  This Court has already held that Moore's prosecution of Bankruptcy Court Case No. 2:22-ap-01508-BR is an attempt to relitigate the same issues regarding the same personal property as was at issue in the Wells Fargo litigation (and, in fact, most or all of Moore's litigation).  See this Court's Case No. 2:22-cv-03451-DMG.  See RFJN Ex. 20.  The present appeal arises from that same adversary proceeding and, thus, there is nothing new to decide.  And, in the end, if the Court were to redecide the issues, the result would still be the same.  Moore's adversary proceeding is, yet again, another attempt to relitigate the ownership of the same personal property that was the subject of the Wells Fargo litigation in which he was deemed a vexatious litigant in 2018.

**4.     ALTERNATIVELY, IF THE CASE IS NOT DISMISSED, THE COURT SHOULD EXTEND APPELLEE'S TIME TO FILE A BRIEF**

If, for any reason, the Court does dismiss the present case, or if the Court requires additional time to decide the issue, Appellee requests additional time to file a responsive brief.

**5.     CONCLUSION**

The present case should be dismissed pursuant to the Pre-Filing Order.  In light of the fact that Moore has violated that Order seven times in the past year, the Court should consider further remedies, presumably holding Moore in criminal contempt.



1   DATED:  February 16, 2023      LEONARD, DICKER & SCHREIBER LLP

2

3                           By:  */s/ Steve Schuman*

                                Steven A. Schuman

4                                Attorneys for Debtor/Appellee

5                                Kimberly Martin-Bragg

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4176-03\DC APPEAL 03758\MOT-DISMISS APPEAL-03758.P01.docx

25

26

27

28

LAW OFFICES
LEONARD
DICKER &
SCHREIBER
L L P

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2100, Los Angeles, California 90024-3963.

On February 16, 2023, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

Ivan Rene Moore
1236 Redondo Boulevard
Los Angeles, CA 90019

I deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 16, 2023, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Peggy Young*
Peggy Young


LAW OFFICES
LEONARD
DICKER &
SCHREIBER
L L P