STEVEN A. SCHUMAN, SBN. 142834
LEONARD, DICKER & SCHREIBER LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963
Phone: (310) 551-1987
Fax:   (310) 277-8050
Email: sschuman@ldslaw.com

Attorneys for Kimberly Martin-Bragg aka
Kimberly Barbour

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>    KIMBERLY MARTIN-BRAGG;<br>    AKA KIMBERLY BARBOUR,<br><br>                    Debtor.<br><br>IVAN RENE MOORE,<br>                    Appellant,<br>v.<br>KIMBERLY MARTIN BRAGG aka<br>KIMBERLY BARBOUR,<br>                    Appellee. | DISTRICT COURT CASE NO.:<br>2:22-cv-03758-GW<br>BANKRUPTCY COURT CASE NO.:<br>2:16-bk-22878-BR<br>ADVERSARY CASE NO.:<br>2:22-ap-01058-BR<br>**REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL**<br>Date: March 20, 2023<br>Time: 8:30 a.m.<br>Place: Courtroom 9D, 9th Floor<br>       350 West 1st Street<br>       Los Angeles, CA 90012<br>Before: Hon. George H. Wu |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Moore's Opposition serves primarily to confirm that he is again litigating regarding the same personal property that was the subject of the State Court Judgment, the Wells Fargo case, Moore's earlier adversary proceedings and, indeed, most or all of Moore's litigation.  Moore repeatedly makes it clear that he is litigating regarding the same personal property.  He then claims that the Sheriff recently found some or all of that personal property at 6150 Shenandoah.  As set forth in the moving papers, the Pre-Filing Order bars any attempt to relitigate ownership of 6150 Shenandoah, or the personal property located at that address (where Appellee resides).  There is little more that needs to be said on that score.

Appellee files the present Reply Brief to address two new lies that Moore tells in his Opposition.  First, Moore claims that Judge Wright of this Court, who signed the May 17, 2018 Pre-Filing Order, gave Moore permission to proceed with this case.  That claim is made up out of whole cloth.  Moore never filed a motion for permission, this proceeding was never assigned to Judge Wright, and there is no evidence that Judge Wright even knows that this case is pending.  Moore is just lying.  The fact that Moore would lie about what a Judge did in this case shows exactly how disconnected from reality he has become.

Second, Moore claims that Judge Barry Russell of the Bankruptcy Court ruled that the Pre-Filing Order does not apply to this case.  That is also false.  Judge Russell stated, more than once, that the Pre-Filing Order did not apply to **any** proceeding filed in the Bankruptcy Court, and that it only applies to proceedings in

the District Court proper.[1]  That conclusion is utterly irrelevant here.[2]  This District Court issued the May 17, 2018 Pre-Filing Order.  That Order applies in this Court.

The Motion should be granted, and the case dismissed.  In addition, the Court should consider holding Moore in criminal contempt for his repeated violations of the Pre-Filing Order.  Entering the Order clearly had no impact on Moore; he just ignores it.  Moore has been held in civil contempt and sanctioned repeatedly by the Bankruptcy Court, e.g., for violating the discharge injunction; Moore does not pay the sanctions.  Nothing short of criminal contempt will prevent Moore from continuing to harass Appellee and clog the court systems with frivolous and repetitious litigation.  Before deciding how to proceed, the Court may wish to run a PACER search to see just how many cases Moore has filed.

DATED:  March 2, 2023                    LEONARD, DICKER & SCHREIBER LLP


                                         By: _/s/ Steve Schuman_____
                                             Steven A. Schuman
                                             Attorneys for Debtor/Appellee
                                             Kimberly Martin-Bragg

4176-03\DC APPEAL 03758\REPLY RE MOT TO DISMISS.P01.docx

---

[1] Judge Russell then went on to make his own finding that Moore is a vexatious litigant, and then entered another pre-filing order that applies in the Bankruptcy Court.

[2] The Pre-Filing Order addresses proceedings in "this Court."  Appellant argued that "this Court" includes the Bankruptcy Court, because as a matter of law, the Bankruptcy Court is part of the District Court.  Judge Russell disagreed.  Appellant continues to believe Judge Russell was incorrect in that regard, but that is irrelevant to the issues here.



# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, Suite 2100, Los Angeles, California 90024-3963.

On March 2, 2023, I served the foregoing document described as **REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL** on the parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

Ivan Rene Moore
1236 Redondo Boulevard
Los Angeles, CA 90019

I deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 2, 2023, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ *Peggy Young*
Peggy Young

