## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3758-GW | Date | March 17, 2023 |
| Title | *In Re Kimberly Martin Bragg* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS :   IN CHAMBERS - TENTATIVE RULING ON APPELLEES' MOTION TO DISMISS APPEAL  [21]**

Attached hereto is the Court's Tentative Ruling on Appellee's Motion [21] set for hearing on March 20, 2023 at 8:30 a.m.

: 

Initials of Preparer    JG

***In re Kimberly Martin-Bragg.***; Case No. 2:22-cv-3758-GW
Tentative Ruling on Appellee's Motion to Dismiss Appeal

      The matter before the Court is Appellee Kimberly Martin Bragg's Motion to Dismiss pro se Appellant Ivan Rene Moore's appeal from the Bankruptcy Court's dismissal of an adversary proceeding with prejudice.[1]  *See* ECF No. 1.  Said dismissal was premised on the facts that: (1) Appellant had previously initiated an adversary proceeding which was decided against him by the Bankruptcy Court (the "December 9, 2016 Ruling") and an appeal from that ruling was dismissed by the District Court; and (2) the present adversary proceeding raised essentially the same factual allegations and issues which were decided against the Appellant in the December 9, 2016 Ruling. *See* Findings of Fact and Conclusions of Law Dismissing March 1, 2022 Adversary Proceeding with Prejudice ("May 20, 2022 Findings/Conclusions"), ECF No. 2 at pages 10-15 of 19.  As noted in the May 20, 2022 Findings and Conclusions, Appellant has previously initiated a number of adversary proceedings in Appellee's bankruptcy which have all have been dismissed.  *Id.*

      On November 3, 2022, this Court issued an Order to Show Cause re Dismissal for Lack of Prosecution.  ECF No. 11.  Appellant then filed a Motion to Reinstate the Appeal, ECF No. 12, which the Court granted.  ECF No. 14.  Appellee has since filed the present Motion to Dismiss the Bankruptcy Appeal ("Mot.").  ECF No. 21.  Appellant filed an Opposition ("Opp."), ECF No. 22, and Appellee filed a Reply.  ECF No. 24.

      On May 17, 2018, the Honorable Otis D. Wright II entered a Vexatious Litigant Order declaring Appellant a vexatious litigant per Local Rule 83-8, and ordered that the Clerk was not to process any "case-initiating" pleadings from him unless the pleading had been screened by a judicial officer of the Court and approved for filing. *See Moore v. Wells Fargo Bank, et al.*, No. CV-17-4828-ODW (GJSx) ("*Moore* case"), Vexatious Litigant Order, ECF No. 35, at 5.[2]  Said ruling was upheld on appeal. *See Moore* case, ECF No. 41.  Appellant's filing of his case-initiating complaint in the adversary proceeding failed to follow the requirements outlined in Judge Wright's Order.

---

[1] *See In re Kimberly Martin-Bragg*, Case No. 2:16-BK-22878-BR, Adv. No. 22:-ap-01058-BR (Bankr. C.D. Cal.).

[2] Appellant's Complaint in the *Moore* case alleged, *inter alia*, that: (1) Appellee had trespassed on his property at 6150 Shenandoah Avenue, Los Angeles, California 90056; Appellee with other defendants had converted personal property from that location; and (3) Appellant had obtained a $3,150,000 judgment against her. *See Moore* case, ECF No. 1.

Appellee's Motion argues that Appellant's failure to abide by the Vexatious Litigant Order is dispositive of this matter and requires dismissing the appeal. In his Opposition, Appellant simply contends that the facts and issues involved in this case do not fit within the parameters of Judge Wright's Vexatious Litigant Order. Opp. at 15. However, the Order requires that Plaintiff request leave to file from a judicial officer in the following situation:

> Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, CA 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

Vexatious Litigant Order at 5. Clearly, the phrase related to "personal property at the Shenandoah Residence" involves the property referenced in this matter. In fact, Appellee contends that it is the same personal property that was the subject of a prior State Court judgment, the *Moore* case, and Appellant's previous proceedings and, therefore, falls within the parameters of the Vexatious Litigant Order. Appellant himself contends that the Sheriff found personal property at 6150 Shenandoah, which directly places the property alleged within the scope of the Order. Opp. at 8, 15; Vexatious Litigant Order at 5.

Appellant further contends that this case is irrelevant to the Vexatious Litigant Order and previous proceedings because it involves allegations of Appellee's alleged bankruptcy fraud. Opp. at 13-15. The issue, however, is that the case giving rise to the Vexatious Litigant Order also related to Wells Fargo's exercise of rights with respect to the replevin property of Appellant held at the Shenandoah Residence after Appellee declared bankruptcy. Appellant's dispute with Appellee appears to be the underlying commonality amongst all of Appellant's lawsuits involving Appellee Bragg or Wells Fargo, which ultimately led to Judge Wright's issuance of the Vexatious Litigant Order. *See generally* Mot., Exs. 1-25.

Finally, Appellant argues that the Vexatious Litigant Order would not apply to an adversary proceeding in the bankruptcy court, and that Bankruptcy Judge Barry Russell in another one of Appellant's other matters orally opined that he did not believe that it did. *See* Opp. at 15-16. With all due respect to Judge Russell, this Court would find that the Vexatious Litigant Order does apply herein to Appellant's initiation of the adversary proceeding in the bankruptcy court. As observed

in March & Shapiro, *Cal. Prac. Guide: Bankruptcy* (the Rutter Group 2022):

> An "adversary proceeding" is a lawsuit brought in connection with a bankruptcy case. Preparing and trying an adversary proceeding in bankruptcy court is very similar to preparing and trying a civil suit in federal district court.

*Id.* § 20:1. Fed. R. Bankr. P. states that "Rule 3 F.R.Civ.P. applies in adversary proceedings." Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Federal district courts have original and exclusive jurisdiction of all cases under Title 11 of the United States Code (*i.e.* all bankruptcy cases). *See* 28 U.S.C. § 1334(a). 28 U.S.C. § 157(a) delineates that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 151 states that "[i]n each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." In light of the above, Judge Wright's Vexatious Litigant Order is applicable to all of Appellant's case-initiating filings in the United States District Court for the Central District of California, which would include adversary proceedings in the bankruptcy court in this district.

For these reasons, the Court finds that this appeal and the underlying adversary proceeding are subject to the Vexatious Litigant Order, and Appellant Moore failed to comply with its terms. Thus, this appeal is dismissed.[3]

The Court further finds that the facts and legal arguments are adequately presented in the filed papers/briefs and record, and the decisional process would not be significantly aided by oral argument. As per Fed. R. Bankr. P. 8019(b), the March 20, 2023 oral argument is taken off-calendar.

---

[3] It is further noted that, if Appellant's appeal were considered on the merits, the Court would affirm the May 20, 2022 ruling dismissing the current adversary proceeding with prejudice because (as correctly held by the bankruptcy court) Appellant is simply raising matters that have previously been decided against him and on which he hitherto appealed and lost.